IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| SCUNGIO BORST & ASSOCIATES, LLC | : | BANKRUPTCY NO. 22-10609(AMC) |
| | : | |
| Debtor | : | |
| | : | |

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006

Scungio Borst & Associates, LLC (the "Debtor"), by and through its proposed counsel, Karalis PC, hereby moves this Honorable Court for entry an Order authorizing the rejection of executory contracts pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 (the "Motion") and in support thereof, respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are 11 U.S.C. § 365 and Fed. R. Bankr. P. 6004.

### BACKGROUND

4. On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. A description of the Debtor's business and the facts precipitating the filing of their Chapter 11 proceedings is set forth in the Declaration of Scott P. Scungio, Sole Managing Member of Scungio & Company LLC, a Member of the Debtor in Support of Chapter 11 Petition and Motion for Entry of an Order Authorizing the Rejection of Executory Contracts (the "Scungio Declaration"). Those facts, to the extent relevant, are incorporated herein by reference.

## EXECUTORY CONTRACTS

7. As set forth in the Scungio Declaration, the Debtor ceased operations prior to the Petition Date and sought bankruptcy protection to orderly liquidate its assets under the provisions of the Bankruptcy Code.

8. Prior to the Petition Date, the Debtor entered into certain construction management contracts that are no longer necessary to the Debtor's operations as it is liquidating its affairs.

9. Accordingly, the Debtor seeks to reject the below-stated executory contracts wherein the Debtor is a counterparty (collectively, the "Contracts"):

|   | COUNTERPARTY | TYPE OF EXECUTORY CONTRACT | PROJECT/DESCRIPTION | EXHIBIT |
|---|---|---|---|---|
| 1 | East Third Media, LLC | Construction Management Contract | Wright Partners Headquarters | A |
| 2 | KLS Logistics, Inc. | Construction Management Contract | PLCB Warehouse Improvements – Phase 1 | B |
| 3 | KLS Logistics, Inc. | Construction Management Contract | PLCB Warehouse Improvements – Phase 2 | C |
| 4 | Nerd Street Gamers Localhost Philadelphia, LLC | Construction Management Contract | Localhost – Philadelphia, PA & NSG HQ | D |
| 5 | OASG Hazlet, LLC | Construction Management Contract | Bubbakoos Burritos | E |
| 6 | OASG Hazlet, LLC | Construction Management Contract | Panera Bread LL Work | F |
| 7 | Scope FLP Pennington SM, LLC | Construction Management Contract | Pennington Medical | G |
| 8 | Shopping Center Associates | Construction Management Contract | Menlo Park Mall (Redevelopment of Macaroni/ Grill for True Food Kitchen and Shake Shack) | H |

| 9 | TKO 6 Corp. a/k/a TKO Suites | License Agreement | Use of office space located at 1521 West Concord Pike, Suite 301, Wilmington, DE 19803 | I |

10. **Pursuant to Fed. R. Bankr. P. 6006(f), all parties receiving the instant Motion should read the summary above to determine if they are counterparties to the Contracts that the Debtor intends to reject.**

11. The Debtor has determined that the Contracts are not of value to its bankruptcy estate.

12. As such, the Debtor seeks authority to reject the Contracts in order to eliminate any further administrative claims against the bankruptcy estate.

13. Accordingly, the Debtor seeks an Order, pursuant to 11 U.S.C. § 365, rejecting the Contracts.

## RELIEF REQUESTED

14. The Debtor has determined that the Contracts are not of value to its bankruptcy estate. In the Debtor's business judgment, it is no longer in the best interest of the bankruptcy estate to maintain the Contracts which are a burden on the estate.

15. By rejecting the Contracts, the Debtor can avoid incurring additional obligations and thereby increase any distribution to creditors.

16. Moreover, the Debtor does not believe that it is able to obtain any value for the Contracts through assignment to third parties.

17. As a result, the Debtor believes that the rejection of the Contracts is in the best interest of its creditors and estate.

18. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." *See, In re University Medical Center*, 973 F.2d 1065, 1075 (3d Cir. 1992). The assumption or rejection of

an unexpired lease or executory contract by a debtor is subject to review under the business judgment standard. *See, In re Federated Dept. Stores, Inc.*, 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"). This standard is satisfied when a debtor determines that rejection will benefit the estate. *See, In re Hawaii Dimensions, Inc.*, 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approved a proposed rejection if such rejection will benefit the estate.") (citation omitted).

19. If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., Group of Institutional Investors v. Chicago M. St. P. & P.R.R. Co.*, 318 U.S. 523 (1943); *See, Sharon Steel Corp. v. National Fuel Gas Distribution*, 872 F.2d 36, 39-40 (3d Cir. 1989).

20. In applying the "business judgment" standard, courts show great deference to the decision to reject. *See, In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a decision to assume or reject an executory contract "should be granted as a matter of course").

21. The Debtor clearly satisfies the business judgment standard in rejecting the Contracts. The Contracts are costly to maintain, unnecessary to the bankruptcy estate and do not constitute a source of potential value for the estate.

22. Accordingly, the Debtor has determined, in the sound exercise of its business judgment, that the Contracts should be rejected.

23. Additionally, the Debtor respectfully requests that the Contracts be deemed rejected as of the Petition Date (the date of this Motion) based upon the equities of this case.

*See, In re Thinking Machine Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995).

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order (i) granting the relief requested herein and (ii) for such other relief as this Court deems just and proper.

                        **Respectfully submitted,**

                        **KARALIS PC**

                        By:    /s/ Robert W. Seitzer
                              ARIS J. KARALIS
                              ROBERT W. SEITZER
                              1900 Spruce Street
                              Philadelphia, PA 19103
                              (215) 546-4500
                              akaralis@karalislaw.com
                              rseitzer@karalislaw.com

                              *Proposed Attorneys for the Debtor*

Dated: March 11, 2022