# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| SCUNGIO BORST & ASSOCIATES, LLC, | Bankruptcy No. 22-10609-AMC |
| Debtor. | Related Dkt No. 6. |

### PENNINGTON'S LIMITED RESPONSE AND RESERVATION OF RIGHTS TO MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006

Scope FLP Pennington SM LLC (referred to herein as "Pennington"), respectfully submits this limited response and reservation of rights (this "Response" or "Limited Objection") with respect to the Motion of Debtor for Entry of an Order Authorizing the Rejection of Executory Contracts pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 [Docket No. 6] (the "Motion").[1] In support thereof, Pennington respectfully states as follows:

### LIMITED RESPONSE

1. The Debtor commenced the present chapter 11 proceedings on March 11, 2022 (the "Petition Date"). On the same date, March 11, 2022, the Debtor filed the instant Motion—among other things, seeking to reject an agreement with Pennington pursuant to section 365 of the Bankruptcy Code (i.e., 11 U.S.C. § 365).

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion. The deadline for Pennington to respond to the Motion was extended by the Debtor through March 31, 2022.

2. Under section 365 of the Bankruptcy Code, the Debtor maintains the burden of showing rejection is in the best interest of the estate. *In re Tayfur*, 599 F. App'x 44, 51 (3d Cir. 2015) (affirming denial of motion to reject and bankruptcy court finding that debtor "did not meet his burden" of showing rejection "would be in the best interest of the estate").

3. The Debtor's Motion currently falls short of the required showing vis-à-vis the Pennington agreement. Indeed, while the Motion lists an agreement with Pennington as one of several it seeks to reject, it does not provide sufficient detail to support its assertion that the Pennington agreement is a burdensome executory contract whose rejection would be in the best interest of the estate.

4. Counsel to Pennington reached out to Debtor's counsel about the Motion and this response, and intends to continue to engage with the Debtor to attempt to resolve Pennington's objections to the Motion.

## RESERVATION OF RIGHTS

As Pennington has not yet resolved its objections to the Motion, Pennington reserves all rights, including, without limitation, the right to revise, amend, or supplement this Limited Response and the right to object, appeal, or otherwise raise any arguments with respect to the Motion on any and all grounds.

[*Remainder of page intentionally left blank.*]

## CONCLUSION

For the foregoing reasons, Pennington respectfully requests that the Court (a) deny the Debtor's motion with respect to the Pennington agreement and (b) grant such other and further relief as the Court deems just and proper.

Dated: March 31, 2022  **BERNSTEIN-BURKLEY, P.C.**

*/s/      Keri P. Ebeck*
Keri P. Ebeck, Esq. (PA ID No. 91298)
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
Telephone:    (412) 456-8112
Facsimile:    (412) 456-8135
Email:        kebeck@bernsteinlaw.com

*- and -*

**BAST AMRON LLP**

Brett M. Amron (*pro hac vice* forthcoming)
Dain A. de Souza (*pro hac vice* forthcoming)
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone:    (305) 379-7904
Facsimile:    (305) 379-7905
Email:        bamron@bastamron.com
Email:        ddesouza@bastamron.com

*Counsel to Scope FLP Pennington SM LLC*