IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| SCUNGIO BORST & ASSOCIATES, LLC | : | BANKRUPTCY NO. 22-10609(AMC) |
| | : | |
| Debtor | : | |
| | : | |

**APPLICATION OF DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BOCHETTO & LENTZ, P.C. AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a), FED. R. BANKR. P. 2014 AND LOCAL BANKRUPTCY RULE 2014-1**

Scungio Borst & Associates, LLC (the "Debtor"), by and through its counsel, Karalis PC, hereby respectfully submits this application (the "Application") for entry of an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules") to employ and retain Bochetto & Lentz, P.C. ("B&L") as its special litigation counsel in this chapter 11 case, in accordance with the proposed order submitted, attached hereto as **Exhibit "A"**. In support of this Application, the Debtor submits and incorporates herein the Declaration of Gavin P. Lentz, Esquire, a founding partner and shareholder of B&L, attached hereto as **Exhibit "B"** (the "Lentz Declaration") and respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief sought herein is based upon 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

4.  On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5.  Since the Petition Date, the Debtor has remained in possession of its assets and is liquidating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

6.  By this Application, and pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor seeks entry of an order, substantially in the form of the proposed order attached hereto as Exhibit "A" (the "Proposed Order"), authorizing and approving the employment and retention of B&L as special litigation counsel to the Debtor.

7.  The Debtor seeks authorization to employ and retain B&L as special litigation counsel to provide services to the extent necessary and as requested by the Debtor with respect to the Litigation (as hereinafter defined) on which B&L is currently representing the Debtor.

## QUALIFICATIONS

8.  B&L's attorneys have a deep bench of experience in all fields of law. One of B&L's major practice areas is in complex civil litigation.

9.  Since its initial engagement in 2019, B&L has become intimately familiar with the Debtor and its litigation needs. Accordingly, the Debtor submits that B&L's knowledge, expertise, and experience with the Debtor qualifies B&L to work on behalf of the Debtor's estates in an efficient and cost-effective manner.

**PRE-PETITION LITIGATION**

10. Prior to the Petition Date, on or about October 31, 2018, the Debtor filed a Mechanics' Lien Claim against KPG-MCG Curtis Tenant, LLC; Curtis Center TIC I LLC; and Curtis Center TIC I LLC (the "Mechanics' Lien Litigation").

11. The Mechanics' Lien Litigation is pending in the Court of Common Pleas, Philadelphia County at Case ID: 1810M0013.

12. Prior to the Petition Date, on or about the February 8, 2019, the Debtor commenced litigation against KPG-MCG Curtis Tenant, LLC and DAS Architects, Inc. (the "Civil Litigation", and together with the Mechanics' Lien Litigation, the "Litigation").

13. The Civil Litigation is pending in the Court of Common Pleas, Philadelphia County at Case ID: 190200666.

14. The Litigation arises out of the construction of improvements and renovation of the Curtis Center at 601 Walnut Street, Philadelphia, PA (the "Project" or "Curtis Center").

15. The Debtor served as the construction manager of the Project.

16. The Project involved the conversion of a portion of the east side of the Curtis Center from original industrial space, turned commercial office space on seven (7) existing floors interspersed among eleven (11) floors, into sixty-three (63) luxury residential units.

17. In addition to retrofitting each floor to accommodate the new residential space, the Project scope of work included the construction of four (4), two (2) story penthouse units on the roof of the building as well as the construction of dual elevators and mechanical shaft in an existing stairway, retrofitting of existing areas on the ground floor and garages to provide common amenities and building support functions, and new mechanical, electrical and plumbing systems to both expand and upgrade existing building systems to support the new apartments.

18. The Litigation is the result of numerous disputes in connection to the construction of the Project.

19. The Litigation was initially filed by Horn Williamson LLC on behalf of the Debtor.

20. B&L was retained by the Debtor on or about May 31, 2019.

21. The Debtor seeks the employment of B&L to represent it as special collection counsel during this chapter 11 case by providing its services for all aspects of the Litigation and assisting Debtor's attorney, Karalis PC ("KPC"), in any other aspects of the bankruptcy case that it may require from time to time as they relate to the Litigation.

