# EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| SCUNGIO BORST & ASSOCIATES, LLC | BANKRUPTCY NO. 22-10609(AMC) |
| Debtor | |

**DECLARATION OF GAVIN P. LENTZ, ESQUIRE IN SUPPORT OF APPLICATION OF DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BOCHETTO & LENTZ, P.C. AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a), FED. R. BANKR. P. 2014 AND LOCAL BANKRUPTCY RULE 2014-1**

Gavin P. Lentz, Esquire, hereby declares, under penalty of perjury that:

1. I am a founding partner and shareholder of Bochetto & Lentz, P.C. ("B&L").

2. This Declaration is submitted in support of the application (the "Application") of Scungio Borst & Associates, LLC (the "Debtor"), for entry of an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules") to employ and retain B&L as its special litigation counsel.

3. Except as set forth herein, neither I, B&L nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor's estate in the matters upon which B&L is to be engaged.

4. Neither I, B&L nor any partner or associate thereof, insofar as I have been able to ascertain is an insider or affiliate of the Debtor.

5. Prior to the Petition Date, as set forth in the Application, B&L provided legal services to the Debtor in connection to the Litigation (as defined in the Application).

## **LOCAL RULE 2014-1(b) STATEMENT**

6.  On or within ninety (90) days prior to the Petition Date, the Debtor paid B&L the sum of $20,000.00 on February 25, 2022. This sum represented the flat earned $10,000.00 retainers for the months of January, 2022 and February, 2022 as set forth in the Pre-Petition Engagement Agreement (as defined in the Application).

7.  B&L does not hold nor represent any interests adverse to the Debtor, its creditors or estate in this matter, and is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that B&L, its shareholders and associates:

   a.  are not equity security holders or insiders of the Debtor;

   b.  are not and were not, within two (2) years before the date of this Verified Statement, a director, officer or employee of the Debtor;

   c.  do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8.  Pursuant to § 504 of the Bankruptcy Code, no agreement or understanding exists between B&L or any other person to share any compensation or reimbursement of expenses to be paid to B&L in this proceeding.

9.  Except as set forth herein, to the best of my knowledge at this time, B&L has no connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

10. As set forth in the Application, B&L shall retain its existing claim in the amount of $31,550.45 for unpaid litigation costs for experts, depositions, and expenses as of the Petition

Date (the "Unpaid Costs") and expects that the Unpaid Costs will be paid from the gross recovery of the Litigation.

11. B&L intends to continue its conflict search if and when additional creditors and parties-in-interest are known. If any new, relevant facts or relationships are discovered or arise, I shall file and serve a Supplemental Declaration promptly.

12. Despite the efforts described above to identify and disclose B&L's connections with the parties-in-interest in this case, because the Debtor consists of a corporate enterprise with numerous creditors and other relationships, I am unable to state with absolute certainty that every client representation or other connection has been disclosed. If I discover additional information that requires disclosure or modification of this Declaration, I will file a supplemental declaration with the Court.

I hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge the foregoing is true and correct.

BOCHETTO & LENTZ, P.C.

By: _____
Gavin P. Lentz, Esquire

Dated: April 5, 2022