# EXHIBIT "D"



| | George Bochetto†^ | 1524 Locust Street | * Admitted to the New Jersey Bar |
| --- | --- | --- | --- |
| | Gavin P. Lentz* | Philadelphia, PA 19102 | † Admitted to the New York Bar |
| | Jeffrey W. Ogren* | 215-735-3900 | ˙ Admitted to the the Virginia Bar |
| | David P. Heim* | Fax: 215-735-2455 | ^ Admitted to the D.C. Bar |
| | Vincent van Laar* | | ˙ Admitted to the Florida Bar |
| | Bryan R. Lentz* | 141 High Street | |
| | John A. O'Connell* | Mt. Holly, NJ 08060 | PRACTICE DEDICATED |
| | Peter R. Bryant* | 856-722-9595 | TO LITIGATION AND |
| | Kiersty DeGroote˙* | Fax: 856-722-5511 | NEGOTIATION MATTERS |
| | Kean C. Maynard* | | |
| | Matthew L. Minsky†*˙ | bochettoandlentz.com | |
| **Gavin P. Lentz** | Albert M. Belmont, III* | | |
| *Attorney at Law* | Cynthia A. Clark | | |
| glentz@bochettoandlentz.com | *of Counsel* | | ***Please send all Mail to the Philadelphia Office*** |

April 5, 2022

*Via Email: spscungio@scungioborst.com*
Scott Scungio
Scungio Borst & Associates
2 Riverside Drive
Suite 500
Camden, NJ 08103

    **Re:**     ***Scungio-Borst v. KPG, et al***

Dear Scott:

    Allow this to confirm that Bochetto & Lentz, P.C. ("B&L") as a result of the bankruptcy filing of Scungio Borst & Associates LLC, also doing business as Scungio-Borst Construction Management (the "Debtor") on March 11, 2022 (the "Petition Date"), we are revising our fee agreement with the Debtor dated May 31, 2019 (the "Fee Agreement") with respect to the state court litigation commenced by the Debtor in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned: *Scungio Borst & Associates, LLC v. KPG-MCG Curtis Tenant, LLC, and DAS Architects, Inc.,* C.C.P. Phila. Cty,. February Term, 2019, No. 190200666 (the "State Court Litigation").

    As you know, we have already expanded over $1 million dollars in attorney time thus far. We understand that the bankruptcy filing and the Debtor's financial condition prevents it from continuing to pay our monthly retainer.

    As a result of these circumstances, we are agreeing to modify the Fee Agreement as set forth herein. We will agree to work on a contingent fee basis of 20% of any funds recovered (the "Contingent Fee"). The Debtor and its estate shall be responsible to pay directly, upon request, all post-petition out of pocket costs and expenses incurred in connection with the engagement, including, but not limited to, costs and expenses for filing fees, expert fees, postage, court reporters, transcripts, and photocopying (the "Costs and Expenses"). The Costs and Expenses are not covered by the Contingent Fee and are in addition to the Contingent Fee.

**BOCHETTO & LENTZ, P.C.**
April 5, 2022
Page 2 of 2

      We shall also retain our existing claim in the amount of $31,550.45 for unpaid litigation costs for experts, depositions, and expenses as of the Petition Date (the "Unpaid Costs") and expect that the Unpaid Costs will be paid from the gross recovery of the State Court Litigation.

      After all discovery is completed and all expert reports have been exchanged, we reserve the right to seek a modification of this fee agreement and reserve the right to withdraw as counsel for the Debtor, if either any post-petition Costs and Expenses are not timely paid or, new fee terms cannot be mutually agreed to. In such case, you agree not to oppose our withdrawal as special counsel for the Debtor. It is understood that B&L's right to withdraw as special counsel in the event Costs and Expenses are not timely paid was a material consideration in entering into this agreement.

      The Debtor and B&L acknowledge and agree that the Fee Agreement and this amendment shall be submitted for the approval of the Bankruptcy Court as part of an application to employ B&L as special counsel. In the event that the Bankruptcy Court does not approve this amendment to the Fee Agreement, then it shall be rendered null and void, and B&L shall have no obligation to represent the Debtor.

Very truly yours,

**BOCHETTO & LENTZ, P.C.**

By: */s/ Gavin P. Lentz*
      _____
      Gavin P. Lentz, Esquire

GPL/qjg