IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| **Debtor** | : | |

## MOTION OF DEBTOR, PURSUANT TO BANKRUPTCY RULES 2002(a)(7) AND 3003(c)(3), FOR AN ORDER (I) FIXING A BAR DATE FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE BAR DATE ORDER AND RELATED PROCEDURES

Scungio Borst & Associates, LLC (the "Debtor"), by and through its counsel, Karalis PC, hereby moves (the "Motion") this Honorable Court for the entry of an order (i) establishing a bar date to file proofs of claim and (ii) approving the proposed bar date order and related procedures, and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 501, 502 and 1111(a); Fed. R. Bankr. P. 2002(a)(7), 3003(c)(3) and 5005(a); and L.B.R 9014-2(a)(7).

### BACKGROUND

4. On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor has remained in possession of its assets and is liquidating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy

Code.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks the entry of an Order pursuant to 11 U.S.C. §§ 105, 501, 502 and 1111(a) and Fed. R. Bankr. P. 2002(a)(7), 3003(c)(3) and 5005(a):

   a. Except as otherwise stated in subparagraphs (b), (c) and (d), establishing **May 27, 2022** (the "General Bar Date") as the deadline for all persons and entities holding or wishing to assert a claim or interest against the Debtor (individually, a "Claim" and collectively, the "Claims") to file a proof of such Claim in the Debtor's Chapter 11 case;

   b. Establishing the later of the General Bar Date or thirty-five (35) days after a claimant is served with notice (the "Amendment Notice") to the claimant of the amendment(s), describing with particularity the prior classification and amount of the claim originally set forth in the schedules of assets and liabilities (the "Schedules") and the changes thereto resulting from the amendment (the "Amended Schedule Bar Date");

   c. Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, establishing the later of the General Bar Date or thirty-five (35) days after the effective date of the rejection as set forth in the order of rejection (the "Rejection Bar Date"); and

   d. Establishing **September 8, 2022** (the "Governmental Unit Bar Date") as the deadline for all governmental units, as defined in § 101(27) of the Bankruptcy Code, to file a proof of claim in these cases (the General Bar Date, the Amended Schedule Bar Date, the Rejection Bar Date and the Governmental Unit Bar Date, collectively the "Bar Dates").

7. The filing of proofs of claim in a Chapter 11 case is generally governed by Fed. R. Bankr. P. 3003(c)(3), which provides that the Court shall fix a bar date by which creditors are to file proofs of claim.

8. Fed. R. Bankr. P. 2002(a)(7) provides that at least twenty-one (21) days' notice by mail be given to the Debtor, the United States Trustee and all creditors of the bar date fixed by the Court within which proofs of claim shall be filed in this case.

2

9. Fed. R. Bankr. P. 3003(c)(2) provides that "Any creditor... whose claim... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim... within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

10. In order for the Debtor to be able to carry out the provisions of the Bankruptcy Code and to formulate a plan, it is desirable that the Debtor has the opportunity to review all claims of creditors not listed on the Schedules and all claims scheduled as disputed, contingent or unliquidated on the Schedules.

11. To this end, the Debtor requests that the Court set the Bar Dates for filing proofs of claim in this case.

12. The Bar Dates would apply to all persons or entities (each as defined in §§ 101(41) and 101(15), respectively, of the Bankruptcy Code) holding Claims against the Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, including the following:

    a. Any person or entity whose Claim is listed as "disputed," "contingent" or "unliquidated" and that desires to participate in this Chapter 11 case or share in any distribution in this Chapter 11 case;

    b. Any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

    c. Any person or entity whose Claim against the Debtor is not listed in the Debtor's Schedules.

13. The Debtor proposes that the following persons or entities would not need to file Proofs of Claim before the Bar Dates:

    a. any person or entity:

    (i)    that has already properly filed a Proof of Claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of Pennsylvania; or

    (ii)    whose claim is listed in the Debtor's Schedules or any amendments thereto, and

        (a)    whose claim is not described therein as "disputed," "contingent," or "unliquidated," and

        (b)    who does not dispute the amount or classification of its claim as set forth in the Schedules;

b.    any person or entity whose claim against the Debtor has been allowed by an Order of the Court entered on or before the Bar Dates or that has been paid with court authorization before the Bar Dates;

c.    any person or entity that asserts an administrative expense claim against the Debtor pursuant to section 503(b) of the Bankruptcy Code; and

d.    professionals retained by the Debtor pursuant to Orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code.

14.    The Debtor shall retain the right to: (a) dispute or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount liability, classification or otherwise; or (b) subsequently designate any Claim as disputed, contingent or unliquidated.

15.    However, if the Debtor amend its Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Claim. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

16. The Debtor anticipates that certain creditors may assert Claims in connection with the Debtor's rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. § 365. The Debtor proposes that, for any claim relating to the Debtor's rejection of an executory contract or unexpired lease that is approved by an order of the Court, unless otherwise stated in such order, the bar date for filing such Claim shall be the Rejection Bar Date.

17. Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have one hundred eighty (180) days after the Petition Date to file proofs of claim. Accordingly, the Debtor requests that the Court set September 8, 2022 as a Governmental Unit Bar Date for governmental units to file proofs of claims in this case.

18. The Debtor proposes that, pursuant to Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure, any person or entity that is required to file a proof of claim in this Chapter 11 case but fails to do so in a timely manner, should be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such person or entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan of liquidation in this Chapter 11 case in respect of an Unscheduled Claim.

**LOCAL RULE 9014-2 – MOTIONS DECIDED WITHOUT HEARING**

19. In accordance with L.B.R. 9014-2(a)(7), this Honorable Court may rule on the instant Motion without a hearing.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order (i) granting the relief requested herein and (ii) granting such other and further relief as this Court may deem just.

        **Respectfully submitted,**

        **KARALIS PC**

By:   /s/ Robert W. Seitzer
      ARIS J. KARALIS
      ROBERT W. SEITZER
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      akaralis@karalislaw.com
      rseitzer@karalislaw.com

      *Attorneys for the Debtor*

Dated: April 11, 2022