**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **SCUNGIO BORST & ASSOCIATES, LLC,** | **BANKRUPTCY NO. 22-10609(AMC)** |
| **Debtor.** | |

**NOTICE OF HEARING AND RESPONSE DEADLINE**

HASAN TAHIRAJ, a non-judgment creditor of Scungio Borst & Associates, LLC (the "Debtor") has filed a motion for relief from the Automatic Stay imposed by 11 U.S.C. § 362(d), to allow his personal injury action to proceed in New York State Supreme Court (the "Application"). The Application will be heard before Hon. Ashely M. Chan, Bankruptcy Judge, at Robert N.C. Nix Sr. Federal Courthouse 900 Market Street, Courtroom 4, Philadelphia, PA 19107 on May 4, 2022, at 12:30 p.m. local time, and will be telephonic.

1. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

2. **If you do not want the court to grant the relief sought in the Application** or if you want the court to consider your views on the Application, then on or before **April 27, 2022, you or your attorney must file a response to the Application.** *(see Instructions below).*

3. **If you do not file a response to the Application,** the court may enter an order granting the relief requested in the Application.

4. You may contact the Bankruptcy Clerk's office for Philadelphia cases at (215) 408-2800 to find out whether a hearing has been scheduled.

5. If a copy of the Application is not enclosed, a copy of the Application will be provided to you if you request a copy from the attorney whose name and address is listed on the next page of this Notice.

**Filing Instructions**

6. **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1,** you must file your response electronically.

7. **If you are not required to file electronically,** you must file your response at

    Clerk
    United States Bankruptcy Court
    for the Eastern District of Pennsylvania
    The Robert N.C. Nix, Sr. Federal Courthouse
    900 Market Street, Suite 400
    Philadelphia, PA 19106

8. **If you mail your response** to the Bankruptcy Clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

9. On the same day that you file or mail your Response to the Application, you must mail or deliver a copy of the Response to the following:

    David Tolchin
    Jaroslawicz & Jaros PLLC
    225 Broadway, 24th Fl
    New York, NY 10007
    Phone No.: (212) 227-2780
    E-mail addresses:     dtolchin@lawjaros.com

Dated: April 8, 2022

JAROSLAWICZ & JAROS PLLC
225 Broadway 24th Floor
New York, NY 10007
Telephone: (212) 227-2780
Facsimile: (212) 227-5090
dtolchin@lawjaros.com
David Tolchin, Esq.

*Counsel to Plaintiff/Movant Hasan Tahiraj*

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| In re | Chapter 11 |
| SCUNGIO BORST & ASSOCIATES, LLC, | Case No. 22-10609-amc |
| Debtor. | |

## MOTION TO LIFT THE AUTOMATIC STAY
## AND PERMIT ACTION TO PROCEED IN
## NEW YORK STATE SUPREME COURT

1. Movant HASAN TAHIRAJ ("**Movant**" or "**Plaintiff**"), by and through his undersigned counsel, respectfully submits his Motion for relief from the Automatic Stay imposed by 11 U.S.C. § 362(d), to allow his personal injury action to proceed in New York State Supreme Court, and in support thereof states as follows:

### SUMMARY OF MOTION

2. Plaintiff was injured on March 3, 2016. Currently pending in New York State Supreme Court, Kings County, Plaintiff has an action to recover damages for personal injury against several defendants including Debtor SCUNGIO BORST & ASSOCIATES, LLC ("**Debtor**"), styled *Tahiraj v. Brooklyn Kings Plaza LLC, et al.*, Index No. 513231/2016 ("State Court Action"). The State Court Action has had a time consuming and difficult path, having been commenced in State Court, removed to Federal Court, picked up new parties, remanded back to

State Court, and picked up more new parties—a six-year ordeal to date, with eight parties. Now, by reason of Debtor's petition in this Court, Plaintiff's claims against Debtor have been stayed by operation of 11 U.S.C. § 362. On top of that, since the filing of the petition, the State Court has been treating the entire action as stayed, not just the claims against Debtor, thus generating more delay in Plaintiff's ability to obtain compensation for his injuries which occurred more than six years ago in Brooklyn, New York.

