IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| Debtor | : | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING
THE (I) REJECTION OF A NON-RESIDENTIAL REAL PROPERTY
LEASE PURSUANT TO 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006
AND (II) ABANDONMENT OF PERSONAL PROPERTY PURSUANT
TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007(a)**

Scungio Borst & Associates, LLC (the "Debtor"), by and through its counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order authorizing the (i) rejection of a non-residential real property lease pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 and (ii) abandonment of personal property pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007(a) (the "Motion") and in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are 11 U.S.C. §§ 365 and 554 and Fed. R. Bankr. P. 6006 and Fed. R. Bankr. P. 6007.

**BACKGROUND**

4. On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor has remained in possession of its assets and is

liquidating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## REJECTION OF LEASE AGREEMENT

6. On or about October 24, 2005, the Debtor entered into a lease agreement, as amended (the "Lease Agreement"), with Delaware River Port Authority of Pennsylvania and New Jersey to lease certain non-residential real property located at One Port Center, 2 Riverside Drive, Suites 500 and 506, Camden, NJ 08103 (the "Premises").

7. The rent for the Premises is $11,418.75 per month. The Debtor is also responsible for its pro rata share of electrical costs in the approximate monthly amount of $1,387.17 and increases in operating costs in the approximate monthly amount of $513.72. The term of the Lease Agreement expires on October 31, 2024.

8. In light of the fact that the Debtor is liquidating its assets, the Debtor has determined that the Lease Agreement is not of value to the Debtor's estate.

9. The Debtor seeks authority to reject the Lease Agreement in order to mitigate potential administrative claims against the Debtor's estate.

10. Accordingly, the Debtor seeks an Order, pursuant to 11 U.S.C. § 365, rejecting the Lease Agreement effective upon the date of the filing of this Motion.

## RELIEF REQUESTED PURSUANT TO 11 U.S.C. § 365

11. The Debtor has determined that the Lease Agreement is not of value to the Debtor's estate. In the Debtor's business judgment, it is no longer in the best interest of the Debtor's estate to maintain the Lease Agreement which is a burden on the Debtor's estate. By rejecting the Lease Agreement, the Debtor can avoid incurring additional rent obligations and thereby increase any distribution to creditors. Moreover, the Debtor does not believe that it is

able to obtain any value for the Lease Agreement through assignment to third parties. As a result, the Debtor believes that the rejection of the Lease Agreement is in the best interest of the Debtor's creditors and the estate.

12. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." *See, In re University Medical Center*, 973 F.2d 1065, 1075 (3d Cir. 1992). The assumption or rejection of an unexpired lease or executory contract by a trustee is subject to review under the business judgment standard. *See, In re Federated Dept. Stores, Inc.*, 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases"). This standard is satisfied when a trustee determines that rejection will benefit the estate. *See, In re Hawaii Dimensions, Inc.*, 47 B.R. 425, 427 (D.Haw. 1985) ("Under the business judgment test, a court should approve a proposed rejection if such rejection will benefit the estate.") (citation omitted).

13. If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., Group of Institutional Investors v. Chicago M. St. P. & P.R.R. Co.*, 318 U.S. 523 (1943); *Sharon Steel Corp. v. National Fuel Gas Distribution*, 872 F.2d 36, 39-40 (3d Cir. 1989).

14. In applying the "business judgment" standard, courts show great deference to the decision to reject. *See, In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a decision to assume or reject an executory contract "should be granted as a matter of course").

15. The Debtor clearly satisfies the business judgment standard in rejecting the Lease Agreement. The Lease Agreement is costly to maintain and unnecessary to the Debtor's estate. Moreover, the Lease Agreement does not constitute a source of potential value for the estate.

16. Accordingly, the Debtor has determined, in the sound exercise of its business judgment, that the Lease Agreement should be rejected.

17. Additionally, the Debtor respectfully requests that the Lease Agreement be rejected as of the date of the filing of the Motion based upon the equities of this case. *See, In re Thinking Machine Corp.*, 67 F.3d 1021, 1025 (1st Cir. 1995).

## **ABANDONMENT OF PERSONAL PROPERTY**

18. The Debtor's assets include personal property located at the Premises (the "Personal Property"). The Personal Property includes mostly used office furniture and equipment.

19. The Debtor has already removed its books and records from the Premises that it will require to administer its estate.

20. The Debtor provided an auctioneer with a list of the Personal Property along with photographs and was advised that the Personal Property had very limited value. As such, the Personal Property should be abandoned back to the Debtor pursuant to 11 U.S.C. § 554 as it is of limited value to the Debtor's bankruptcy estate.

21. Accordingly, the Debtor seeks to abandon the Personal Property located at the Premises pursuant to 11 U.S.C. § 554(a).

## **RELIEF REQUESTED PURSUANT TO 11 U.S.C. § 554(a)**

22. The Bankruptcy Code, at 11 U.S.C. § 554, governs the abandonment of property of the estate. *See, e.g., In re NJ Affordable Homes Corp.*, 2013 Bankr. LEXIS 4798, at *171 (Bankr. D.N.J. Nov. 8, 2013).

23. Section 554(a) of the Bankruptcy Code provides as follows:

"(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate…"

*See*, 11 U.S.C. § 554(a).

24. Abandonment is a term of art with special meaning in the bankruptcy context. *See, e.g., In re Tadayon*, 2019 Bankr. LEXIS 1372, at *12 (B.A.P. 9th Cir. Apr. 29, 2019). According to one Bankruptcy Court in this Circuit:

" … [t]he word 'abandonment' is a term of art in this context and has special meaning. ***Once abandonment for purposes of § 554 has occurred, the property that has been abandoned no longer is property of the bankruptcy estate.*** *Fields v. Bleiman (In re Fields)*, 267 Fed. Appx. 144, 146 (3d Cir 2008). The debtor's interest in the property is restored *nunc pro tunc* as of the petition date. *Catalano*, 279 F.3d at 685 …" (***emphasis added***)

*See, In re Jones*, 396 B.R. 638, 648 (Bankr. W.D. Pa. 2008). *See also, In re Pena*, 600 B.R. 415, 422 (B.A.P. 9th Cir. 2019) *quoting Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002) (articulating that "[a]bandonment is the 'formal relinquishment of the property at issue from the bankruptcy estate'"); *In re Shultz*, 509 B.R. 190, 201 (Bankr. N.D. Ind. 2014) (articulating that the "abandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate").

25. The Personal Property located at the Premises is (i) burdensome to the Debtor's estate and (ii) has little value or benefit to the Debtor's estate.

26. As such, the Debtor desires to abandon the Personal Property located at the Premises pursuant to 11 U.S.C. § 554(a) effective as of the date of the filing of this Motion.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order: (i) granting the relief requested herein and (ii) for such other relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By:   /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com

*Attorneys for the Debtor*

Dated: April 21, 2022