IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> SCUNGIO BORST & ASSOCIATES, LLC, <br><br> Debtor | Chapter 11 <br><br> Case No. 22-10609 (AMC) <br><br> Hearing Date: 5/25/2022 at 12:30 p.m. <br> Location:  900 Market St., Ctrm. 4 <br>  Philadelphia, PA 19107 |

**MOTION OF KPG-MCG CURTIS TENANT, LLC
FOR AN ORDER MODIFYING THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)
TO PERMIT THE CONTINUATION OF CERTAIN PRE-PETITION LITIGATION
FOR THE LIMITED PURPOSE OF LIQUIDATING CLAIMS
AND A WAIVER OF THE FOURTEEN DAY STAY OF SUCH ORDER
UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(a)(3)**

TO:  THE HONORABLE ASHELY M. CHAN,
 UNITED STATES BANKRUPTCY JUDGE

The motion (the "Motion") of KPG-MCG Curtis Tenant, LLC ("KPG-MCG") for an Order Modifying the Automatic Stay Under 11 U.S.C. § 362(d) to Permit the Continuation of Certain Pre-Petition Litigation for the Limited Purpose of Liquidating Claims and a Waiver of the Fourteen Day Stay of Such Order Under Federal Rule of Bankruptcy Procedure 4001(a)(3) (the "Motion")[1], respectfully represents as follows:

## BACKGROUND

### The Contract

1. On or about October 27, 2015, KPG-MCG and Scungio Borst & Associates, LLC (the "Debtor") entered a "Cost of the Work Plus a Fee with a Guaranteed Maximum Price"

---

[1] The filing of this Motion shall not be deemed or construed to be a waiver of any of the rights of KPG-MCG in this proceeding including, without limitation, (i) to have final orders in non-core matters entered only after *de novo* review by a higher court, (ii) to trial by jury in any proceeding so triable in this case, or any case, controversy, or adversary proceeding related to this case, (iii) to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or (iv) any other rights, claims, actions, defenses, setoffs, or recoupments to which KPG-MCG may be entitled at law or in equity, all of which are expressly preserved.

1

agreement (the "Contract"), whereby the Debtor agreed to serve as the general contractor/construction manager for a construction project known as the "Lyndon at the Curtis" at the Curtis Center in Philadelphia (the "Project").

### The Litigation

2. On October 31, 2018 (the "Lien Claim Date"), the Debtor filed a mechanic's lien (the "Lien") against certain real property located at 601 Walnut Street, Philadelphia, PA 19103 (the "Property") in the amount of $7,444,073.05 upon the commencement of an action in the Court of Common Pleas of Philadelphia County in a proceeding styled *Scungio Borst & Associates, LLC v. KPG-MCG Curtis Tenant, LLC, et al.*, October Term 2018, Case No. M0013 (the "Mechanic's Lien Action").

3. On or about November 9, 2018, KPG-MCG commenced an action in the Court of Common Pleas of Philadelphia County styled *KPG-MCG Curtis Tenant, LLC v. Scungio Borst & Associates, LLC, et al.*, November Term 2018, Case No. 01154 (the "KPG-MCG Action"), asserting claims against the Debtor. These claims asserted by KPG-MCG against the Debtor included three counts of fraud, breach of fiduciary duty, specific performance, and breach of contract.

4. In February 2019, the Debtor filed a Complaint Upon Mechanics' Lien Claim (the "Mechanic's Lien Complaint") in the Mechanic's Lien Action. The Mechanic's Lien Complaint alleged, *inter alia*, the Debtor had performed work at the Property with an original base contract price of $24,858,119 and that the Debtor had provided additional labor, materials, equipment, and services under "change orders" that increased the contract price to $39,079,768.90. According to the Debtor, KPG-MCG was in default of its obligations to the Debtor on the Lien Claim Date

because it had failed to pay no less than $7,444,073.05, which was allegedly due and owing for labor, materials, equipment, and services furnished by the Debtor under the Contract.

5. On or about February 8, 2019, the Debtor commenced a second action in the Court of Common Pleas of Philadelphia County styled *Scungio Borst & Associates, LLC v. KPG-MCG Curtis Tenant LLC*, February Term 2019, Case No. 00666 (the "SBA Action") upon the filing of a complaint asserting contract, quasi contract, and statutory claims under the Contractor and Subcontractor Payment Act ("CASPA") against KPG-MCG (the "SBA Complaint"), and included a claim for misrepresentation against defendant DAS Architects, Inc. (the "Project Architect").

