# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | | |
|---|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC, : | | OCTOBER TERM, 2018 |
| Plaintiff, : | | NO. M0013 |
| v. : | | COMMERCE PROGRAM |
| KPG-MCG CURTIS TENANT, LLC, et al., : | | Control No. 21043330 |
| Defendants, : | | |

**ORDER**

**AND NOW**, this 3rd day of November, 2021, upon consideration of the Motion for Summary Judgment filed by KPG-MCG Curtis Tenant, LLC, Curtis Center TIC I LLC, and Curtis Center TIC II LLC, the responses thereto, and all other matters of record, it is **ORDERED** that said Motion is **GRANTED in part**[1] and the Mechanics' Lien filed by plaintiff against the

---

[1] "The practice and procedure to obtain judgment upon a [Mechanic's Lien] shall be governed by the Rules of Civil Procedure promulgated by the Supreme Court[,]" which include summary judgment procedures. 49 Pa. Stat. Ann. § 1701. "[W]here there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, [it] may not merely rely on [its] pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to [its] case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." Murphy v. Duquesne Univ. Of The Holy Ghost, 565 Pa. 571, 590, 777 A.2d 418, 429 (2001). See also Pa. R. Civ. P. 1035.2. Plaintiff bears the burden of proving the amounts due to it from defendants, which allegedly form the basis for its Mechanic's Lien. However, in response to the Motion, plaintiff proffered no evidence that $7,444,073.05, the amount it claims in its Mechanic's Lien, is due. Instead, plaintiff relied solely on the allegations of its pleadings and blanket denials of the facts stated by defendants in their Motion.

The only amounts that are discussed by, and apparently still disputed between, the parties are those demanded in plaintiff's last three Progress Payment Applications and its Final Payment Application, all of which were apparently not paid. Under the terms of the parties' contract, only two of these applications could have constituted "debts due" to plaintiff by defendants at the time plaintiff filed the Mechanic's Lien; the latter two were delivered to defendants, and came due, later if at all. See Pa. Stat. Ann. § 1301 ("every improvement and the estate or title of the owner in the property shall be subject

Property known as 601Walnut Street, Philadelphia, PA, BRT/OPA 52791145 is **REDUCED** in amount to Two Hundred and Twenty-Four Thousand, Two Hundred and One Dollars, and Forty-Eight Cents ($224,201.48).

BY THE COURT:

_____
J.

---

to a lien, to be perfected as herein provided, for the payment of **all debts due** by the owner to the contractor.") (emphasis added).

    The amounts claimed in the two Applications submitted before the Mechanic's Lien was filed total $224,201.48.  Since the debts evidenced by the last two Applications were not yet due at the time the Mechanics' Lien was filed, they cannot serve as a basis for the Mechanic's Lien.  Since plaintiff has not proffered evidence of any other debts still due to it from defendants, the Mechanic's Lien must be reduced to the amount of the two earlier Applications.  However, plaintiff's contract claim to collect all such amounts alleged due, which is asserted in a separate action, may still proceed.

2