**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SCUNGIO BORST & ASSOCIATES, LLC, | ) Case No. 22-10609(AMC) |
| | ) |
| Debtors. | ) |

**LIMITED OBJECTION OF DELAWARE RIVER PORT AUTHORITY OF PENNSYLVANIA AND NEW JERSEY TO THE DEBTOR'S MOTION AUTHORIZING THE (I) REJECTION OF A NON-RESIDENTIAL REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. § 365 AND FED. R. BANKR. P. 6006 AND (II) ABANDONMENT OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007(a)**

Delaware River Port Authority of Pennsylvania and New Jersey ("DRPA") files this Limited Objection (the "Limited Objection") to the Debtor's Motion Authorizing the (I) Rejection of a Non-Residential Real Property Lease Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 and (II) Abandonment of Personal Property Pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007(a) (the "Motion"), and states as follows:

## BACKGROUND

1. On March 11, 2022 (the "Petition Date"), Scungio Borst & Associates, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtor entered into a Lease Agreement between Delaware River Port Authority of Pennsylvania and New Jersey and Scungio Borst & Associates, Inc. (as amended, the "Lease Agreement") with DRPA to lease certain non-residential real property located at One Port Center, 2 Riverside Drive, Suites 500 and 506, Camden, New Jersey 08103 (the "Premises").

1

3. On April 21, 2022, the Debtor notified DRPA that it intended to surrender the Premises to DRPA, after having removed certain property from the Premises.

4. Otherwise, the Debtor left others property behind when vacating the unit which mainly consists of unwanted office equipment, supplies and electronic equipment (the "Abandoned Equipment"). True and correct photos of at least some of the Abandoned Equipment are attached hereto as Exhibit A.

5. On April 21, 2022, the Debtor filed the Motion which seeks an order *inter alia* abandoning the Abandoned Property.

6. The Motion further seeks that the order reflect that rejection of the Lease Agreement be deemed effective upon the filing of the Motion.

## Basis for Limited Objection

7. DRPA does not oppose the Debtor's rejection of the Lease Agreement. However, DRPA is filing this Limited Objection solely to (a) permit DRPA to remove, sell or otherwise dispose of the Abandoned Property and (b) clarifying that the rejection be deemed effective as of the entry of the Order instead as of the filing of the Motion.

## LIMITED OBJECTION

8. Section 554 of the Bankruptcy Code states that "the trustee may abandon any property that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

9. Property abandoned under Section 554(a) normally reverts back to the Debtor. *In re Purco, Inc.,* 76 B.R. 523, 1987 Bankr. LEXIS 1176 (Bankr. W.D. Pa. 1987*)*.

10. However, the Debtor does not appear to want the Abandoned Property. Indeed, it has already vacated the Premises, took other property with it and in the process left the Abandoned Property behind.

11. Further, until such time as the Abandoned Property has been removed from the Premises which DRPA is unable to do until the Order has been entered, DRPA is unable to use, otherwise lease the Premises to a new tenant, or prepare the Premises for a new tenant. Thus, the rejection should not be effective until DRPA is given authority to sell, remove or otherwise dispose of the Abandoned Property by, among other possibilities, entry of the Order.

12. Indeed, the Debtor cites *Thinking Machs. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021 (1st Cir. 1995) in support of its argument that rejection should become effective as of the filing of the Motion. To the contrary, *Thinking Machs*. holds the opposite - that rejection should normally not take place until after the court enters an order approving the rejection. *Id*., p. 1025.

13. In *Thinking Machs*., the First Circuit did suggest that a bankruptcy court could approve a rejection retroactively based on equitable considerations. *See In re Upper Crust, LLC*, 502 B.R. 1, 6 (Bankr. D. Mass. 2013). However, the Debtor has not suggested an equitable consideration that would support retroactive rejection. Moreover, any equitable considerations favor DRPA's position since it is being denied the use of the Premises until such time as the Abandoned Property has been removed.

**WHEREFORE**, for the foregoing reason, DRPA seeks an Order allowing the Debtor to reject the Lease Agreement effective as of entry of the Order, permitting DRPA to remove, sell or

otherwise dispose of the Abandoned Property, and otherwise granting such further relief as the Court deems just and necessary.

                                      **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: May 3, 2022              By: */s/ Gary D. Bressler*
                                        Gary D. Bressler, Esq.
                                        Gaston P. Loomis, Esq.
                                        1600 John F. Kennedy Blvd., Suite 1500
                                        Telephone: (215) 557-2900
                                        Facsimile: (215) 557-2990
                                        E-mail: gbressler@mdmc-law.com
                                                    gloomis@mdmc-law.com

                                        *Counsel to Delaware River Port Authority of Pennsylvania and New Jersey*