IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In re: | : | CHAPTER 11 |
|---|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC | : | BANKRUPTCY NO. 22-10609(AMC) |
| Debtor | : | |

## ORDER

**AND NOW**, upon consideration of the Motion of Debtor for Entry of an Order Authorizing the (I) Rejection of a Non-Residential Real Property Lease Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006 and (II) Abandonment of Personal Property Pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007(a) (the "Motion"), and after notice to parties in interest, and the Limited Objection filed by Delaware River Port Authority of Pennsylvania and New Jersey (the "DRPA"); it is hereby **ORDERED** that:

1. The Motion is **GRANTED as modified herein**.

2. The Lease Agreement by and between DRPA, as Landlord, and Scungio Borst & Associates, LLC (the "Debtor"), as Tenant, dated October 24, 2005, as amended (the "Lease Agreement"), for the premises located at One Port Center, 2 Riverside Drive, Suites 500 and 506, Camden, NJ 08103 (the "Premises") is hereby **REJECTED**.

3. The effective date of the rejection of the Lease Agreement and the abandonment of the personal property located at the Premises (the "Personal Property") shall be determined by further Order of this Court in connection with the Motion of Delaware River Port Authority of Pennsylvania and New Jersey to (I) Compel Payment of Post-Petition Rent and other Obligations and (II) Permit the Recoupment or alternatively Setoff of the Security Deposit being held by Landlord, currently scheduled to be heard by the Court on June 8, 2022 at 12:30 p.m.

4. All of the Personal Property is hereby **ABANDONED** by the Debtor to the DRPA and the DRPA is permitted to immediately sell, remove, or otherwise dispose of the Personal Property.

5. The DRPA is permitted to apply any proceeds from the sale of the Personal Property to its general unsecured claim. The DRPA reserves the right to add onto its general unsecured claim any costs associated with selling, removing or otherwise disposing of the Personal Property and the Debtor reserves the right to object thereto.

6. This Order shall take effect and be fully enforceable immediately upon its entry. Notwithstanding any Bankruptcy Rule or other applicable law, there shall be no stay of execution or effectiveness of this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

BY THE COURT:

Dated: _____

**Date: May 25, 2022**

_____
ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE