IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| Debtor | : | |
| | : | |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE SALE OF A 2010 16' CAROLINA SKIFF BOAT MODEL 16 JVX
[IDENTIFICATION NO. EKHOT 605C0 10], 2011 VENTURE TRAILER
MODEL VASK-2100 [IDENTIFICATION NO. 47GAK1819BB000004] AND RELATED
ACCESSORIES FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363, (II) GRANTING THE REQUEST
FOR A WAIVER OF 14 DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h) AND
(III) GRANTING THE REQUEST FOR AN EXPEDITED HEARING WITH REDUCED
<u>NOTICE PERIOD AND LIMITED NOTICE</u>**

Scungio Borst & Associates, LLC (the "Debtor"), by and through its counsel, Karalis PC, hereby moves this Honorable Court for entry of an Order (i) authorizing the sale of a 2010 16' Carolina Skiff Boat Model 16 JVX [Identification No. EKHOT 605C0 10], a 2011 Venture Trailer Model VASK-2100 [Identification No. 47GAK1819BB000004] and related accessories free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363, (ii) granting the request for a waiver of 14 day stay pursuant to Fed. R. Bankr. P. 6004(h) and (iii) granting the request for an expedited hearing with reduced notice period and limited notice (the "Motion") and in support thereof, respectfully represents as follows:

**I.      JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363 and

Fed. R. Bankr. P. 6004.

**II.    BACKGROUND**

4.    On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5.    Since the Petition Date, the Debtor has remained in possession of its assets and is liquidating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.    An official committee of unsecured creditors (the "Committee") has been appointed by the United States Trustee.

7.    The Debtor's bankruptcy estate owns, among other things, a (i) 2010 16' Carolina Skiff Boat Model 16 JVX [Identification No. EKHOT 605C0 10] (ii) 2011 Venture Trailer Model VASK-2100 [Identification No. 47GAK1819BB000004] and (iii) related accessories including, but not limited to, hand radio, life jackets, first aid kit, remote controls for fishing trawler, peddles for remote, and depth finders (collectively, the "Property").

7.    The Debtor has received an offer to purchase the Property from Charles Gillen, Jr. (the "Purchaser") for a purchase price of $10,000.00 (the "Purchase Price"). The Bill of Sale is attached hereto as Exhibit "A" and made a part hereof.

8.    In accordance with the Bill of Sale, the Purchaser will pay the Purchase Price within ten (10) days after the entry of a Bankruptcy Court Order authorizing the sale of the Property to the Purchaser.

9.    The sale of the Property to the Purchaser is contingent only upon Bankruptcy Court approval.

10. The Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

### III. THE PROPOSED SALE AND RELIEF REQUESTED

11. The Debtor desires to sell the Property free and clear of all liens, claims, interests and encumbrances.

12. Pursuant to 11 U.S.C. § 363 and in furtherance of the Debtor's efforts to liquidate the Property, the sale of the Property must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

13. The Liens and Claims shall attach to the proceeds of the sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

14. The Purchase Price shall constitute the highest and best offer that the Debtor has or shall receive and shall constitute a purchase in good faith for fair value within the meaning of Section 363(m) of the Bankruptcy Code and *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986).

15. The sale of the Property free and clear of all Liens and Claims is in the best interest of the bankruptcy estate and is necessary in order to allow the Debtor to liquidate the

Property.

### IV. **THE DEBTOR HAS COMPLIED WITH 11 U.S.C. § 363**

16. By this Motion, the Debtor seeks the entry of an Order by the Court authorizing the sale of the Property free and clear of the Liens and Claims.

17. Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. *See, Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Property meets each of these four (4) factors.

**(a)    The proposed sale is supported by sound business reasons.**

18. Courts have made it clear that a trustee's showing of a sound business justification need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition with sound business reasons." *See, In re Baldwin United Corp.*, 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See, In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). *See also, Industrial Valley Refrig. & Air Conditioning Supplies, Inc.*, 77 B.R. 15 (Bankr. E.D. Pa. 1987) (adopting *Lionel* reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under § 363(b) of the Bankruptcy Code, a court "should consider all salient factors pertaining to the proceeding." *See, Lionel*, 722 F.2d at 1071. In evaluating these and other pertinent factors, the

4

court should bear in mind that the overriding goal is "to further the diverse interests of the trustee, creditors and equity holder, alike." *See, Id.*

19. The Debtor believes, and therefore avers, that there is good and sufficient business justification for the Debtor to sell the Property and is in the best interest of the bankruptcy estate for this Court to grant the Motion.

20. Accordingly, as the foregoing discussion demonstrates, the Debtor believes that the sale of the Property is justified by sound business reasons and is necessary to preserve and maximize the return to the bankruptcy estate.

