IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

## ORDER

**AND NOW,** upon consideration of the Motion of Debtor for entry of an Order (I) Authorizing the Sale of a 2010 16' Carolina Skiff Boat Model 16 JVX [Identification No. EKHOT 605C0 10], 2011 Venture Trailer Model VASK-2100 [Identification No. 47GAK1819BB000004] and Related Accessories (collectively, the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (II) Granting the Request for a Waiver of 14 Day Stay Pursuant to Fed. R. Bankr. P. 6004(h) (the "Motion"), and after notice to creditors and parties in interest; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Debtor is authorized and empowered to execute and deliver the necessary documents to transfer and sell the Property to Charles Gillen, Jr. (the "Purchaser") for the purchase price of $10,000.00 (the "Purchase Price") pursuant to the terms and conditions of the Bill of Sale attached to the Motion as Exhibit "A".

3. The Debtor is permitted to sell the Property to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or

unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

4. The Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

5. The Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

6. The transfer of the Property to the Purchaser constitutes a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title and interest of the Debtor in and to the Property, free and clear of all Liens and Claims.

7. The Purchase Price provided by the Purchaser for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)".

8. The sale transaction contemplated by this Order is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and the Purchaser is entitled to the rights and protections granted thereby.

9. The fourteen (14) day time period required under Fed. R. Bankr. P. 6004(h) is hereby waived.

                                                      **BY THE COURT:**

Dated: _____

                                                      ASHELY M. CHAN,
                                                      UNITED STATES BANKRUPTCY JUDGE