IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| SCUNGIO BORST & ASSOCIATES, LLC | : | BANKRUPTCY NO. 22-10609(AMC) |
| | : | |
| Debtor | : | |
| | : | |

## **STIPULATED ORDER**

**WHEREAS**, on March 11, 2022 (the "Petition Date"), Scungio Borst & Associates, LLC

(the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, the Debtor entered into a Lease Agreement (as

amended, the "Lease Agreement") with the Delaware River Port Authority of Pennsylvania and

New Jersey ("DRPA") for certain non-residential real property located at One Port Center, 2

Riverside Drive, Suites 500 and 506, Camden, New Jersey 08103 (the "Premises");

**WHEREAS**, pursuant to Lease Agreement, the Debtor agreed to pay basic rent;

**WHEREAS**, the Lease Agreement also required the Debtor to pay additional rent in the

form of the Debtor's allocated share of increases in operating costs inclusive of gas, electricity,

water, sewer, insurance, personnel costs, and common area maintenance charges;

**WHEREAS**, the Lease Agreement also required the Debtor pay an electrical service cost

in addition to the basic rent and additional rent;

**WHEREAS**, post-Petition, DRPA filed a timely general unsecured claim on May 11,

2022 for $41,681.71 (Claim # 31-1) (the "General Unsecured Claim");

**WHEREAS**, the Debtor and the Official Committee of Unsecured Creditors (the

"Committee") reserve any and all rights in connection to the General Unsecured Claim;

**WHEREAS**, on April 21, 2022, the Debtor filed a motion to reject the Lease Agreement which was approved by this Court on May 25, 2022 (the "Rejection Order") (D.I. # 116);

**WHEREAS**, in the Rejection Order, the Court deferred deciding on the date of rejection;

**WHEREAS**, DRPA filed a rejection damage claim on June 21, 2022 for $211,549.58 (Claim # 78) (the "Rejection Damages Claim");

**WHEREAS**, the Debtor and the Committee reserve any and all rights in connection to the Rejection Damages Claim except as to timeliness;

**WHEREAS**, on May 4, 2022, DRPA filed a Motion to (I) Compel Payment of Post-Petition Rent and Other Obligations and (II) Permit the Recoupment or Alternatively Setoff of the Security Deposit (the "Motion to Compel") (D.I. #89);

**WHEREAS**, pursuant to the Motion to Compel, DRPA sought to, among other things, compel the Debtor to immediately pay post-petition rent and other obligations which DRPA claimed amounted to $38,820.79 (the "Administrative Expense Claim") (D.I. #89);

**WHEREAS**, pursuant to the Motion to Compel, DRPA sought to supplement this Administrative Expense Claim with those reasonable attorneys' fees and costs relating to the protection/pursuit of DRPA's claim with the right to the Debtor to see DRPA's bills (redacted as to privilege) and to object to these claimed fees and costs for reasonableness;

**WHEREAS**, on May 17, 2022, the Debtor filed an objection to the Motion to Compel agreeing to pay DRPA its reasonable fees and costs but asserting that DRPA's Administrative Expense Claim should be allowed only for $18,203.43 and that the Debtor should not be compelled to immediately pay the Administrative Expense Claim (the "Objection ") (D.I. #103)

**WHEREAS,** the Committee filed a joinder to the Objection;

**WHEREAS**, subsequent to the filing of the Objection and the joinder, the parties reached an agreement on certain issues in dispute, namely that (i) DRPA's Administrative Expense Claim shall be $28,512.11; (ii) DRPA shall have an additional Administrative Expense Claim for the reasonable attorneys' fees and costs relating to the protection/pursuit of DRPA's claim capped at $7,500 with the right of the Debtor and the Committee to see DRPA's bills (redacted as to privilege) and to object to these claimed fees and costs on the basis of reasonableness; (iii) DRPA may file an amended proof of claim increasing its General Unsecured Claim by $10,308.68, representing the difference between the asserted Administrative Claim of $38,820.79 and the allowed Administrative Expense claim of $28,512.11; (iv) DRPA shall be permitted to recoup and/or setoff a security deposit of $5,750 (the "Security Deposit") against its General Unsecured Claim and the automatic stay shall be lifted to permit DRPA to exercise such setoff; (v) the rejection date of the Lease Agreement shall be Monday, May 9, 2022; and (vi) DRPA's Rejection Damages Claim shall be deemed timely;

**WHEREAS**, on August 3, 2022, the Court held a hearing on the Motion to Compel with the only outstanding issue in dispute being whether the Debtor is required to immediately pay DRPA its Administrative Expense Claim;

**WHEREAS**, the Court denied the Motion to Compel as to this issue without prejudice and requested that the parties present a form of stipulated order reflecting the Court's ruling, as well as the above-referenced items that the parties had agreed upon.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the parties, subject to the approval of the Court, as follows:

1. The request to compel immediate payment by DRPA is DENIED without prejudice to DRPA's rights to seek such relief in the future.

2.   The Lease Agreement is rejected as of May 9, 2022, and DRPA's Rejection Damages Claim shall be deemed timely.

3.   DRPA shall have an allowed Administrative Expense Claim in the amount of $28,512.11.

4.   DRPA shall have an additional allowed Administrative Expense Claim for the reasonable fees and costs related to the pursuit and protection of DRPA's claims under the Lease Agreement, subject to a $7,500 cap and the procedures below.

5.   Within ten (10) business days of the date hereof, DRPA shall provide the Debtor and the Committee with the total of such attorneys' fees and costs redacted as to privilege.  Within ten (10) business days of the receipt of such notice, the Debtor and the Committee shall notify DRPA of the amount they find unreasonable, if any, with an explanation as to the reason.  The parties shall attempt to work out any differences in good faith but reserve the right to set the matter for hearing with the Court.

6.   DRPA may file an amended proof of claim increasing its General Unsecured Claim by $10,308.68 on account of the agreement reached on DRPA's Administrative Expense Claim.

7.   DRPA shall be allowed to recoup and/or setoff the Security Deposit against its General Unsecured Claim and Section 362 automatic stay is hereby lifted to permit DRPA to exercise such setoff.

8.   .DRPA has agreed not to file another motion to compel payment of its administrative claim in the next three (3) months from the date of this order absent a change in circumstances which, among other things, includes, but is not limited to, payment of other Chapter 11 expenses by the Debtor and/or the filing of fee applications by professionals which

seeks immediate payment of their allowed claims and/or the entry of any order providing for said immediate payment.

9.      Notwithstanding any other provision of the Bankruptcy Code or Bankruptcy Rules, this Stipulated Order shall be effective immediately upon the entry of this Stipulated Order.

**IT IS SO STIPULATED BY:**

By:
*/s/ Robert W. Seitzer*
Aris J. Karalis
Robert W. Seitzer
**Karalis PC**
1900 Spruce Street
Philadelphia, PA 19103

*Attorneys for Scungio Borst & Associates, LLC*

By:
*/s/ Edmond M. George*
Turner N. Falk
Edmond M. George
Michael D. Vagnoni
Objermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Sutie 3400
Philadelphia, PA 19102

*Attorneys for Official Committee of Unsecured Creditors*

Dated:  September 6, 2022

By:
*/s/ Gary D. Bressler*
Gary D. Bressler
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA 19103

*Attorneys for Delaware River Port Authority of Pennsylvania and New Jersey*

Dated:  September 6, 2022

**IT IS SO ORDERED AND ENTERED:**

This_____ day of _____, 2022

_____
**HON. ASHELY M. CHAN**