IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

**CONSENT ORDER RESOLVING MOTION OF ELVIRA
FEE FOR RELIEF FROM STAY [D.I. 181]**

**THIS IS A CONSENT ORDER** (the "Consent Order") by and between Scungio Borst & Associates, LLC (the "Debtor"), the Official Committee of Unsecured Creditors (the "UCC") and Elvira Fee ("Fee", and together with the Debtor and the UCC, the "Parties").

## BACKGROUND

A.   On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

B.   Since the Petition Date, the Debtor has remained in possession of its assets and is liquidating its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

C.   On April 11, 2022, the Office of the United States Trustee appointed the UCC pursuant to Section 1102(a)(1) of the Bankruptcy Code.

D.   Prior to the Petition Date, Fee allegedly sustained personal injuries and currently has an action pending in the Court of Common Pleas of Philadelphia County to recover damages against several defendants including the Debtor which was joined as an additional defendant. The litigation is styled *Fee v. BRE RC Columbus PA, LP, et al.*, May Term, 2020, No. 001159 (the "State Court Action").

E.   On October 3, 2022, Fee filed a Motion for Relief from Stay seeking, *inter alia*,

a modification of the automatic stay with respect to the State Court Action (the "Motion") [D.I. 181].

F.   The Parties have concluded that resolving the Motion by this Consent Order is appropriate under governing law and consistent with the interest of the Debtor's estate, its creditors and parties in interest.

**NOW, THEREFORE,** the foregoing Background being incorporated herein and made a part hereof, and with the agreement of the Parties, it is hereby **ORDERED** as follows:

1.   The automatic stay is modified solely to permit the continuance and prosecution of the State Court Action by Fee against the Debtor and any subsequent appeals thereto.

2.   Fee waives her right to collect from any assets of the Debtor's bankruptcy estate on account of any claim that has been or could be asserted in or as a result of the State Court Action or entry of any judgment or settlement therein. Fee shall not file or otherwise assert any claim or claims in the Debtor's bankruptcy case arising from or related to the State Court Action.

3.   Except as set forth herein, the provisions of Section 362 of the Bankruptcy Code shall remain in full force and effect. Fee shall not attempt to cause any action to be taken to collect or otherwise enforce any portion of any settlement with, or judgment that may be obtained against, the Debtor in the State Court Action from assets or property of the Debtor's estate.

4.   Fee shall be limited by, and shall look strictly and solely to, the proceeds of the applicable policy or policies of insurance maintained by the Debtor with respect to any liability of the Debtor arising from or relating to the State Court Action.

5.   Fee, nor any of her agents, attorneys or representatives, shall take any action or attempt to cause any action to be taken to collect from the Debtor or its bankruptcy estate all or any portion of any claim relating to, or any judgment obtained in, the State Court Action.

6. Any and all rights belonging to Fee to collect any such claim or judgment from the Debtor or its bankruptcy estate, other than those claims for the proceeds of applicable policy or policies of insurance maintained by the Debtor with respect to any liability of the Debtor arising from or relating to the State Court Action, is hereby released, waived, discharged and expunged with prejudice.

7. This Consent Order shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, predecessors, trustees, successors and assigns.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Consent Order.

**BY THE COURT:**

Dated: _____          _____
                                ASHELY M. CHAN,
                                UNITED STATES BANKRUPTCY JUDGE

**[SIGNATURE PAGE TO FOLLOW]**

CONSENT IS HEREBY GIVEN
TO THE FORM, SUBSTANCE AND
ENTRY OF THE WITHIN ORDER:

| | |
|---|---|
| **KARALIS PC** | **EDELSTEIN MARTIN & NELSON, LLP** |
| By: /s/ Robert W. Seitzer<br>ARIS J. KARALIS<br>ROBERT W. SEITZER<br>1900 Spruce Street<br>Philadelphia, PA 19103<br>(215) 546-4500<br>akaralis@karalislaw.com<br>rseitzer@karalislaw.com<br><br>*Attorneys for the Debtor* | By: /s/ Keith L. Martin<br>KEITH L. MARTIN<br>123 South Broad Street, Suite 1820<br>Philadelphia, PA 19109<br>(215) 731-9900<br>kmartin@law-pa.com<br><br>*Attorneys for Fee* |
| Dated: November 9, 2022 | Dated: November 9, 2022 |

**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**

By:  /s/ Edmond M. George
　　EDMOND M. GEORGE
　　MICHAEL D. VAGNONI
　　Centre Square West
　　1500 Market Street, Suite 3400
　　Philadelphia, PA 19102
　　(215) 665-3066
　　edmond.george@obermayer.com
　　michael.vagnoni@obermayer.com

*Attorneys for the UCC*

Dated: November 9, 2022