

| | |
|---|---|
| **Edmond M. George, Esquire**<br>Direct Dial:  (215) 665-3140<br>edmond.george@obermayer.com<br>www.obermayer.com | **Obermayer Rebmann Maxwell & Hippel LLP**<br>**Attorneys At Law**<br>Centre Square Wests<br>1500 Market Street, Suite 3400<br>Philadelphia, Pennsylvania 19102<br>(215) 665-3000 |

May 31, 2023

**FILED VIA E-FILING**
The Honorable Judge Ashely M. Chan
Robert N.C. Nix Sr. Federal Courthouse
900 Market Street, Suite 204
Philadelphia, PA 19107

    Re:    **Scungio Borst & Associates, LLC (the "Debtor")**
            **Bankruptcy No. 2210609-AMC**
            **Request for Compensatory Damages Pursuant to 11 U.S.C. § 362(k)**

Dear Judge Chan,

        In lieu of a more formal brief, the following letter brief is provided. As you are aware this firm represents the Official Committee of Unsecured Creditors (the "UCC") in the above-referenced matter. During the hearing on the Debtor and the UCC's continued Motion of Debtor for Entry of an Order (I) Determining that Certain Construction Liens are Void Ab Initio; (II) Granting Compensatory and Punitive Damages against Certain Construction Lien Claimants for Violations of the Automatic Stay Pursuant To 11 U.S.C. § 362(k) and (III) Granting Related Relief (the "Motion")[1], the Court issued a briefing schedule on the limited issue of its ability to award damages to the Debtor for a violation of the automatic stay that included the legal fees incurred by

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4891-2356-7462 v1

**Scungio Borst & Associates, LLC**
**Bankruptcy No. 2210609-AMC**
**May 31, 2023**
**Page 2 of 7**

the UCC in pursuit of the Unpaid Contractors with Asserted Liens – for which the Debtor's bankruptcy estate would otherwise be responsible. The answer to this inquiry is unequivocally yes.

First, it should be noted that the UCC was more than a passive participant in the strategy to eliminate the invalid liens of the Unpaid Contractors with Asserted Liens. Obermayer Rebmann Maxwell & Hippel LLP ("ORMH"), counsel to the UCC, was instrumental in the strategy and settlement with Pennington. The UCC and ORMH's goal was to maximize recovery for the Debtor's bankruptcy estate and void the invalid liens, both of which were achieved. Despite having full knowledge of the UCC's position that the liens were invalid, the Unpaid Contractors with Asserted Liens did not withdraw their claims. Indeed, with a few exceptions, the Unpaid Contractors with Asserted Liens continued to pursue their claims.

It is beyond doubt that the legal fees incurred by the UCC in connection with the invalid liens of the Unpaid Contractors with Asserted Liens are damages recoverable by the Debtor's bankruptcy estate as the UCC's legal fees will ultimately be paid by the Debtor's bankruptcy estate.

I. **The UCC's Legal Fees are Compensable as Damages to the Debtor Under Section 362(k) of the Bankruptcy Code.**

Generally, Section 362(k) of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code") holds parties who willfully violate the automatic stay accountable for all damages **to a debtor** that flow therefrom. <u>In re Miller</u>, 447 B.R. 425, 433 (Bankr. E.D. Pa. 2011); <u>Wingard v. Altoona Reg'l Health Sys. (In re Wingard)</u>, 382 B.R. 892, 900 (Bankr. W.D. Pa. 2008). Indeed, "bankruptcy policy favors… affording a remedy to a debtor damaged by a violation of the stay." <u>In re Nixon</u>, 419 B.R. 281, 288 (Bankr. E.D. Pa. 2009). Such damages explicitly include legal fees. 11 U.S.C. § 362 (a party injured by a violation of the

