**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC** | : | **BANKRUPTCY NO. 22-10609(AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

**SUPPLEMENTAL DECLARATION OF ROBERT W. SEITZER, ESQUIRE IN
FURTHER SUPPORT OF REQUEST FOR COMPENSATORY DAMAGES PURSUANT
TO 11 U.S.C. § 362(k) IN CONNECTION TO MOTION OF DEBTOR FOR ENTRY
OF AN ORDER (I) DETERMINING THAT CERTAIN CONSTRUCTION LIENS
ARE VOID *AB INITIO*; (II) GRANTING COMPENSATORY AND PUNITIVE
DAMAGES AGAINST CERTAIN CONSTRUCTION LIEN CLAIMANTS FOR
VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)
AND (III) GRANTING RELATED RELIEF [D.I. 247]**

I, Robert W. Seitzer, Esquire hereby submit this supplemental declaration in further support

of the request for compensatory damages pursuant to 11 U.S.C. § 362(k) in connection to the

Motion of Debtor for Entry of an Order (I) Determining that Certain Construction Liens are Void

*Ab Initio*; (II) Granting Compensatory and Punitive Damages against Certain Construction Lien

Claimants for Violations of the Automatic Stay Pursuant To 11 U.S.C. § 362(k) and (III) Granting

Related Relief [D.I. 247] (the "Motion")[1], and say:

1.       I am a partner with the law firm of Karalis PC ("KPC") and I represent the Debtor

in the above-referenced matter.  I am a member in good standing of the Pennsylvania and New

Jersey Bars.  I am also a member of the Federal Bar for the United States Supreme Court, United

States Court of Appeals for the Third Circuit, United States District Court for the Eastern District

of Pennsylvania, United States District Court for the Middle District of Pennsylvania and the

United States District Court for the District of New Jersey.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      On March 23, 2023, the Debtor filed the Motion seeking, *inter alia*, (i) a determination that the Asserted Liens are void *ab initio* and (ii) granting compensatory and punitive damages against the Unpaid Subcontractors with Asserted Liens for violations of the automatic stay.

3.      At the hearing held on the Motion on April 19, 2023, this Court held that the Asserted Liens were void *ab initio* and that the Unpaid Subcontractors with Asserted Liens had violated the automatic stay.

4.      As a result, this Court continued the hearing on the Motion to May 17, 2023 to determine whether or not to award compensatory damages to the Debtor and the UCC and requested that counsel for the Debtor and the UCC file declarations in support of their requests for compensatory damages.[2]

5.      On April 26, 2023, I filed the Declaration in Support of the Debtor's Request for Compensatory Damages (the "Initial Declaration").

6.      As set forth in the Initial Declaration, the attorney's fees and costs incurred by the Debtor as a result of the stay violations were as follows from December 1, 2022 through and including April 19, 2023 (the "Subject Period"):

(a)      Attorneys' Fees - $14,553.00 and

(b)      Costs - $211.86.

7.      At the hearing held on the Motion on May 17, 2023, this Court requested that I file a supplemental declaration setting forth more detail as to when and why the fees and costs were incurred as a result of the stay violations.

---

[2] At the hearing on the Motion, the Debtor and the UCC withdrew their requests for punitive damages against all of the Unpaid Subcontractors with Asserted Liens and withdrew their requests for compensatory damages against SSC Distributors, Inc.

8.     After the Petition Date, the Debtor's representatives and the Unpaid Subcontractor's representatives attempted to reach a resolution with regard to the Project but were not successful.

9.     Thereafter, the Debtor's representatives and Pennington's representatives had discussions relating to the Unpaid Subcontractors on the Project and the Contract Balance in the amount of $430,269.63.

10.     That being said, a resolution could not be reached in light of the Unpaid Subcontractors with Asserted Liens in the amount of $605,029.30.

11.     As a result, in December of 2022, counsel to the Debtor, the UCC and Pennington had telephone and video conferences in an attempt to come up with a solution to avoid the Asserted Liens and have the Contract Balance paid to the Debtor's bankruptcy estate.

12.     These conferences were successful and resulted in an agreement in principle with Pennington.

13.     Thereafter, the Agreement was negotiated, drafted, finalized and submitted to this Court for approval pursuant to Fed. R. Bankr. P. 9019.

14.     The Agreement provided, *inter alia*, a mechanism to have the Asserted Liens removed from the real property owned by Pennington and for the Contract Balance to be paid to the Debtor's estate subject to the Asserted Liens.

15.     The Motion was thereafter prepared and filed seeking, *inter alia*, a determination that the Asserted Liens were void *ab intio* as stay violations which would result in the Contract Balance being free and clear of the Asserted Liens.

16.     As such, the fees and costs were all incurred by the Debtor during the Subject Period as a result of the Asserted Liens.

17.    If the Asserted Liens were not wrongfully filed after the Petition Date, the Contract Balance would have been paid over to the Debtor's estate without the need of incurring any fees or costs as a result of the stay violations.

18.    The Debtor reserves the right to seek additional attorneys' fees and costs from the Unpaid Subcontractors with Asserted Liens to affirm any Order awarding attorneys' fees and costs on appeal and any fees and costs incurred to collect on any Order awarding attorneys' fees and costs.  In addition, the Unpaid Subcontractors with Asserted Liens should be held jointly and severally liable for the attorneys' fees and costs for their stay violations.

Pursuant to § 1746, Title 28, of the United States Code, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 31, 2023                          /s/ Robert W. Seitzer
                                             ROBERT W. SEITZER