IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : BANKRUPTCY NO. 22-10609-AMC |
| SCUNGIO BORST & ASSOCIATES LLC | : |
| | : |
| Debtor | : CHAPTER 11 |
| | : |
| SCUNGIO BORST & ASSOCIATES LLC | : |
| | : Related to Doc. 308, 309, 310 |
| Movant/Plan Proponent | : |
| | : |
| v. | : Hearing Date and Time: October 25, 2023 at 12:30 pm |
| COMMONWEALTH OF PENNSYLVANIA | : |
| DEPARTMENT OF REVENUE | : |
| | : |
| Creditor/Respondent | : |

ORDER

AND NOW, this _____day of _____, 2023, it is hereby ORDERED and

DECREED that the approval of the Debtor's Disclosure Statement and the Plan of Liquidation

are denied.

BY THE COURT,

_____
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | BANKRUPTCY NO. 22-10609-AMC |
| SCUNGIO BORST & ASSOCIATES LLC | : | |
| | : | |
| _____Debtor_____ | : | CHAPTER 11 |
| | : | |
| SCUNGIO BORST & ASSOCIATES LLC | : | |
| | : | Related to Doc. 308, 309, 310 |
| Movant/Plan Proponent | : | |
| | : | |
| v. | : | Hearing Date and Time: October 25, 2023 at 12:30 pm |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE | : | |
| | : | |
| Creditor/Respondent | : | |

## **[ALTERNATIVE] ORDER**

AND NOW, this _____day of _____, 2023, it is hereby ORDERED and

DECREED that upon consideration of the Commonwealth of Pennsylvania, Department of

Revenue's Objection to the Debtor's Disclosure Statement and Plan of Liquidation and in order

to protect the Commonwealth of Pennsylvania, Department of Revenue's interests in this

bankruptcy case, the following Paragraphs are to be included in the Confirmation Order:

1.  Notwithstanding any provision to the contrary in the Plan, any Plan Supplement, this Order or any implementing Plan documents (collectively, "Documents"), as to the Commonwealth of Pennsylvania, Department of Revenue ("Commonwealth"), nothing in the Documents shall:

(a)  discharge, release, enjoin, impair or otherwise preclude (1) any liability to the Commonwealth that is not a "claim" within the meaning of Section 101(5) of the Bankruptcy Code ("claim"), (2) any claim of the Commonwealth arising after the Effective Date, or (3) any liability of any entity or person under police or regulatory statutes or regulations to any Governmental Unit (as defined by Section 101(27) of the Bankruptcy Code) as the owner, lessor, lessee or operator of property or rights to property that such entity owns, operates or leases after the Confirmation Date;

(b)  release, nullify, preclude, or enjoin the enforcement of any police or regulatory power;

(c) require the Commonwealth to file an administrative claim in order to receive payment for any liability described in Sections 503(b)(1)(B) and 503(b)(1)(C) of the Bankruptcy Code;

(d) release, enjoin, impair, or discharge any non-Debtors from any claim, liability, suit, right or cause of action of the Commonwealth, or enjoin or impair the prosecution, enforcement or collection of any such claim, liability, suit, right, or cause of action against any non-Debtor, or affect the ability of the Commonwealth to pursue any non-Debtors;

(e) affect the rights of the Commonwealth to assert setoff or recoupment or the Debtor's defenses thereto and such rights are expressly preserved and shall not be altered or impaired;

(f) confer exclusive jurisdiction to the Bankruptcy Court with respect to any federal rights, suits, interests, claims, liabilities and causes of action, except to the extent set forth in 28 U.S.C. § 1334(b) (as limited by any other provision of the United States Code);

(g) discharge any claim of the Commonwealth described in Section 1141(d)(6) of the Bankruptcy Code;

(h) allow the Debtor Or the SBA Plan Trust Administrator to estimate the Commonwealth's claims beyond what is provided and allowed for in Section 502(c) of the Bankruptcy Code;

(i) constitute an approval or consent by the Commonwealth without compliance with all applicable legal requirements and approvals under non-bankruptcy law;

(j) be construed as a compromise or settlement of any liability, claim, Cause of Action or interest of the Commonwealth; or

(k) modify the scope of Section 502 or 505 of the Bankruptcy Code with respect to the claims of the Commonwealth;

2. Administrative expense claims, regardless of amount, of the Commonwealth allowed pursuant to the Plan or the Bankruptcy Code shall be paid in full in cash on the Effective Date or as soon as practicable after the Effective Date and shall accrue interest (7%) and penalties in accordance with the Bankruptcy Code (at the rate set forth in Section 511) and non-bankruptcy law until paid in full.