## EFFORTS TO AVOID DUPLICATION OF SERVICES

22. B&L's services are intended to complement and not duplicate, the services rendered by any other professional retained by the Debtor in the chapter 11 case. The Debtor is seeking to retain and employ B&L as special litigation counsel to work alongside KPC and to advise the Debtor with respect to the Litigation. B&L's services as special counsel will be limited to the scope of services outlined above and will not be duplicative of the services provided by KPC. B&L has worked, and will continue to work, closely with the Debtor's other retained professionals, including KPC, to maximize efficiency and to avoid any duplication in effort. B&L will not act as the Debtor's general bankruptcy counsel in the chapter 11 case.

## PROFESSIONAL COMPENSATION

23. Prior to the Petition Date, B&L was retained by the Debtor to prosecute the Litigation in accordance with an engagement agreement dated May 31, 2019 (the "Pre-Petition Engagement Agreement"). The Pre-Petition Engagement Agreement is attached hereto as **Exhibit "C"** and made a part hereof.

24. As set forth in the Pre-Petition Engagement Agreement:

Our fee proposal is a flat earned retainer of $10,000 per month. We will not bill

-4-

you for any fees in excess of this amount; however, because we are capping the fees on the monthly retainer, we shall also be entitled to a success fee on a contingent basis of 10% of the gross dollar amounts obtained on your behalf at the conclusion of the case by way of settlement[2]. If the case actually proceeds to trial then the success fee shall be 15% of the gross recovery whether the case settles during the trial or not. As a courtesy to the clients, any success fee that is paid will be calculated after $2 million is deducted from the gross settlement amount or verdict. This is to accommodate for funds which would be owed anyway to the subcontractors as part of the retainage. By way of example, if the total settlement is $5 million the success fee would be calculated on $3 million.

*See*, Exhibit "C".

25.     Prior to the Petition Date, B&L expended more than $1,000,000 in attorney time in connection to the Litigation.

26.     The Debtor currently does not have sufficient funds to retain B&L pursuant to the terms of the Pre-Petition Engagement Agreement.

27.     As a result, on or about April 5, 2022, the Debtor entered into a post-petition engagement agreement (the "Post-Petition Engagement Agreement") subject to this Court's approval. The Post-Petition Engagement Agreement is attached hereto as **Exhibit "D"** and made a part hereof.

28.     As set forth in the Post-Petition Engagement Agreement:

As you know, we have already expanded over $1 million dollars in attorney time thus far. We understand that the bankruptcy filing prevents you from continuing to pay our monthly retainer.

As a result of these circumstances, we are agreeing to modify the Fee Agreement as set forth herein. We will agree to work on a contingent fee basis of 20% of any funds recovered (the "Contingent Fee"). The Debtor and its estate shall be responsible to pay directly, upon request, all post-petition out of pocket costs and expenses incurred in connection with the engagement, including, but not limited to, costs and expenses for filing fees, expert fees, postage, court reporters, transcripts, and photocopying (the "Costs and Expenses"). The Costs and Expenses are not covered by the Contingent Fee and are in addition to the Contingent Fee.

---

[2] It is understood that there will be an exception to the 10% settlement success fee which will apply in the event the case can be settled as to KPG only within the next 30 days. In that event, the success fee will be a flat $30,000. The success fee and /or trial success fee will then apply to any other defendants.

> We shall also retain our existing claim in the amount of $31,550.45 for unpaid litigation costs for experts, depositions, and expenses as of the Petition Date (the "<u>Unpaid Costs</u>") and expect that the Unpaid Costs will be paid from the gross recovery of the State Court Litigation.
>
> After all discovery is completed and all expert reports have been exchanged, we reserve the right to seek a modification of this fee agreement and reserve the right to withdraw as counsel for the Debtor, if either any post-petition Costs and Expenses are not timely paid or, new fee terms cannot be mutually agreed to. In such case, you agree not to oppose our withdrawal as special counsel for the Debtor. It is understood that B&L's right to withdraw as special counsel in the event Costs and Expenses are not timely paid was a material consideration in entering into this agreement.
>
> The Debtor and B&L acknowledge and agree that the Fee Agreement and this amendment shall be submitted for the approval of the Bankruptcy Court as part of an application to employ B&L as special counsel. In the event that the Bankruptcy Court does not approve this amendment to the Fee Agreement, then it shall be rendered null and void, and B&L shall have no obligation to represent the Debtor.

*See*, Exhibit "D".

29. As such, B&L is willing to be retained on a contingent fee basis of twenty percent (20%) of any funds recovered plus the Costs and Expenses and the reimbursement of the Unpaid Costs. As set forth herein, the Costs and Expenses are in addition to the Contingent Fee.