3. According to disclosures made in the State Court Action, Debtor has primary insurance coverage provided by State National Insurance Company, applicable to this loss in the amount of at least $1,000,000, with policy term of ending on 1/1/16, and extended by Endorsement 28 until the end of the project, so as to including this loss (Exhibit A), and there may be additional excess or umbrella coverage. So that his claims can proceed, Plaintiff agrees not to seek amounts from Debtor in excess of the applicable insurance. Accordingly, as the assets of the Debtor will not be affected if the stay is lifted.

4. Plaintiff thus asks that the Court grant relief from the Automatic Stay to allow his claims against Debtor to continue to judgment, or settlement, and collection.

**Statement of Pertinent Facts**

5. On March 6, 2016, Plaintiff, a construction worker, was caused to sustain personal injuries during a construction project at the Kings Plaza Shopping Center, located at 5100 Kings Plaza, Brooklyn, NY 11234, where he was caused to trip and fall on a temporary doorway transition.

6. As a result of the occurrence, Plaintiff was caused to sustain severe injuries, including herniated cervical and lumbar discs, requiring surgery including a C5-C7 fusion;

epidural injections; annular tear, C5-C6, with ligament rupture; tear, scapholunate ligament; crepitus, right shoulder; and Plaintiff has been otherwise injured.

7. Based on the incident, Plaintiff initially commenced the State Court Action against a single defendant, Brooklyn Kings Plaza LLC, the owner of the shopping center, in New York State Supreme Court, Kings County, under Index No. 513231/2016. Claiming diversity, the defendant removed the action to the United States District Court for the Eastern District of New York, Case No. 17-cv-00167-JBW. Now in Federal Court, Plaintiff filed a first amended complaint adding Debtor as a defendant on May 30, 2017 (Exhibit B).

8. Debtor answered the first amended complaint on August 25, 2017 (Exhibit C).

9. On January 16, 2018, Plaintiff with leave filed a second amended complaint joining Eclipse Construction Services, Inc., a citizen of New York, as another defendant. Because diversity jurisdiction was lost by the addition of the new defendant, by stipulation and by order of EDNY (Jack B. Weinstein, *J.*) dated February 26, 2018, the action was remanded back to State Court (Exhibit D).

10. Separately, Plaintiff commenced a second action, also in Kings County, against a new defendant, GTL CONSTRUCTION, LLC, under a different Index Number, 504445/2019.

11. By order of Supreme Court, Kings County, the GTL action was consolidated into the State Court Action on June 11, 2019 (Exhibit E).

12. GTL then impleaded ACTION STORE FRONTS INC. as a third-party defendant, which appeared on October 11, 2019; and on August 27, 2000, impleaded two more third-party defendants, Massachusetts Bay Insurance Company and Hanover Insurance Company, and they appeared on October 16, 2020.

13. In sum, the caption of the consolidated State Court Action now looks like this:

| | | |
|---|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF KINGS | | |
| HASAN TAHIRAJ, | | |
| | Plaintiff, | Index #: 513231/2016 |
| v. | | |
| BROOKLYN KINGS PLAZA LLC;<br>**SCUNGIO BORST & ASSOCIATES, LLC**;<br>ECLIPSE CONSTRUCTION SERVICES, INC.; and<br>GTL CONSTRUCTION, LLC, | | |
| | Defendants. | |
| GTL CONSTRUCTION, LLC, | | |
| | Third-Party Plaintiff, | |
| v. | | |
| ACTION STORE FRONTS INC.; MASSACHUSETTS<br>BAY INSURANCE COMPANY; and HANOVER<br>INSURANCE COMPANY, | | |
| | Third-Party Defendants. | |

14. After six years of litigation, Debtor's insurance-appointed counsel notified the State Court of the petition and Automatic Stay, and the State Court is treating the entire action as stayed even though Debtor is the only bankrupt party.

15. Accordingly, due to the petition, a complex litigation involving eight (8) parties has been stayed indefinitely. This bankruptcy has therefore had the effect of interfering not only with the claims and defenses of all the parties in the action but also with the State Court system.