6. The SBA Action and the KPG-MCG Action were consolidated for discovery purposes with certain other actions brought by subcontractors seeking payment from the Debtor related to the Project, including: *Component Assembly Systems Inc. v. KPG-MCG Curtis Tenant LLC et al.*, Court of Common Pleas of Philadelphia County, August Term 2019, Case No. 02079 (the "Subcontractor Action" and, together with the Mechanic's Lien Action, the KPG-MCG Action, and the SBA Action, the "Litigation"); *Cippco, Inc. v. Scungio Borst & Associates, LLC, et al.*, Court of Common Pleas of Philadelphia County, January Term 2019, Case No. 02911; and *DWD Mechanical Contractor Inc. v. Scungio Borst & Associates LLC, et al.*, Court of Common Pleas of Philadelphia County, March Term 2019, Case No. 02707 (collectively, the "Consolidated Subcontractor Actions"). To date, and without the assistance of the Debtor, KPG-MCG has settled nearly all the Consolidated Subcontractor Actions. Importantly, the Debtor has not provided any credit to KPG-MCG for the resolution of these claims.

7. Pursuant to that certain Settlement Agreement and Mutual Release made effective November 6, 2020 and executed between Component Assembly Systems, Inc. ("Component Assembly"), KPG-MCG, and Arch Insurance Company, Component Assembly agreed to assign

3

to KPG-MCG, *inter alia*, all of its rights (a) in the Subcontractor Action, (b) to pursue claims arising out of the Project and/or Component Assembly's subcontract (the "CAS Subcontract"), (c) to claims and remedies under CASPA, and (d) to seek interest, penalties, and attorneys' fees as permitted by the CAS Subcontract or applicable law.

8. Substantial progress has been made in the Litigation to date, as follows:

    a. <u>Mechanic's Lien Action</u>: The Mechanic's Lien Action has been pending since October 31, 2018. On February 12, 2019, the Debtor filed the Mechanic's Lien Complaint, alleging that KPG-MCG was in default of its obligations to the Debtor because it had failed to pay no less than $7,444,073.05. On October 9, 2020, following preliminary objection practice, KPG-MCG's preliminary objections were sustained in part and the Lien was reduced to $7,331,662.23. On November 3, 2021, following summary judgment practice, **the Court in the Mechanic's Lien Action reduced the Debtor's Lien from $7,444,073.05 to $224,201.48** (the "Summary Judgment Order").[2] **<u>The Mechanic's Lien Action has now been pending for three and a half years</u>**.

    b. <u>KPG-MCG Action</u>: On November 9, 2018, KPG-MCG filed the KPG-MCG Action, asserting claims against the Debtor for fraud, breach of fiduciary duty, specific performance, and breach of contract. On February 19, 2020, the KPG-MCG Action was consolidated with the SBA Action for the purposes of discovery. Thus far, no fewer than seven (7) discovery orders have been entered against the Debtor, including two (2) orders for sanctions. On March 10, 2022, KPG-MCG filed yet another Motion for Contempt (the "Motion for Contempt") as a result of the Debtor's repeated and ongoing violations of multiple orders that had been entered in the SBA Action specifically requiring the Debtor to respond to certain requests for

---

[2] A true and correct copy of the Summary Judgment Order is incorporated herein by reference and attached hereto as Exhibit "A".

4

PHIL1\9983700.v1

discovery. The Motion for Contempt remains pending. **The KPG-MCG Action has now been pending for three and a half years**.

        c.    SBA Action: On February 8, 2019, the Debtor filed the SBA Action, asserting contract, quasi contract, and statutory claims under CASPA against KPG-MCG. The Debtor also asserted a misrepresentation claim against the Project Architect. **The SBA Action has now been pending for over three years**.

        d.    Subcontractor Action: On August 16, 2019, Component Assembly filed the Subcontractor Action against the Debtor and KPG-MCG, seeking payment on account of the Debtor's failure to make payments to Component Assembly under the CAS Subcontract, and for violations of CASPA. **The Subcontractor Action has now been pending for two and a half years**.