**(b) The sale has been proposed in good faith.**

21. "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *See, In re Abbotts Dairies Pennsylvania, Inc.,* 788 F.2d 143, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *See, Id.*

22. The proposed sale of the Property is an arms-length transaction.

23. The Debtor has no relationship with the Purchaser.

**(c) The Purchase Price is fair and reasonable.**

24. The Debtor believes that the Purchase Price is fair and reasonable.

25. The NADA Guide reflects that the fair market value of the Property, not including the related accessories, is $8,105.00 as follows:

    (a)    2010 16' Carolina Skiff Boat Model 16 JVX [Identification No. EKHOT 605C0 10] - $7,810.00 and

(b) 2011 Venture Trailer Model VASK-2100 [Identification No. 47GAK1819BB000004] - $295.00.

26. The Purchase Price is more that the NADA Guide fair market values.

27. Upon information and belief, the related accessories have minimal value.

28. The Purchase Price is the highest and best offer received by the Debtor.

29. The Debtor believes that the Purchase Price is fair and reasonable.

**(d)** **Accurate and reasonable notice of the sale will be provided.**

30. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private or by public auction. *See*, Fed. R. Bankr. P. 6004(f)(1).

31. Pursuant to Bankruptcy Rule 6004, notice of a proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. *See*, Fed. R. Bankr. P. 2002(c)(1). Moreover, notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property.

32. The Debtor submits that the proposed Order scheduling an expedited hearing on this Motion (the "Expedited Order") meets all of the above requirements. The Expedited Order describes the Property and fixes a deadline for objecting to the same.

**(e)** **The Requirements of 11 U.S.C. § 363(f).**

33. Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --

(1) applicable nonbankruptcy law permits sale of such property

free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See*, 11 U.S.C. § 363(f).

34. In the case at hand, upon information and belief, the Property is not encumbered by any lien or security interest.

35. Thus, the Debtor submits that the sale of the Property, free and clear of the Liens and Claims, satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly, the Debtor seeks the entry of an Order authorizing the sale of the Property pursuant to § 363 of the Bankruptcy Code.

## V. REQUEST FOR WAIVER OF 14 DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h)

36. The Purchaser has requested to close on this sale transaction as soon as possible. As such, the Debtor respectfully requests that the Order granting the Motion shall be effective immediately upon entry and that the fourteen (14) day stay of Fed. R. Bankr. P. 6004(h) be waived.

## VI. REQUEST FOR EXPEDITED HEARING WITH REDUCED NOTICE PERIOD AND LIMITED NOTICE

37. If the hearing on this Motion was held in the normal course, the hearing would not be held until September 21, 2022.

38. The Purchaser has requested to close on this sale transaction as soon as possible so that he can enjoy the Property for the remainder of the Summer.

39. As such, the Debtor respectfully requests that a hearing be scheduled on this Motion on an expedited basis so that it may be heard on the Court's first available date during the week ending on September 2, 2022.

40. The Debtor also requests that the notice period be reduced accordingly to allow the hearing to proceed on whatever date and time is scheduled by this Court. In addition, in light of the amount of the Purchase Price and the appointment of the Committee, the Debtor requests that notice be limited to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) the Purchaser and (iv) all parties who have timely filed requests for notices pursuant to Fed. R. Bankr. P. 2002.

41. Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g), counsel to the Debtor advised (i) the Office of the United States Trustee and (ii) counsel to the Committee of the Debtor's intention to file the instant Motion seeking an expedited hearing. The Office of the United States Trustee objected to the expedited hearing request and counsel to the Committee has yet to respond as of the filing of this Motion. The Purchaser advised the undersigned counsel for the Debtor that he would not move forward with the sale unless the sale process was expedited.

42. Upon the entry of the Expedited Order, counsel to the Debtor is prepared to immediately serve this Motion (to the extent not already served), the Expedited Order and a Notice of the Motion in conformity with Local Bankruptcy Form 9014-3 upon (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) the Purchaser and (iv) all parties

who have timely filed requests for notices pursuant to Fed. R. Bankr. P. 2002 via ecf transmission, overnight mail, facsimile transmission or e-mail transmission.

## VII. CONCLUSION

43. The Debtor avers that the sale is in the best interest of all of the bankruptcy estate's creditors. The Debtor further avers that the sale satisfies the Bankruptcy Code.

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court enter an Order (i) granting the relief requested herein and (ii) providing such other and further relief as this Honorable Court deems just and reasonable.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ARIS J. KARALIS
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@karalislaw.com
rseitzer@karalislaw.com

*Attorneys for the Debtor*

Dated: August 23, 2022