**Scungio Borst & Associates, LLC**
**Bankruptcy No. 2210609-AMC**
**May 31, 2023**
**Page 3 of 7**

automatic stay may recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

Under Section 330 of the Bankruptcy Code, counsel to a committee of unsecured creditors, which has been approved by the court as a professional pursuant to Section 1103 of the Bankruptcy Code, is entitled to compensation from the debtor's estate. Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 584 (3d Cir. 2003); In re Burgoyne, Inc., No. 01-35687DWS, 2002 WL 31685730, at *4 (Bankr. E.D. Pa. Nov. 4, 2002); In re Cal Dive Int'l, Inc., No. 15-10458 (CSS), 2015 WL 9487852, at *1 (Bankr. D. Del. Dec. 28, 2015); Matter of UNR Indus., Inc., 736 F.2d 1136, 1139 (7th Cir. 1984); see also, In re Auto. Nat. Brands, Inc., 65 B.R. 412, 414 (Bankr. W.D. Pa. 1986). Fees incurred by counsel to a committee of unsecured creditors are chargeable to the debtor and will be compensated so long as they are "actual and necessary." In re Auto. Nat. Brands, Inc., 65 B.R. 412, 414 (Bankr. W.D. Pa. 1986) (citing In re The Liberal Market, Inc., 24 Bankr. 653 (Bankr.S.D.Ohio 1982); In re Interstate Restaurant Systems, Inc., supra; In re Bear Lake West, Inc., 32 Bankr. 272 (Bankr.D.Idaho 1983)); see also, In re Bible Deliverance Evangelistic Church, 39 B.R. 768, 778 (Bankr. E.D. Pa. 1984). As such, it follows that fees incurred by counsel to a committee of unsecured creditors reduce the funds available to be distributed to creditors. This is in line and analogous with the well-established fact that a creditors committee suing derivatively is entitled to recover costs and attorney's fees from a debtor's estate. Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d a 577; 11 U.S.C. §§ 326(a), 330(a), 503(b)(3)(B).

Concerning damages, courts in this Circuit have interpreted Section 362(k) of the Bankruptcy Code more broadly than any other Circuit in the country. The Third Circuit has broadly

4891-2356-7462 v1

Scungio Borst & Associates, LLC
Bankruptcy No. 2210609-AMC
May 31, 2023
Page 4 of 7

construed what constitutes damages under Section 362(k) of the Bankruptcy Code, explicitly deeming such damages to include attorney's fees and costs incurred due to a violation of the automatic stay. In re Miller, 447 B.R. at 434; In re Manley Toys Ltd., No. CV 18-11465 (RMB), 2019 WL 3229301, at *6 (D.N.J. July 18, 2019); In re Rodriguez, No. 07-24687 MBK, 2012 WL 589553, at *5 (Bankr. D.N.J. Feb. 22, 2012); In re Butts, 350 B.R. 12, 24 n. 12 (Bankr.E.D.Pa.2006). "[Section] 362(k) is not a typical fee-shifting statute, but rather provides for recovery of damages [inclusive of] attorneys' fees, not damages [plus] attorneys' fees." In re Rodriguez, No. 07-24687 MBK, 2012 WL 589553, at *5 (citing In re Thompson, 426 B.R. 759, 765 (Bankr. N.D. Ill. 2010).

The Third Circuit has broadly interpreted what constitutes damages resulting from a violation of the automatic stay, deeming legal fees incurred by corporate debtors, creditors, and creditors' committees as damages under Section 362(k) of the Bankruptcy Code. Cuffee v. Atlantic Business and Community Dev. Corp. (In re Atlantic Business and Community Corp.), 901 F.2d 325, 329 (3d Cir.1990)[2]; In re APF Co., 264 B.R. 344, 359 (Bankr. D. Del. 2001) (allowing a corporate debtor to seek damages under 362(k). Even an individual creditor's legal fees have been deemed to be damages under Section 362(k) of the Bankruptcy Code. In re Manley Toys Ltd., No. CV 18-11465 (RMB), 2019 WL 3229301, at *6. Indeed, under Section 362(k) of the Bankruptcy Code, a party who violates the automatic stay is liable for all reasonable legal fees incurred by those harmed, including debtors and creditors committees. In re Univ. Med. Ctr., 93 B.R. 412 (Bankr. E.D. Pa. 1988), aff'd in part, rev'd in part sub nom. Univ. Med. Ctr. v. Sullivan, 122 B.R.