3. Priority Tax Claims, regardless of amount, of the Commonwealth allowed pursuant to the Plan or the Bankruptcy Code will be paid in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code with interest (7%). To the extent such allowed Priority Tax Claims (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall accrue interest (7%) commencing on the Effective Date at the rate set forth in Section 511 of the Bankruptcy Code and nonbankruptcy law until paid in full.

4. Moreover, nothing shall affect a release, injunction or otherwise preclude any claim whatsoever against the Debtor by or on behalf of the Commonwealth for any liability arising (a)

out of pre-petition or post-petition tax periods for which a return has not been filed or (b) as a result of a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period.  Further, nothing shall enjoin the Commonwealth from amending any claim against the Debtor with respect to any tax liability (a) arising out of pre-petition or post-petition tax periods for which a tax return has not been filed or (b) from a pending audit or audit that may be performed with respect to any pre-petition or post-petition tax period.  Any liability arising (a) out of pre-petition or post-petition tax periods for which a return has not been filed or (b) as a result of a pending audit or audit which may be performed with respect to any pre-petition or post-petition tax period shall be paid in accordance with Section 1129(a)(9)(A) and (C) of the Bankruptcy Code.

5.  Without limiting the foregoing but for the avoidance of doubt, the Debtor shall comply with state law and nothing contained in the Documents shall be deemed to bind the Commonwealth to any characterization of any transaction for tax purposes or to determine the tax liability or withholding or collection obligations of any person or entity, including, but not limited to the Debtor, nor shall the Documents be deemed to have determined the federal and state tax treatment of any item, distribution, or entity, including the state tax consequences of this Plan.

6.  Nothing in the Documents shall be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to state tax liability and state tax treatment except as provided under Section 505 of the Bankruptcy Code.

7.  The imposition of a transfer, stamp, or other similar taxes shall not be imposed on the delivery and acceptance of the instrument of transfer (i.e., deed) for the sale of real estate when the delivery and acceptance is made after the plan has been confirmed and the sale of such real estate is an integral part of the consummation of the plan, as provided for by Section 1146(a) of the Bankruptcy Code.  If there is no confirmed plan or the delivery and acceptance of the instrument is made prior to the confirmation of the plan, the instrument of transfer is subject to the transfer, stamp, or other similar taxes, i.e., the Pennsylvania realty transfer tax acts.

8.  In the event of default by the SBA Plan Trust Administrator of any of the provisions of the Plan concerning the Debtor's tax obligations, after twenty days written notice of the default to the defaulting SBA Plan Trust Administrator and failure of the defaulting party to cure, the entire amount owed to the Commonwealth shall be immediately due and owing, and the Commonwealth may proceed with any remedies otherwise available to it under state law, including but not limited to usual state tax collection procedures, or under federal law (including the Bankruptcy Code and other nonbankruptcy provisions), including but not limited to conversion or dismissal under Section 1112(b) of the Bankruptcy Code.

9.  The Debtor shall file all its required pre-petition and post-petition Pennsylvania tax returns and pay all taxes on such tax returns when due.

10.  Nothing contained in the preceding paragraphs shall be construed as a waiver of any rights of the Debtor or SBA Plan Trust Administrator to object to any claims of the Commonwealth, seek to reclassify all or any portion of any such claim, or act as a waiver of any right to seek expedited consideration under Section 505 of the Bankruptcy Code.

BY THE COURT,

_____
U.S. BANKRUPTCY JUDGE