30. The Debtor selected B&L as its special litigation counsel because of B&L's extensive and diverse experience, knowledge and reputation in the field.

31. B&L is not an insider or affiliate of the Debtor.

8. B&L requests authority to be paid the Costs and Expenses without the necessity of filing fee applications in accordance with Sections 330 and 331 of the Bankruptcy Code.

32. In connection to the Contingent Fee and the Unpaid Costs, B&L shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules and orders of the Court, and such other procedures that may be fixed by order of this Court.

33. To the best of the Debtor's knowledge, (i) B&L does not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants, (ii) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (iii) does not hold or represent any interest adverse to the Debtor or its estate, except as set forth in the Lentz Declaration.

34. The Debtor is informed that B&L will not share any compensation to be paid by the Debtor, in connection with services to be performed after the Petition Date, with any other person, other than other principals and employees of B&L, to the extent required by section 504 of the Bankruptcy Code.

## BASIS FOR THE RELIEF REQUESTED

35. By this Application, the Debtor requests that the Court enter an order authorizing the employment of B&L as special litigation counsel to provide the services described herein pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014.

36. Section 327(e) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

37. Moreover, Bankruptcy Code section 1107(b) provides that a person is not disqualified for employment under section 327 by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case. *See*, 11 U.S.C. § 1107(b).

38. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See, Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

39. Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel. . ." *See, In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of sections 327 and 1107, a trustee (debtor) is entitled to the counsel of his or her choosing. *See, In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

I. **Retaining B&L as Special Litigation Counsel is in the Best Interests of the Estate**

40. The Debtor believes that, in light of B&L's pre-petition experience advising it, it is in the best interests of this estate to retain B&L as special litigation counsel to assist with the Litigation and advise the Debtor on such other related legal issues, as requested by the Debtor, that may arise during the pendency of this case.

41. The Debtor believes that it is in the best interests of the estate to employ B&L as special litigation counsel because of the firm's expertise in the requisite areas of law, as well as B&L's significant knowledge and involvement in the Litigation, for which B&L has acted as counsel for approximately three (3) years. As a result of this pre-petition representation and its interactions with B&L to date, the Debtor believes that B&L is both well qualified and uniquely

able to represent the estate in an efficient and timely manner for the special purpose identified in this Application.

42. Indeed, B&L has been deeply involved in the Litigation, by coordinating the collection and indexing of documents and drafting and filing all motions and pleadings. B&L also has been heavily involved in the formulation of key strategies with respect to the Litigation.

43. Thus, were the Debtor required to retain attorneys other than B&L for this special purpose, the estate and all parties in interest would be burdened by the additional time and expense required for those attorneys to become familiar with the complex Litigation.

44. For these reasons, the employment of B&L under the terms stated is appropriate and necessary to enable the Debtor to execute faithfully its duties and to thoroughly represent the Debtor with respect to the Litigation, for the benefit of the estate and its creditors.

## II. B&L Neither Holds nor Represents any Interest Adverse to the Estate with respect to the Litigation

45. B&L does not represent or hold any interest adverse to the Debtor or the estate with respect to the special purpose for which it is to be employed.

46. To the best of the Debtor's knowledge, information, and belief, B&L does not represent, and does not hold, any interest adverse to the Debtor, its estate, its creditors, or its equity security holders, their respective attorneys and accountants, the United States Trustee for the Eastern District of Pennsylvania (the "U.S. Trustee"), any person employed by the Office of the U.S. Trustee, or any other party in interest in the chapter 11 case (a) in the matters for which B&L is to be retained or (b) in matters related to the services to be performed by B&L for the Debtor. Specifically, and as set forth more fully in the Lentz Declaration, B&L has not represented and does not represent any of the adverse parties in relation to the specific matters for which B&L is being retained in the chapter 11 case.

47. The Debtor contends that B&L's employment is necessary and in the best interests of the Debtor's estate.

## NOTICE

48. In accordance with Local Rule 2014-1, notice of this Application has been given to (a) the Debtor; (b) the Debtor's 20 largest unsecured creditors; (c) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002; and (d) any other party entitled to notice pursuant to Local Bankruptcy Rules. The Debtor submits that no other or further notice of this Application need be provided.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order authorizing the employment and retention of B&L as special litigation counsel for the Debtor, together with such other and further relief as is just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Aris J. Karalis
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com

*Attorneys for the Debtor*

Dated: April 5, 2022