## RELIEF REQUESTED

16. Plaintiff hereby requests relief from the stay to allow Plaintiff's claims against Debtor to proceed in the State Court Action. Plaintiff agrees not to seek to recover any assets of Debtor. He is proceeding against the applicable insurance coverage only.

## ARGUMENT

17. Under section 362(d) of the Bankruptcy Code, the Court may grant relief from the automatic stay for cause upon request of a party in interest. *See* 11 U.S.C. § 362(d)(1). *Izzarelli v. Rexene Prods. Co. (Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

18. "Although cause is not defined . . . Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums." *In re United Imports, Inc.,* 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); *see also Robbins v. Robbins,* 964 F.2d 342, 345 (4th Cir. 1992) ("[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere").

19. This Court typically employs a three-prong balancing test to determine whether the automatic stay should be lifted to permit pending non-bankruptcy litigation to continue: (1) will the estate or the debtors be prejudiced by lifting the stay; (2) will the hardship suffered by plaintiff in the underlying lawsuit "considerably outweigh" the hardship to the debtors or the estate; and (3) does the plaintiff have "a probability of prevailing on the merits." *Rexene Prods. Co.,* 141 B.R. at 576; *accord In re SCO Grp., Inc.,* 395 B.R. 852, 857 (Bankr. D. Del. 2007); *American Airlines, Inc. v. Continental Airlines, Inc. (Continental Airlines, Inc.),* 152 B.R. 420, 424 (D. Del. 1993). "The movant has the initial burden of proof to put forth a prima facie case for cause before the debtor must then rebut the case." *In re Scarborough-St. James Corp.,* 535 B.R. 60, 68 (Bankr. D. Del. 2015) (citing *Rexene Prods.* Co., 141 B.R. at 577).

20. Whether cause exists to permit Movant to proceed with his state court litigation is left to the Court's discretion and is to be made based on the facts of the case. *Laguna Assocs. Ltd v. Aetna Cas. & Sur. Co.,* 30 F.3d 734, 737 (6th Cir. 1994). The party opposing relief from the stay bears the burden of proof on all issues except for the Debtor's equity in real property. 11 U.S.C. § 362(g)(2); *In re Ramsey,* 2011 Bankr. Lexis 2657 at *4 (Bankr. N.D. Ohio July 7, 2011). In determining whether cause exists, most courts "balance the hardship to the creditor, if he is not

allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC,* 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, courts have considered numerous factors, including:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien available by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harms.

*In re New York Med. Group, P.C.,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); *see also Sonnax Inds. Inc. v. Tri Component Prod. Corp. (Sonnax Inds., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue-Casal (Unanue-Casal),* 159 B.R. 90, 96 (D.P.R. 1993) aff'd 23 F.3d 395 (1st Cir. 1994); *In re Busch,* 294 B.R. 137, 141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, courts consider only those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo,* 167 F.3d 139, 143 (2d Cir. 1999).

21. In this case, only some of the factors are particularly relevant and all weigh in favor of lifting the stay so that the Movant can continue to prosecute his personal injury claims in State Court.

**Lifting The Stay Will Completely Resolve The Issues Between Debtor**
**And Movant (FACTOR ONE)**

22. This Court can completely resolve the issues between the parties to the State Court Action by lifting the automatic stay. The only issues that exist between Movant and Debtor are fact specific ones in underlying personal injury action. If the Court grants relief from the stay to permit his personal injury claims to be litigated to conclusion, the relationship between Movant and Debtor will be over, and this Court need not clog its docket with litigating a personal injury case from Brooklyn that has already been mostly litigated over the courts of six years between and among eight parties in the State Court Action, only one of which has filed a bankruptcy petition. Thus, the first factor favors lifting the stay.

**Lifting The Stay Will Not Interfere With The Bankruptcy Case**
**(FACTOR TWO)**

23. The second factor—whether the state court proceedings are connected with or will interfere with the bankruptcy case—also supports lifting the stay. Movant seeks to liquidate his claim in the New York state court litigation as a predicate to recovering under the applicable insurance policy and any other non-debtor sources that may be available. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson,* 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by

allowing the litigation to go forward." *In re 15375 Mem. Corp.,* 382 B.R. 652, 689 (Bankr. D. Del. 2008). "Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay." *In re Grace Indus., Inc.,* 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); *see also In re Todd Shipyards Corp.,* 92 B.R. 600 (Bankr. D. N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings").