    9.    Collectively in the Litigation, the parties have produced close to one million (1,000,000) pages of documents, including significant productions of electronically stored information. The parties have conducted numerous depositions; by way of example, the Debtor has deposed several KPG-MCG employees and corporate designees, as well as third parties, while KPG-MCG has deposed numerous (now former) employees and vendors of the Debtor, including Bruce Betz, Diane Veteri, Joseph Sturgis, Matthew Elicker, Matthew Lynch, Omayra Borrero, and Santos Espinosa. Prior to the Petition Date (defined below), KPG-MCG anticipated completing depositions, including the depositions of Philip Borst, Scott Scungio, and the Debtor's corporate designee, in the coming months.

    10.    The SBA Action also includes the Debtor's claims against the Project Architect based upon alleged deficiencies in the drawings and plans prepared. Up until the Petition Date,

5

PHIL1\9983700.v1

the Project Architect was an active participant in the Litigation. KPG-MCG anticipates that the Debtor will also continue to proceed in the Litigation against the Project Architect.

11. All the Litigation is pending in the Philadelphia Court of Common Pleas before the Hon. Nina Wright Padilla, the Supervising Judge of the Commerce Program—a specialty program within the court responsible for business-related disputes. The Commerce Program has significant experience hearing disputes involving construction projects. Judge Wright Padilla has over seventeen (17) years of experience as a trial court judge. In addition, Judge Wright Padilla appointed an experienced Judge *Pro Tempore*, Mitchell Bach, Esq., to serve as discovery master. Prior to the Petition Date, the parties had engaged significantly with the discovery master on numerous discovery motions. As noted above, seven (7) discovery orders have been entered against the Debtor, including two (2) sanctions orders.

12. Presently, the discovery end date in the Litigation is July 5, 2022. The Debtor's expert reports, which in some respects have already been produced, are due on July 5, 2022. The expert reports of KPG-MCG and the Project Architect will be due on September 6, 2022, and dispositive motions are due September 19, 2022. The cases are to be "trial ready" by February 6, 2023.

**The Bankruptcy Case**

13. On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). See ECF No. 1.

14. The Debtor has repeatedly indicated that it intends to continue with the Litigation. On March 11, 2022, the Debtor filed the Declaration of Scott P. Scungio ("Scungio") in Support of the Chapter 11 Petition and Motion for Entry of an Order Authorizing the Rejection of Executory Contracts (the "Declaration"). See ECF No. 9. In the Declaration, Scungio continued

6

to advance the demonstrably false narrative that "[t]he amounts owed to the Debtor by [KPG-MCG] are in excess of $12,000,000", despite the entry of the Summary Judgment Order reducing the balance of the Lien by over $7,000,000. See id. at ¶ 24. Scungio furthermore declared that "the Debtor intends to liquidate its assets, **pursue the prosecution of the [SBA Action]** and distribute the proceeds in accordance with the priorities of the Bankruptcy Code under a plan of liquidation confirmed by the Bankruptcy Court." Id. at ¶ 35 (emphasis added).

15. On April 5, 2022, the Debtor also filed an Application for the Entry of an Order Authorizing the Retention and Employment of Bochetto & Lentz, P.C. as Special Litigation Counsel Pursuant to 11 U.S.C. §§ 327(e) and 328(a), Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1 (the "Application"). See ECF No. 44. Pursuant to the Application, the Debtor seeks authorization to employ and retain Bochetto & Lentz, P.C. ("B&L") as special litigation counsel "to provide services to the extent necessary and as requested by the Debtor with respect to the Litigation…on which B&L is currently representing the Debtor." Id. at ¶ 7. Under the Application, B&L is "willing to be retained on a contingent fee basis of twenty percent (20%) of any funds recovered plus the Costs and Expenses plus the reimbursement of the Unpaid Costs". Id. at ¶ 29. "After all discovery is completed and all expert reports have been exchanged, [B&L also] reserves the right to seek modification of this fee agreement and reserves the right to withdraw as counsel for the Debtor." Id. at ¶ 28.

16. The claims advanced by the Debtor, including its claim against the Project Architect, KPG-MCG, and the various subcontractors in the Litigation, are all inextricably intertwined with those claims advanced by KPG-MCG and relate to the Project. To the extent the Application is approved, whether with B&L at the helm or other counsel of choice, both principles

7

PHIL1\9983700.v1

of judicial economy and fairness require that KPG-MCG be afforded an opportunity to both defend itself in the Litigation and liquidate its own claims against the Debtor, including those for set-off.[3]

17. For the reasons hereinafter set forth, KPG-MCG is entitled to the entry of an order modifying the automatic stay to permit the continuation of the Litigation for the limited purpose of liquidating its claims and a waiver of the fourteen-day stay of such order under Federal Rule of Bankruptcy Procedure 4001(a)(3).