---

[2] This application of 362(k) still applies today, and Congress has made no attempt to limit to whom 362(k) applies. In re Howard, 428 B.R. 335, 337 (Bankr. W.D. Pa. 2010), aff'd, No. 2:10CV962, 2011 WL 578777 (W.D. Pa. Feb. 9, 2011).

4891-2356-7462 v1

**Scungio Borst & Associates, LLC**
**Bankruptcy No. 2210609-AMC**
**May 31, 2023**
**Page 5 of 7**

919 (E.D. Pa. 1990), clarified on denial of reconsideration, 125 B.R. 121 (E.D. Pa. 1991), and aff'd sub nom. In re Univ. Med. Ctr., 973 F.2d 1065 (3d Cir. 1992).

Here, the Debtor incurred damages when the Unpaid Contractors with Asserted Liens' violated the automatic stay, thereby causing the UCC to incur legal fees to ensure the funds owed to the Debtor on the Pennington project were paid and not to the Unpaid Contractors with Asserted Liens in violation of the Automatic Stay. The Debtor's bankruptcy estate will ultimately pay the UCC's legal fees as an administrative expense pursuant to Section 330 of the Bankruptcy Code, and the Unpaid Contractors with Asserted Liens' violation of the automatic stay caused those administrative expenses to increase, thus decreasing the amount of funds that will be available to distribute to creditors. This decrease in available funds clearly constitutes damages to the Debtor under the Third Circuit's broad interpretation of damages under 362(k). In re Miller, 447 B.R. at 434; In re Manley Toys Ltd., No. CV 18-11465 (RMB), 2019 WL 3229301, at *6 (D.N.J. July 18, 2019); In re Rodriguez, No. 07-24687 MBK, 2012 WL 589553, at *5 (Bankr. D.N.J. Feb. 22, 2012); In re Butts, 350 B.R. 12, 24 n. 12 (Bankr.E.D.Pa.2006). Therefore, the UCC's legal fees incurred in connection with the Unpaid Contractors with Asserted Liens' violation of the automatic stay are damages caused to the Debtor by the Unpaid Contractors with Asserted Liens under Section 362(k) of the Bankruptcy Code and the Unpaid Contractors with Asserted Liens should be ordered to reimburse the Debtor for these damages in the amount of $13,252.50.

II. **The UCC's Legal Fees Can and Should be Reimbursed to the Debtor Under Section 105(a) of the Bankruptcy Code.**

Even if the Court declines to award damages based on the Unpaid Contractors with Asserted Liens' violation of the automatic stay under Section 362(k) of the Bankruptcy Code, it

Scungio Borst & Associates, LLC
Bankruptcy No. 2210609-AMC
May 31, 2023
Page 6 of 7

can use Section 105(a) of the Bankruptcy Code to grant the same relief. Bankruptcy Courts can and should utilize their equitable powers under Section 105(a) of the Bankruptcy Code to deem the legal fees incurred in association with a breach of the automatic stay to be compensable damages.[3] In re Howard, 428 B.R. at 337; Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 920 F.2d 183, 184–87 (2d Cir.1990); In re Joubert, 411 F.3d 452, 455 (3d Cir.2005). Indeed, the Second Circuit, which has consistently applied a narrow interpretation of Section 362(k) of the Bankruptcy Code, has held legal fees incurred in connection with violations of the automatic stay to be compensable damages by employing Section 105(a) of the Bankruptcy Code. Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 920 F.2d at 184–87; In re Arcapita Bank B.S.C.(c), 648 B.R. 489 (Bankr. S.D. N.Y. 2023) (using Section 105(a) of the Bankruptcy Code to deem reasonable attorney's fees and costs of a creditors committee incurred in connection with a violation of the automatic stay to be compensable).