**Lifting the Stay Will Not Affect Debtor's Estate (FACTORS TWO & FIVE)**

24. In pertinent part, a policy of a commercial insurance carrier, State National Insurance issued to Debtor, provides coverage of $1 million per incident and according and there may be excess coverage on top of that (Exhibit A).

25. Granting this motion will not affect the assets of the Debtor's estate, as the insurance will be more than sufficient to cover the claims Plaintiff has made in the State Court.

26. In the event the insurance carriers settle the claims against Debtor in the State Court Action with Plaintiff or the State Court Action proceeds to money judgment in favor of Plaintiff, even that event will not affect Debtor's estate.

27. As between the Movant and Debtor, the insurance company agreed to pay Movant 100% of any settlement or judgment obtained by Movant as against Debtor, up to its policy limit, and there may be excess coverage on top of that (Exhibit A).

**The State Court Action Has Been Assigned to A Specialized Tribunal
With The Necessary Expertise (FACTOR FOUR)**

28. The State Court Action is pending in Kings County before a fairly specialized New York tribunal with the necessary expertise to resolve the issues efficiently, known as an Independent Assignment Part system.

29. In the Supreme Court, Kings County, the State Court Action is presently being presided over by an assigned justice, Hon. Devin B. Cohen. In addition, discovery issues have been presided over by another justice, Hon. Lawrence Knipel, the New York State Administrative Judge for Civil Matters in Kings County, and previously a third justice, Hon. Karen Rothenberg, presided over the case to supervise the action. Thus, the fourth factor supports lifting the stay so that Action may be litigated in a forum specially designed for such a case. *See In re White,* 851 F.2d 170, 173-74 (6th Cir. 1988) (lifting of stay affirmed because state law issues are best left to state courts to resolve).

**Debtor's Insurance Carrier Has Assumed Responsibility For
Defending The State Court Action (FACTOR FIVE)**

30. The next relevant factor is whether Debtor's insurance carrier has assumed responsibility for defending the action against Debtor. The answer to that is Yes. Lifting the stay will thus not prejudice the Debtor.

31. Debtor is represented in State Court Action counsel assigned by the insurance company, McMahon Martine & Gallagher LLP, 55 Washington St., 7th Fl., Brooklyn, NY 11201 (212) 747-1230.

32. Since National Union is already defending Debtor in the Action, Debtor will not suffer any financial prejudice from continuing to defend the Action. Thus, factor five also strongly favors lifting the stay. *Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 508 (7th Cir. 1982)

(stay lifted to allow civil action to go forward since insurer assumed full responsibility for defending litigation); *Elliott v. Hardison,* 25 B.R. 305, 308 (E.D. Va. 1982) ("Where the claim is one covered by insurance or indemnity, continuation of the action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff.") (quoting 2 Collier on Bankruptcy ¶ 362.07[3] (15th ed. 1980)).

**Lifting The Stay Will Not Prejudice Other Creditors (FACTOR SEVEN)**

33. Another factor that supports granting the motion to lift the stay is that Movant's litigation in New York will not prejudice the interests of other creditors. Again, Movant has disavowed any claim to Debtor's estate and will collect any judgment against Debtor solely from the applicable insurance proceeds. Thus, Debtor's other creditors in the bankruptcy will not be prejudiced because Movant will not be able to enforce any judgment he obtains directly against the assets of the Debtor. *See R.J. Groover Constr.,* 411 B.R. at 465; *In re Loudon,* 284 B.R. 106, 108 (8th Cir. B.A.P. 2002); *In re G.S. Distribution, Inc.,* 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting stay because movant would not be able to enforce judgment without permission of bankruptcy court); *15375 Mem. Corp.,* 382 B.R. at 690 (lifting stay because movant's "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

**Lifting The Stay Will Promote Judicial Economy (FACTOR TEN)**

34. The Court should grant relief from the automatic stay because doing so will serve the interests of judicial economy and expeditious resolution of the issues in the case. *See In re Laventhol & Horwath,* 139 B.R. 109, 116 (S.D.NY. 1992) (important factors for a court to consider

in deciding whether to lift an automatic stay for cause are "the interests of judicial economy and the expeditious and economical resolution of litigation").