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

18. Section 362(a) of the Bankruptcy Code provides:

> [A] petition filed under section 301…of this title…operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial…proceeding against the debtor that was or could have been commenced before the commencement of the case under this title…

19. However, a party in interest may obtain relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code, which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay…
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

20. The Bankruptcy Code does not define what constitutes "cause" for purposes of relief from stay. Rather, it is determined on a "case-by-case" basis. See Int'l Bus. Machines v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.), 938 F.2d 731, 735

---

[3] On April 12, 2022, KPG-MCG filed an Objection to the Application (the "Objection"). For the reasons stated in the Objection, KPG-MCG objects to the retention of B&L as special counsel. Nevertheless, out of an abundance of caution and because the Debtor has indicated an intent to proceed with the Litigation (whether with B&L or other counsel), KPG-MCG files the instant Motion. Nothing herein shall be construed to waive any arguments, rights, or remedies asserted by KPG-MCG in the Objection, all of which are expressly preserved.

(7th Cir. 1991) (citing In re Tucson Estates, 912 F.2d 1162, 1166 (9th Cir. 1990)). However, the legislative history of Section 362 of the Bankruptcy Code indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R.Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code. Cong. & Admin.News pp. 5787, 6300.

21. Generally, courts evaluate the merits of motions such as this one under a three-factor test to determine whether: "(a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and (c) the creditor has a probability of prevailing on the merits." In re Absenia Holding, Inc., 2016 WL 5867039, *2 (Bankr. D. Del. October 6, 2016) (citing In re Rexene Prod. Co., 141 B.R. 574, 577 (Bankr. D. Del. 1992); In re Peregrine Sys. Inc., 2005 WL 2401955 at *3 (D. Del. Sept. 29, 2005)).

22. Courts often follow the logic of the intent behind Section 362(d) in determining whether cause exists to lift the stay—that it is often appropriate to allow litigation to proceed, if no prejudice befalls the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009); In re Peterson, 116 B.R. 247, 250 (D. Colo. 1990) ("[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources").

23. Courts in the Third Circuit have also considered general policies underlying the automatic stay when deciding whether to grant a motion modifying it. The policies include:

> 1) whether relief would result in a partial or complete resolution of the issue; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the

>necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interest of judicial economy and the expeditious and economical resolution of litigation; and 11) impact of the stay on the parties and the balance of the harms.

In re The SCO Group, Inc., 395 B.R. 852, 857 (Bankr. D. Del. 2007) (quoting In re Sonnax Indus., Inc. v. Tri Component Prods. Corp., 907 F.2d 1280, 1287 (2d Cir. 1990)).

24. As an initial matter, and given the posture and progress of the Litigation, principles of judicial economy would plainly be served by granting the relief requested by KPG-MCG in this Motion. See In re The Conference of African Union First Colored Methodist Protestant Church, 184 B.R. 207, 218 (Bankr. D. Del. 1995) ("[T]he existence of a more appropriate forum than the bankruptcy court is "cause" for relief under Code § 362(d)(1)"); In re Matter of Baker, 75 B.R. 120, 121 (Bankr. D. Del. 1987) (granting relief from stay to permit Family Court to determine issues with which it had expertise). Even so, consideration of the Rexene factors weighs heavily in favor of modifying the automatic stay to permit KPG-MCG's prosecution and defense of the Litigation to continue.

25. First, no "great prejudice" will result to either the estate or the Debtor if KPG-MCG's participation in the Litigation is permitted to continue. See Rexene, 141 B.R. at 577. To the extent the Debtor is authorized to retain and employ special litigation counsel—whether B&L or another firm—on a strictly contingent fee basis, the continuation of the Litigation will not deplete estate assets. Further, because the Debtor's claims against KPG-MCG will presumably continue to be litigated in state court, it only makes sense that claims asserted by KPG-MCG—