As discussed above, the UCC's legal fees incurred in connection with the Unpaid Contractors with Asserted Liens' violation of the automatic stay will ultimately be paid by the Debtor's bankruptcy estate, thus decreasing the funds available to distribute to creditors. This decrease will directly result from the Unpaid Contractors with Asserted Liens' violation of the automatic stay and cause damage to the Debtor. Therefore, it is equitable for the Unpaid Contractors with Asserted Liens to reimburse the Debtor for the UCC's legal incurred in connection with the Unpaid Contractors with Asserted Liens' violation of the automatic stay in the

---

[3] Once again, this is in line and analogous with how a creditors committee suing derivatively is entitled to recover costs and attorney's fees from a debtor's estate. Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d a 577; 11 U.S.C. §§ 326(a), 330(a), 503(b)(3)(B).

**Scungio Borst & Associates, LLC**
**Bankruptcy No. 2210609-AMC**
**May 31, 2023**
**Page 7 of 7**

amount of $13,252.50, and this Court can effectuate such relief through Section 105(a) of the Bankruptcy Code.

Therefore, in accordance with the above, the Motion, and the UCC's Declaration in support thereof, the UCC respectfully requests the Court grant the Motion and order the Unpaid Contractors with Asserted Liens to reimburse the Debtor for these damages in the amount of $13,252.50, for the legal fees incurred by the UCC in connection with the Unpaid Contractors with Asserted Liens violation of the automatic stay.

Respectfully submitted,

Dated: May 31, 2023

By: /s/ Edmond M. George
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3140
*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC,** | : | **Case No. 22-10609-AMC** |
| | : | |
| **Debtor.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Edmond M. George, Esquire, a partner with the law firm of Obermayer Rebmann Maxwell & Hippel LLP, do hereby certify that on May 31, 2023, true and correct copies of the foregoing Brief in Support of Request for Compensatory Damages were served via first class mail and/or electronic transmission through CM/ECF upon the attached service list.

*/s/ Edmond M. George*
Edmond M. George, Esquire

## SERVICE LIST

Via Electronic Transmission through CM/ECF:

ARIS J. KARALIS on behalf of Debtor Scungio Borst & Associates, LLC
akaralis@karalislaw.com, jhysley@karalislaw.com

ROBERT W. SEITZER on behalf of Debtor Scungio Borst & Associates, LLC
rseitzer@karalislaw.com, jhysley@karalislaw.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

GEORGE M. CONWAY on behalf of U.S. Trustee United States Trustee
george.m.conway@usdoj.gov

BENJAMIN A. ANDERSEN on behalf of Creditor Hankinson & Koehler, Inc. d/b/a HK Panel Systems
bandersen@wispearl.com, kruggieri@wispearl.com

ALEXANDER FRANCIS BARTH on behalf of Creditor Jersey Construction, Inc., Creditor MARX Sheet Metal & Mechanical, Inc., and Creditor Reilly Glazing, Inc.
abarth@cohenseglias.com

SCOTT HOWARD BERNSTEIN on behalf of Creditor Avon Brothers, Inc. d/b/a Avon Contractors
scott@scottbernsteinlaw.com

BRIAN WILLIAM BISIGNANI on behalf of Hanover Insurance Company, Creditor Action Store Fronts, Inc., and Creditor Massachusetts Bay Insurance Company
bbisignani@postschell.com

CORINNE SAMLER BRENNAN on behalf of Creditor KPG-MCG Curtis Tenant, LLC
cbrennan@klehr.com, swenitsky@klehr.com, nyackle@klehr.com

GARY DAVID BRESSLER on behalf of Creditor Delaware River Port Authority
gbressler@mdmc-law.com, dwhite@mdmc-law.com, scarney@mdmc-law.com

CLAYTON W. DAVIDSON on behalf of Creditor IT Landes Company LLC
cdavidson@mwn.com, nwelch@mwn.com