35. This action was commenced in 2016, had has been litigated for more than six years.

36. The last thing Movant wants to do is become caught up of the time-consuming whirlpool of other claims in this Court in Pennsylvania that have nothing to do with litigating how his particular injury occurred in Brooklyn, New York. Movant certainly does not wish to be relegated to the end of the litigation line, while other unrelated claims are litigated first. Lifting the stay will permit Movant's claim to be litigated at the same time and can be resolved without delaying anyone else's claims.

**Continuing The Stay Will Impose Substantial Hardships On Movant That Outweigh Any Hardship On Debtor (FACTOR TWELVE)**

37. Relatedly, not lifting the stay would cause Movant greater hardship than lifting the stay would cause to Debtor. *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D. Ill. 1986); *Peterson,* 116 B.R. at 250. Indeed, the stay provides no appreciable corresponding benefit to Debtor. Plaintiff's Action is now in limbo and cannot progress for the foreseeable future, if the stay is not lifted. Plaintiff will thus have to wait an inordinately long time to have his personal injury claims adjudicated. The indefinite delay creates hardships for Movant, who has already had to endure six years of litigation. "A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships." *In re Bock Laundry Mach. Co. (Bock Laundry Mach. Co.),* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); *15375 Memorial Corp.,* 382 B.R. at 690 (Lifting stay because, among other reasons, Movant was "prejudiced by the lapse of time in terms of its ability to effectively

prosecute its claims"); *see also In re Robertson,* 244 B.R. 880, 883 (Bankr. N.D. Ga. 2000) ("Movant['s] claim for damages will evaporate if the stay is not lifted . . ."). *See Bock Laundry Mach. Co.,* 37 B.R. at 567 ("Personal injury litigation can consume a considerable length of time before the final award is made. Requiring the [Movants] to forego prosecution of their claims until such time as the stay is no longer in effect will effectively deny them an opportunity to be heard.").

38.  Conversely, if the stay is lifted, Debtor will not suffer at all. Its insurance carrier has already assumed the defense of the State Court Action and any judgment Movant obtains against the Debtor will be paid out of insurance proceeds and not by Debtor or the bankruptcy estates. Indeed, "the only party that stands to benefit financially if the stay is not lifted is [the Debtors' insurance company]." *Robertson,* 244 B.R. at 883. As one bankruptcy judge said in lifting the stay under similar circumstances: "[I]t would be grossly unfair for [the insurance company] to benefit at Movant's expense." *Id.; see also Awashi v. Jet Florida Sys., Inc.,* 883 F.2d 970 (11th Cir. 1989) ("The 'fresh start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured.").

## CONCLUSION

> "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's assets. A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate. It will only allow the Movant to establish the amount of [their] claim . . . In this respect, a relief from the stay will not violate the purpose for which it was imposed."

*Bock Laundry Machine, Co.,* 37 B.R. at 567.

On the other hand, Plaintiff believes the interests of judicial economy will be served by lifting the stay to permit the State Court Action to proceed in New York State Supreme Court, Kings County, where it was commenced.

**WHEREFORE**, Movant respectfully requests that the Court enter an order:

a) GRANTING Movant relief from the Automatic Stay to allow his State Court Action to proceed in the New York State Supreme Court, Kings, County; and

b) ACKNOWLEDGING that Movant has agreed not to seek amounts from Debtor in excess of the primary insurance coverage provided by State National Insurance Company, which is $1,000,000.00, plus any additional or excess insurance coverage that may be available.

Dated: April 11, 2022

JAROSLAWICZ & JAROS PLLC

By: _____
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
dtolchin@lawjaros.com
*Counsel for Plaintiff/Movant Hasan Tahiraj*