10

PHIL1\9983700.v1

some of which have been asserted in the Debtor's own cases—be litigated in state court as well. The likelihood that prejudice would result to the estate is furthermore substantially reduced because KPG-MCG only seeks to liquidate, as opposed to collect on, its claims in the Litigation. See In re Tricare Rehabilitation Sys., Inc., 181 B.R. 569, 578 (Bankr. N.D. Ala. 1994) (lifting the stay to liquidate, as opposed to collect); In re Metzner, 167 B.R. 414, 416 (E.D. La. 1994) (same). In effect, all that KPG-MCG seeks is an adjudication of liability that can serve as a predicate for recovery in this bankruptcy case. Accordingly, modifying the automatic stay of 11 U.S.C. § 362(d) to allow KPG-MCG to continue with its defense and the liquidation of its own Litigation claims will provide the parties with the swiftest and most efficient means to a resolution of their disputes.

26. Second, should the Debtor be permitted to continue its prosecution and defense of the Litigation—and KPG-MCG be denied the right to continue with its own defense and advancement of its claims and counterclaims to liquidation—the hardship that would result to KPG-MCG would be devastating. See Rexene, 141 B.R. at 577. In fact, KPG-MCG posits that the estate would suffer nearly no prejudice—much less the "great prejudice" that the standard requires. The piecemeal legal process and re-litigation of claims—some of which have already advanced through the summary judgment stage—that would presumably result from a denial of this Motion is neither favored by principles of judicial comity nor economy. Accordingly, the automatic stay should be modified to allow for the liquidation of the Litigation claims.

27. Third, the likelihood that KPG-MCG will prevail on its claims in the Litigation is not just a possibility, but a probability. See Rexene, 141 B.R. at 577. Even without that assurance, the final prong of the Rexene analysis is satisfied by "even a slight probability of success on the merits…in an appropriate case." In re Continental Airlines, 152 B.R. 420, 425 (D. Del. 1993). To date, the Lien originally filed by the Debtor in the Mechanic's Lien Action has already been

11

PHIL1\9983700.v1

reduced by over $7,000,000, leaving the Debtor with a potential claim arising from the Lien of no more than $224,201.48. Further, in a recent Motion for Summary Judgment filed by KPG-MCG in the SBA Action, the Court issued an order dated November 3, 2021 (the "November 3, 2021 Order") that denied the relief sought by KPG-MCG, but simultaneously stated that "[i]f [KPG-MCG] withheld payment of certain amounts allegedly due to plaintiff and such withholding was proper under the provisions of the Mechanic's Lien Law, then such withholding is unlikely to be found a violation of the Contractor and Subcontractor Payment Act."[4] At the very least, then, there can be no question that the Litigation presents triable factual issues—and in many respects fact issues that the state court has already ruled upon. See Fernstrom, 938 F.2d at 736 (the court lifted the automatic stay where underlying action was not frivolous); In re Peterson, 116 B.R. at 249 (the bankruptcy court will not "pre-try" the case; "all that is required is that the movant make more than a 'vague initial showing' that he can establish a prima facie case"). Accordingly, there is more than a mere possibility that KPG-MCG will prevail on the merits of its claims and defenses in the Litigation.

28.    When analyzed under the Rexene factors, the facts plainly demonstrate that cause exists to modify the automatic stay as requested by KPG-MCG in this Motion. See Rexene, 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal). For all those reasons set forth herein, the factors considered by other courts in this Circuit also weigh heavily in favor of granting KPG-MCG the relief it seeks in this Motion. See SCO Group, 395 B.R. at 857. Accordingly, KPG-MCG respectfully requests that the automatic stay of 11 U.S.C. § 362(a) be modified to permit KPG-MCG's continued prosecution and defense of the Litigation claims to liquidation.

---

[4] A true and correct copy of the November 3, 2021 Order is incorporated herein by reference and attached hereto as Exhibit "B".

12

PHIL1\9983700.v1

**CONCLUSION**

29. For the foregoing reasons, KPG-MCG respectfully requests that this Court enter an order modifying the automatic stay as set forth in this Motion.

WHEREFORE, KPG-MCG Curtis Tenant, LLC respectfully requests the entry of an order, substantially in the form submitted herewith, (i) modifying the automatic stay imposed by Section 362(a) of the bankruptcy Code to permit KPG-MCG to prosecute and defend the Litigation to judgment or other resolution; and (ii) granting to KPG-MCG such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By: */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to KPG-MCG Curtis Tenant, LLC*

Dated: April 29, 2022

PHIL1\9983700.v1