Ira Evan Dorfman on behalf of Creditor Elite Painting Services, LLC
idorfman@berkpc.com

KERI P EBECK on behalf of Creditor Scope FLP Pennington SM LLC
kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com

4891-2356-7462 v1

ANDREW C. ECKERT on behalf of Creditor Nerd Street Gamers Localhost Philadelphia, LLC
aeckert@bmnlawyers.com, kpower@bmnlawyers.com

JAMIE W. GONCHAROFF on behalf of Creditor Brandywine Valley Concrete Construction, LLC
jgonch@comcast.net

JOSEPH M. KANFER on behalf of Creditor IT Landes Company LLC
jkanfer@woolfordlaw.com

MICHAEL P. KELLY on behalf of Creditor Bristol Millwork Inc
mpkpc@aol.com, r47593@notify.bestcase.com

TRAVIS L. KREISER on behalf of Creditor E.B. O'Reilly Servicing Corporation, and Creditor Towne & Country Roofing and Siding, Inc.
travis.kreiser@verizon.net

PAUL BRINTON MASCHMEYER on behalf of Creditor Troost Fire Protection
pmaschmeyer@maschmarinas.com, FMarinas@msn.com

REBECCA K. MCDOWELL on behalf of Creditor Financial Resources Federal Credit Union
rmcdowell@slgcollect.com, pwirth@slgcollect.com, anovoa@slgcollect.com

NICOLE MARIE NIGRELLI on behalf of Creditor Alessandra Tosolini-Borst, and Creditor Phillip Borst
nnigrelli@ciardilaw.com, sfrizlen@ciardilaw.com, dtorres@ciardilaw.com

JAMI B. NIMEROFF on behalf of Creditor Nerd Street Gamers Localhost Philadelphia, LLC
jnimeroff@bmnlawyers.com, cjones@bmnlawyers.com

PETER J. NORMAN on behalf of Creditor KPG-MCG Curtis Tenant, LLC
pnorman@klehr.com

DANIEL MICHAEL PEREIRA on behalf of Attorney Stradley Ronon Stevens & Young LLP, Creditor Mayfield Site Contractors, Inc., and Creditor William Walter Construction Group, LLC
dpereira@stradley.com

PATRICK J. REILLEY on behalf of Creditor OASG Hazlet, LLC
preilley@coleschotz.com, pratkowiak@coleschotz.com, lmorton@coleschotz.com, bankruptcy@coleschotz.com

WILLIAM P. RUBLEY on behalf of Creditor DDM Steel Construction LLC
wrubley@cooperlevenson.com, cwild@cooperlevenson.com

4891-2356-7462 v1

BRADFORD J. SANDLER on behalf of Creditor Tahiraj Hasan
bsandler@pszjlaw.com

MICHAEL J. SHERIDAN on behalf of Buttonwood Company, Inc.
mjs@mjsheridanlaw.com

THOMAS P. STEVENS on behalf of Creditor DiDonato Contractors LLC
tstevens@hornwilliamson.com, vbrown@hornwilliamson.com

PAMELA ELCHERT THURMOND on behalf of Creditor CITY OF PHILADELPHIA
pamela.thurmond@phila.gov, edelyne.jean-baptiste@phila.gov

ANTHONY R. TWARDOWSKI, I on behalf of Creditor East Third Media, LLC
artwardowski@zarwin.com

Via First Class Mail:

Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102

Commonwealth of Pennsylvania
Department of Labor & Industry
Collections Support Unit
PO Box 68568
Harrisburg, PA 17121

BARRY J. ROY on behalf of Creditor Portuguese Structural Steel Inc.
Rabinowitz, Lubetkin & Tully, LLC
293 Eisenhower Parkway
Suite 100
Livingston, NJ 07039

RONALD M. TUCKER on behalf of Creditor Simon Property Group, Inc.
225 West Washington Street
Indianapolis, IN 46204