# EXHIBIT "A"

*Execution Copy*

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "**Settlement Agreement**" or "**Agreement**") is made this _____ day of _____, 2023, between SCUNGIO BORST & ASSOCIATES, LLC ("**Debtor**"), THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF SCUNGIO BORST & ASSOCIATES, LLC (the "**Committee**"), Scott P. Scungio ("**Scott**"), Philip L. Borst ("**Phil**"), KPG-MCG CURTIS TENANT, LLC ("**KPG-MCG**"), H'Y2 CURTIS LLC ("**H'Y2 Curtis**"), CURTIS CENTER TIC I, LLC ("**Curtis TIC I**"), CURTIS CENTER TIC II, LLC ("**Curtis TIC II**", and together with KPG-MCG, H'Y2 Curtis, and Curtis TIC I, the "**Curtis Owners**"), and DAS ARCHITECTS, INC. ("**DAS**"). Herein Debtor, the Committee, Scott, Phil, the Curtis Owners (individually and collectively), and DAS may be generally referred to as "**Party**" or collectively as the "**Parties.**"

WHEREAS, on or about October 27, 2015, KPG-MCG and Debtor entered into a construction contract (the "**GMP Contract**"), whereby Debtor would serve as the construction manager to improve the real property known as 601 Walnut Street, Philadelphia, PA 19106, also known as 170 South Independence Mall, BRT/OPA # 883002510 (the "**Property**").

WHEREAS, the improvements to the Property included, *inter alia*, the renovation of a portion the historic Curtis Center building into 63 luxury apartments and various amenities (the "**Project**").

WHEREAS, KPG-MCG engaged DAS as the Project's Architect.

WHEREAS, Debtor asserted claims for additional compensation on the basis that the actions or inactions of KPG-MCG and DAS resulted in additional work, Project delays and inefficiencies, including a delay in achieving substantial completion, and other impacts.

WHEREAS, KPG-MCG and DAS denied any responsibility for Debtor's claims, with KPG-MCG itself asserting claims for damages and/or back charges against Debtor, for which claims the Debtor has denied responsibility.

WHEREAS, on or about October 31, 2018, Debtor asserted a mechanics' lien claim under Pennsylvania's Mechanics' Lien Law, 49 P.S. § 1101, *et seq.* (the "**Lien Law**")

1

*Execution Copy*

in the amount of $7,444,073.05 against the Property (the "**Lien Claim**"), and which, by order of the court, was reduced to the amount of $224,201.48.

WHEREAS, the Lien Claim, stylized as <u>Scungio Borst & Associates, LLC v. KPG-MCG Curtis Tenant LLC, et al.</u>, Phila. C. C. P. No. 1810M0013, was asserted against the Curtis Owners as "owners" or "reputed owners" pursuant to the Lien Law.

WHEREAS, on or about January 31, 2022, KPG-MCG caused the Lien Claim to be discharged by filing that certain Mechanics' Lien Release Bond No. SU1174948 (the "**Discharge Bond**") issued by Arch Insurance Company ("**Arch Insurance**"[1]).

WHEREAS, on or about November 9, 2018, and in the action stylized as <u>KPG-MCG Curtis Tenant LLC v. Scungio Borst & Associates, LLC</u>, Phila. C.C.P. No. 181101154, KPG-MCG asserted that Debtor breached its contractual and common law obligations, and further that Scott and Phil engaged in certain tortious conduct, which resulted in substantial damages to KPG-MCG, to which Debtor asserted as counterclaims (i) contractual, quasi contractual, and statutory claims pursuant to the Contractor and Subcontractor Payment Act, 73 P.S. § 501, et seq (the "**Payment Act**") against KPG-MCG and (ii) joined DAS as an Additional Defendant and asserted a claim of negligent misrepresentation against DAS (the "**KPG-MCG Action**").

WHEREAS, on or about February 8, 2019, and in the action stylized as <u>Scungio Borst & Associates, LLC v. KPG-MCG Curtis Tenant LLC, et al.</u>, Phila. C. C. P. No. 190200666, Debtor asserted (i) contractual, quasi contractual, and statutory claims pursuant to the Payment Act against KPG-MCG; and (ii) a claim of negligent misrepresentation against DAS and KPG asserted counterclaims asserting that Debtor breached its contractual and common law obligations that resulted in substantial damages to KPG-MCG (the "**SBA Action**" and together with the Lien Claim and the KPG-MCG Action, the "**State Court Litigation**").

WHEREAS, the Debtor denied the allegations set forth by KPG-MCG in the KPG-MCG Action and the SBA Action, KPG-MCG denied the allegations set forth by the Debtor

---

[1] For purposes of this Agreement and the Release at Paragraph 4 <u>infra</u>, the defined term "Arch Insurance" includes Arch Insurance's executors, administrators, attorneys, employees, officers, directors, members, partners, affiliates, attorneys, insurers, agents, advisors, trustees, heirs, successors, and assign.

2

*Execution Copy*

in the SBA Action, the KPG-MCG Action and the Lien Claim, and DAS denied the allegations set forth in the SBA Action and the KPG-MCG Action.

WHEREAS, attached hereto as Schedule 1 is a listing of additional claims and litigations initiated or asserted by the Debtor's various subcontractors against the Debtor, including, but not limited to, some actions wherein KPG-MCG and/or DAS were joined therein as Defendants or Additional Defendants (the "**Subcontractor Claims**").

WHEREAS, attached hereto as Schedule 2 is a listing of Subcontractor claims related to the Project that were assigned to or purchased by KPG-MCG as part of the settlement of such claims by KPG-MCG (the **"Assigned Subcontractor Claims"**).

WHEREAS, attached hereto as Schedule 3 is a listing of Subcontractor claims scheduled by the Debtor in its Chapter 11 bankruptcy schedules filed with the Bankruptcy Court (as defined below) (the **"Scheduled Subcontractor Claims"**).

WHEREAS, on or about March 11, 2022, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**") at Case No. 22-10609-amc (the "**Chapter 11 Case**").

WHEREAS, on or about April 11, 2022, the Committee, was appointed by the Office of the U.S. Trustee. Pursuant to an Order of the Bankruptcy Court dated May 11, 2022, the Committee retained the law firm of Obermayer Rebmann Maxwell & Hippel LLP.

WHEREAS, on or about May 24, 2022, the Bankruptcy Court granted relief from the automatic stay to allow the State Court Litigation to proceed for purposes of liquidating claims and further providing KPG-MCG leave to file a proof of claim within thirty (30) days in the event of a final judgment entered in the State Court Litigation.

WHEREAS, in the State Court Litigation, the Philadelphia Court of Common Pleas scheduled a mandatory pre-trial settlement conference and appointed Senior Judge Gary Glazer, the former Supervising Judge of the Philadelphia Commerce Court, as the settlement master.

WHEREAS, the Parties wish to avoid the risk and uncertainty of further litigation and trial, and wish to resolve any and all claims between them, whether arising out of or related to the Lien Claim, the Discharge Bond, the KPG-MCG Action, the SBA Action, the

*Execution Copy*

Subcontractor Claims, the Assigned Subcontractor Claims, the Scheduled Subcontractor Claims, the GMP Contract, and the Project.

NOW, THEREFORE, in consideration of the foregoing, of the mutual covenants, promises and undertakings set forth herein, and for good and valuable consideration, the mutual receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      Recitals Incorporated. The above Recitals are incorporated herein by reference as though fully set forth at length herein.

2.      Bankruptcy Court Approval as a Condition Precedent. After the date of this Settlement Agreement, the Debtor shall, as promptly as practicable, file a motion acceptable in form and substance to KPG-MCG and DAS (the "**Motion**")[2] to authorize and approve this Settlement Agreement that contains, inter alia, the releases described in Paragraphs 4 and 5 below (together, the "**Releases**") pursuant to Federal Rule of Bankruptcy Procedure 9019, and Section 105 of the Bankruptcy Code (the "**Final Order**"). For purposes of this Settlement Agreement, an order is "final and non-appealable" where (i) the time to appeal the order has expired, (ii) if an appeal has been taken, any and all such appeals have been fully and finally resolved without material modification of the order, or (iii) any stay imposed by any court which would affect the time to take such an appeal has expired, no appeal has been filed within any applicable appeal period upon the lifting of the stay, and no motion relative thereto is pending. The Debtor thereafter shall promptly seek and use its best efforts to obtain approval of this Settlement Agreement and entry of the Final Order in the terms set forth herein. This Settlement Agreement shall become effective and binding on the Parties only upon the entry of the Final Order (the "**Effective Date**"). Upon the Effective Date, this Settlement Agreement and all its provisions, including the Releases set forth in Paragraphs 4 and 5, shall become effective and binding upon entry on the Parties. Should the Final Order, including all terms of the Settlement Agreement with the Releases set forth in Paragraphs 4 and 5, not get entered, this Settlement Agreement shall be null and void and without prejudice

---

[2] The Motion must be on notice to all creditors and parties in interest entitled to receive notice of this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.

10790866.v10

*Execution Copy*

to the Parties, and the Parties shall return to *status quo ante* and resume litigation between them.

    3.    <u>Payment of Settlement Funds</u>. KPG-MCG and DAS agree to pay the total sum of $362,500 (the "<u>Settlement Funds</u>") to the Debtor as follows:

        a.    KPG-MCG: $181,250; and

        b.    DAS's insurer(s): $181,250

within 20 business days of the Effective Date and a current signed W-9 form from the Debtor. KPG-MCG's and DAS's obligations under this Settlement Agreement are not, nor shall be construed to be, joint and several.

    4.    <u>Release By the Debtor, the Committee and Other Interested Parties</u>. Upon the Effective Date, in consideration for the covenants and agreements in this Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Debtor and the Committee, on behalf of themselves, and the Debtor's bankruptcy estate, Scott and Phil, and each of their executors, administrators, attorneys, employees, officers, directors, members, partners, affiliates, insurers, agents, advisors, trustees, heirs, successors and assigns (collectively, the "Debtor Release Parties") shall be deemed without further action or writing to have fully and finally released KPG-MCG, DAS, the Curtis Owners and each of their executors, administrators, attorneys, employees, officers, directors, members, partners, affiliates, attorneys, insurers, agents, advisors, trustees, heirs, successors and assigns (collectively, the "**KPG-MCG/DAS Release Parties**") and Arch Insurance,[3] from any and all past, present and future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts), of whatever kind, nature or description, direct or indirect, asserted or unasserted, known or unknown, absolute or contingent, in tort, contract, federal, bankruptcy, or state statutory liability (including Lien Law and the Payment Act), based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty, unjust

---

[3] As defined at n. 2, <u>supra</u>. Under no circumstances shall it be determined that Arch Insurance is intended to be included as a within the defined term "KPG-MCG/DAS Release Parties."

10790866.v10

*Execution Copy*

enrichment, constructive trust, fraudulent transfer, or otherwise (including attorneys' fees, costs or disbursements), which are, have been, could have been or might in the future be asserted by the Debtor, the Committee, a Chapter 11 or Chapter 7 Trustee appointed in the Chapter 11 Case and/or any other party purporting to represent the Debtor's bankruptcy estate against any of the KPG-MCG/DAS Release Parties and Arch Insurance, including, but not limited to, any claims or causes of action that arise out of, are based on, are or could have been alleged in, and/or in any way relate to the Lien Claim, the Discharge Bond, the KPG-MCG Action, the SBA Action, the Subcontractor Claims, the Assigned Subcontractor Claims, the Scheduled Subcontractor Claims, the GMP Contract, and/or the Project; *provided, however,* nothing herein shall release: (i) any claims or causes of action related to or arising from allegations of third party property damage, personal injury, or death; and (ii) any rights and/or obligations arising under this Settlement Agreement.

5.      <u>Release By KPG-MCG/DAS Release Parties</u>. Upon the Effective Date, in consideration for the covenants and agreements in this Settlement Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the KPG-MCG/DAS Release Parties shall be deemed without further action or writing to have fully and finally released the Debtor Release Parties, from any and all past, present and future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts), of whatever kind, nature or description, direct or indirect, asserted or unasserted, known or unknown, absolute or contingent, in tort, contract, federal, bankruptcy, or state statutory liability (including Lien Law and the Payment Act), based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty, unjust enrichment, constructive trust, fraudulent transfer, or otherwise (including attorneys' fees, costs or disbursements), which are, have been, could have been or might in the future be asserted by the KPG-MCG/DAS Release Parties against any of the Debtor Release Parties, including but not limited to claims or causes of action that arise out of, are based on, are or could have been alleged in, and/or in any way relate to the Lien Claim, the Discharge Bond, the KPG-MCG Action, the SBA Action, the Subcontractor Claims, the

6

*Execution Copy*

Assigned Subcontractor Claims, the Scheduled Subcontractor Claims, the GMP Contract, and/or the Project; *provided, however,* nothing herein shall release: (i) any claims or causes of action related to or arising from allegations of third party property damage, personal injury, or death; and (ii) any rights and/or obligations arising under this Settlement Agreement.

      6.    <u>Praecipe to Settle, Discontinue and End with Prejudice.</u>

      a.    Within five (5) business days after the later of (i) the Effective Date and (ii) the Debtor's receipt of the Settlement Funds, Debtor will file with the Philadelphia Court of Common Pleas (i) a praecipe to mark the Lien Claim (including, without limitation, any mechanics' lien filed in connection therewith) as Discharged and Satisfied ("**Document #1**"), and (ii) a praecipe to mark the Discharge Bond as released ("**Document #2**"). These documents shall be in the form attached hereto as Exhibits 1-2 and Debtor will furnish time-stamped copies of Document #1 and Document #2 to KPG-MCG and DAS. Upon acceptance by the Court of Document #1 and Document #2, the Debtor shall then file (iii) a praecipe to mark the Lien Claim settled, discontinued, and ended with prejudice ("**Document #3**"), in the form attached hereto as Exhibit 3. Debtor will furnish a time-stamped copy of Document #3 to KPG-MCG and DAS.

      b.    In addition, promptly upon Debtor's receipt of the Settlement Funds, the Parties will execute and file with the Philadelphia Court of Common Pleas (i) a stipulation to mark the KPG-MCG Action as settled, discontinued, and ended with prejudice, (ii) a stipulation to mark the SBA Action as settled, discontinued and ended with prejudice, and (iii) a stipulation to mark the action stylized as <u>Component Assembly Systems Inc. v KPG-MCG Curtis Tenant LLC, et al.</u>, Philadelphia C. C. P. No. 1902079 as settled, discontinued and ended with prejudice. These documents shall be in the form attached hereto as Exhibits 4-6 with the Parties furnishing time-stamped copies to each other.

      c.    To the extent KPG-MCG and/or DAS asserted any proof of claim in the Debtor's Chapter 11 Case that is or relates to a Subcontractor Claim, or an Assigned Subcontractor Claim that has been (i) assigned to, (ii) acquired by, and/or (iii) controlled by KPG-MCG and/or DAS, KPG-MCG and DAS agree to withdraw such proof of claim within five (5) business days of the Effective Date.

      7.    <u>Party Representations.</u>

7

*Execution Copy*

a.      Each Party hereby represents and warrants that at the time of execution of this Settlement Agreement: (i) such Party and the undersigned signatory hereto is duly authorized and empowered to execute this Settlement Agreement for the purposes specified herein; (ii) such Party has taken all necessary actions to authorize the execution, delivery and performance of this Settlement Agreement; (iii) this Settlement Agreement has been duly executed and delivered by such Party, and subject to Bankruptcy Court approval, constitutes the legal, valid, and binding obligations of such Party, enforceable against it in accordance with their respective terms; (iv) such Party's execution, delivery, and performance of this Settlement Agreement does not and will not conflict with, or constitute a violation or breach of, or constitute a default under any obligation of such Party and will not violate any applicable law, or any order or decree of any court or government instrumentality applicable to such Party; and (v) such Party has entered into this Settlement Agreement in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Settlement Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this Settlement Agreement other than those that are expressly set forth in this Settlement Agreement.

b.      Each Party warrants and represents that it has not assigned, pledged, voluntarily or involuntarily disposed of, or transferred, and will not assign, pledge, dispose of or transfer, to another person or entity any claim that it has or may have had against any Party, including, without limitation, any Subcontractor Claim and/or Assigned Subcontractor Claims asserted against SBA, and that all such claims are fully and finally discharged, settled and satisfied.

c.      Each Party covenants and agrees not to initiate or prosecute any claim or action against any other Party and/or person or entity released from such claim or action in accordance with the terms of this Settlement Agreement. Except as to those matters excluded from the Releases and subject to the terms of Paragraphs 4 and 5, respectively, each Party acknowledges and agrees that the Releases set forth herein are intended to constitute a full mutual general release of all claims, including any claims from subcontractors (i) assigned to, (ii) acquired by, and/or (iii) controlled by KPG-MCG or DAS, and covenants not to sue with respect to all the matters released in accordance with the terms of this Settlement Agreement regardless of the existence or effect of any

8

*Execution Copy*

unknown, unsuspected, or unanticipated claim or fact.

8.    <u>Each Side to Bear Their Own Costs</u>. The Parties hereto agree that each side shall bear their own costs, including attorneys' fees and costs.

9.    <u>Non-Admission of Liability</u>. Nothing in this Settlement Agreement shall constitute an admission of liability by any Party. It is expressly acknowledged that each Party disputes the claims and defenses asserted against it and asserts that it has valid defenses to any claims arising against it.    Each of the Parties understands and acknowledges that this Settlement Agreement constitutes a compromise and settlement of disputed claims. No action taken by any of the Parties, either previously or in connection with this Settlement Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any claims heretofore made or (b) an acknowledgment or admission by any of the Parties of any fault or liability whatsoever to the other Parties or any third party.

10.    <u>General Provisions</u>.

a.    Each of the Parties will execute and deliver such further documents and instruments and do such acts and things as may be reasonably required by the other Party from time to time for the purpose of carrying out the intent and meaning of this Settlement Agreement.

b.    This Settlement Agreement may be executed in one or more counterparts, all of which shall be considered one and the same Settlement Agreement, and shall become effective when one or more counterparts have been signed by each of the Parties and delivered (including delivery of executed signature pages electronically) to each of the Parties hereto. Facsimile, photocopy, PDF, or other copied signatures shall be considered original signatures for all purposes.

c.    As used in this Settlement Agreement, the singular may include the plural and the plural the singular, and the use of any gender shall be applicable to all genders.

d.    The provisions of this Settlement Agreement shall be binding on and inure to the benefit of the respective successors, assigns, heirs, beneficiaries, and personal representatives of the Parties hereto, as applicable.

e.    Except as is otherwise expressly provided herein, no third party is intended to secure any rights or benefits under this Settlement Agreement, and it is not

9

10790866.v10

*Execution Copy*

intended for the benefit of any third party.

f.      This Settlement Agreement is governed by the laws of the Commonwealth of Pennsylvania and in the event of a dispute hereunder, the Parties hereto mutually consent to jurisdiction over them by the courts in Philadelphia, PA.

g.      If any part of this Settlement Agreement, except for the Releases, is determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, then that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts or provisions of this Settlement Agreement. The failure to obtain entry of the Final Order including the Releases shall automatically render this Settlement Agreement null and void.

h.      The Parties acknowledge that they have consulted with the attorneys of their choosing before entering into this Settlement Agreement, have read this Settlement Agreement, know and understand its contents, and execute this Settlement Agreement freely and voluntarily. In executing and giving this Settlement Agreement, each Party acknowledges that it has not relied on, or made to another Party or anyone purporting to act on its behalf, any promise or representation that is not contained in this Settlement Agreement.

i.      The Parties cooperated in the drafting of this Settlement Agreement, and if it is finally determined that any provision in this Settlement Agreement is ambiguous, that provision shall not be presumptively construed against any Party. Pronouns contained in this Settlement Agreement shall apply equally to the feminine, neuter, and masculine genders. The singular shall include the plural, and the plural shall include the singular.

j.      The Parties understand and agree that each Party assumes all risk that the facts or law may be, or become, different than the facts or law as believed by them at the time they execute this Settlement Agreement.

k.      This Settlement Agreement and the Releases contained herein shall be binding upon, inure to the benefit of, and be enforceable by the Parties, the Debtor's bankruptcy estate, and their respective successors and assigns, including, without limitation, any trustee, receiver, liquidator or other representative or assignee through a confirmed plan of liquidation or reorganization, by operation of law or otherwise.

l.      The Parties acknowledge and agree that any order confirming the

10

10790866.v10

*Execution Copy*

Debtor's plan shall not alter or modify this Settlement Agreement or the Releases contained herein.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT. ITS CONTENTS HAVE BEEN FULLY EXPLAINED TO THEM BY THEIR ATTORNEYS. THE SIGNATORIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS SETTLEMENT AGREEMENT.**

[SIGNATURE PAGE FOLLOWS]

11

10790866.v10

*Execution Copy*

     **IN WITNESS WHEREOF,** the Parties hereunto set their hands effective as of the day and year first set forth above to this Settlement Agreement.

**SCUNGIO BORST & ASSOCIATES, LLC**

_____    Date: _____
Signature

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

_____    Date: _____
Signature

**KPG-MCG CURTIS TENANT, LLC**

_____    Date: _____
Signature

**H'Y2 CURTIS LLC**

_____    Date: _____
Signature

**CURTIS CENTER TIC I, LLC**

_____    Date: _____
Signature

**CURTIS CENTER TIC II, LLC**

_____    Date: _____
Signature

**DAS ARCHITECTS, INC.**

_____    Date: _____
Signature:

**SCOTT P. SCUNGIO**

_____    Date: _____
Signature:

**PHILIP L. BORST**

_____    Date: _____
Signature:

12

10790866.v10

*Execution Copy*

**IN WITNESS WHEREOF**, the Parties hereunto set their hands effective as of the day and year first set forth above to this Settlement Agreement.

**SCUNGIO BORST & ASSOCIATES, LLC**

_____    Date: _____
Signature

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

_____    Date: _____
Signature

**KPG-MCG CURTIS TENANT, LLC**

_____    Date: _____
Signature

**H'Y2 CURTIS LLC**

_____    Date: _____
Signature

**CURTIS CENTER TIC I, LLC**

_____    Date: _____
Signature

**CURTIS CENTER TIC II, LLC**

_____    Date: _____
Signature

**DAS ARCHITECTS, INC.**

_____    Date: _1/12/2024_____
Signature:

**SCOTT P. SCUNGIO**

_____    Date: _____
Signature:

**PHILIP L. BORST**

_____    Date: _____
Signature:

12

10790866.v10

*Execution Copy*

**IN WITNESS WHEREOF**, the Parties hereunto set their hands effective as of the day and year first set forth above to this Settlement Agreement.

**SCUNGIO BORST & ASSOCIATES, LLC**

_____     Date: _____
Signature

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

_____     Date: _____
Signature

**KPG-MCG CURTIS TENANT, LLC**

_____     Date: _____
Signature

**H'Y2 CURTIS LLC**

_____     Date: _____
Signature

**CURTIS CENTER TIC I, LLC**

_____     Date: _____
Signature

**CURTIS CENTER TIC II, LLC**

_____     Date: _____
Signature

**DAS ARCHITECTS, INC.**

_____     Date: _____
Signature:

**SCOTT P. SCUNGIO**

_____     Date: _____
Signature:

**PHILIP L. BORST**

_____     Date: 1/10/24 _____
Signature:

12

10790866.v10

*Execution Copy*

        **IN WITNESS WHEREOF**, the Parties hereunto set their hands effective as of the day and year first set forth above to this Settlement Agreement.

**SCUNGIO BORST & ASSOCIATES, LLC**

_____          Date: ___1/10/2024___
Signature

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

_____          Date: _____
Signature

**KPG-MCG CURTIS TENANT, LLC**

_____          Date: _____
Signature

**H'Y2 CURTIS LLC**

_____          Date: _____
Signature

**CURTIS CENTER TIC I, LLC**

_____          Date: _____
Signature

**CURTIS CENTER TIC II, LLC**

_____          Date: _____
Signature

**DAS ARCHITECTS, INC.**

_____          Date: _____
Signature:

**SCOTT P. SCUNGIO**

_____          Date: ___01/10/2024___
Signature:

**PHILIP L. BORST**

_____          Date: _____
Signature:

12

10790866.v10

*Execution Copy*

**IN WITNESS WHEREOF**, the Parties hereunto set their hands effective as of the day and year first set forth above to this Settlement Agreement.

**SCUNGIO BORST & ASSOCIATES, LLC**

_____        Date: _____
Signature

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

_____        Date: 1/15/24
Signature   Edmond George, Atty

**KPG-MCG CURTIS TENANT, LLC**

_____        Date: _____
Signature

**H'Y2 CURTIS LLC**

_____        Date: _____
Signature

**CURTIS CENTER TIC I, LLC**

_____        Date: _____
Signature

**CURTIS CENTER TIC II, LLC**

_____        Date: _____
Signature

**DAS ARCHITECTS, INC.**

_____        Date: _____
Signature:

**SCOTT P. SCUNGIO**

_____        Date: _____
Signature:

**PHILIP L. BORST**

_____        Date: _____
Signature:

12

10790866.v10

# SCHEDULE "1"

## SCHEDULE 1 (Subcontractor Actions)

**Case ID:** <u>190802079</u> *COMPONENT ASSEMBLY SYSTEMS, INC. V. KPG-MCG CURTIS TENANT, LLC, ET AL.*

**Case ID:** <u>190802080</u> *COMPONENT ASSEMBLY SYSTEMS, INC. V. KPG-MCG CURTIS TENANT, LLC, ET AL.*

**Case ID:** <u>1907M0004</u> *SCHINDLER ELEVATOR CORPORATION V. CURTIS CENTER TIC, ET AL.*

**Case ID:** <u>1904M0027</u> *JAMES FLOORING COVERING, INC. V. CURTIS CENTER TIC, ET AL.*

**Case ID:** <u>1904M0024</u> *JAMES FLOORING COVERING, INC. V. CURTIS CENTER TIC, ET AL.*

**Case ID:** <u>1903M0030</u> *ARMOUR & SONS ELECTRIC, INC. V. CURTIS CENTER TIC, ET AL.*

**Case ID:** <u>190302707</u> *DWD MECHANICAL CONTRACTOR, INC. V. SCUNGIO BORST, ET AL.*

**Case ID:** <u>1812M0016</u> *DWD MECHANICAL CONTRACTOR, INC. V. CURTIS CENTER TIC, ET AL.*

**Case ID:** <u>1903M0011</u> *M. SCHNOLL & SONS, INC V. KEYSTONE PROPERTY GROUP, ET AL.*

**Case ID:** <u>190102911</u> *CIPPCO, INC. V. SCUNGIO BORST & ASSOCIATES, LLC, ET AL.*

**Case ID:** <u>1901M0003</u> *GENERAL MASONRY & RESTORATION, INC. V. KPG-MCG CURTIS TENANT, ET AL.*

**Case ID:** <u>1901M0002</u> *COMPONENT ASSEMBLY SYSTEMS, INC. V. KPG-MCG CURTIS TENANT, ET AL.*

**Case ID:** <u>1807M0014</u> *CIPPCO, INC. V. KPG-MCG CURTIS TENANT, LLC, ET AL.*

# SCHEDULE "2"

## SCHEDULE 2 (Assigned Subcontractor Claims)

*GENERAL MASONRY & RESTORATION, INC.*

*ARMOUR & SONS ELECTRIC, INC.*

*COMPONENT ASSEMBLY SYSTEMS, INC.*

*M. SCHNOLL & SONS, INC.*

*DWD MECHANICAL CONTRACTOR, INC.*

*JAMES FLOORING COVERING, INC.*

*LIMBACH COMPANY, LLC*

# <u>SCHEDULE "3"</u>

Misc/Scheduled Subcontractor Claims - KPG-MCG Settlement Agreement and Release.1.5.24

**SCUNGIO BORST ASSOCIATES LLC**
**CASE NO. 22-10609(AMC)**
**SCHEDULED SUBCONTRACTOR CLAIMS**

**KPG-MCG SETTLEMENT AGREEMENT AND RELEASE**

| No. | Creditor | Bankruptcy Schedule F Amount | C, U, D | POC# | POC Amount | Settlement Agreement Schedule 3 (Scheduled Subcontractor Claims) |
|---|---|---|---|---|---|---|
| 1 | Ace Elevator LLC<br>222 W. Atlantic Avenue, Building B<br>Haddon Heights, NJ 08035 | $8,200.54 | C | | | X |
| 2 | Affordable Fire Protection, Inc.<br>540 Hamilton Avenue<br>Linwood, NJ 08221 | $28,632.41 | C | | | X |
| 3 | ALN Construction, Inc.<br>104 Sandy Drive<br>Newark, DE 19713 | $1,859.65 | | | | X |
| 4 | Blue Collar Builders LLC<br>101 Elm Avenue<br>North Wales, PA 19454 | $15,124.00 | C | | | X |
| 5 | Bristol Millwork Inc.<br>4560 Tacony Street<br>Philadelphia, PA 19124 | $146,655.40 | C | 49 | $146,655.40 | X |
| 6 | Cippco Inc.<br>9323 Keystone Street<br>Philadelphia, PA 19114 | $151,981.07 | C, U, D | 32 | $174,420.29 | X |
| 7 | Component Assembly Systems, Inc.<br>580 Virginia Drive, Suite 140<br>Fort Washington, PA 19034 | $0.00 | C, U, D | | | X |
| 8 | Creative Surfaces, Inc.<br>4 Union Hill Road, Suite 100<br>Conshohocken, PA 19428 | $50,529.37 | C | | | X |
| 9 | DDM Steel<br>3659 North Delsea Drive<br>Vineland, NJ 08360 | $44,784.69 | C | 53 | $64,857.00 | X |
| 10 | Dennis M. Salvi Associates<br>38 Cedarcrest Ct.<br>Doylestown, PA 18901 | $117,603.20 | C | | | X |
| 11 | Freedom Glass & Metal, Inc.<br>4 White Horse Pike<br>Clementon, NJ 08021 | $92,071.68 | C | 40 | $92,071.68 | X |
| 12 | Ground Penetrating Radar Systems<br>5217 Monroe Street<br>Toledo, OH 43623 | $675.00 | | | | X |

**SCUNGIO BORST ASSOCIATES LLC**
**CASE NO. 22-10609(AMC)**
**SCHEDULED SUBCONTRACTOR CLAIMS**

**KPG-MCG SETTLEMENT AGREEMENT AND RELEASE**

| No. | Creditor | Bankruptcy Schedule F Amount | C, U, D | POC# | POC Amount | Settlement Agreement Schedule 3 (Scheduled Subcontractor Claims) |
|---|---|---|---|---|---|---|
| 13 | James Floor Covering Inc.<br>2604 Durham Road<br>Bristol, PA 19007 | $70,562.82 | C, U, D | | | X |
| 14 | LVC Windows Blinds & Drapery, Inc.<br>345 Harrison Avenue<br>Garfield, NJ 07026 | $8,128.48 | | | | X |
| 15 | MTD Land Surveying, Inc.<br>204 Byers Road<br>Chester Springs, PA 19425 | $8,188.86 | | | | X |
| 16 | Nicholas A. Salamone Contractors<br>146 State Road<br>Norristown, PA 19403 | $15,881.75 | C | | | X |
| 17 | Northeast Fire Proofing<br>608 Ryan Avenue<br>Westville, NJ 08093 | $11,996.39 | | 45 | $16,596.39 | X |
| 18 | PD Construction Group<br>309 Camer Drive<br>Bensalem, PA 19020 | $23,185.41 | C | | | X |
| 19 | Pennsylvania Flooring<br>6 Ford Road, Suite 141<br>Denville, NJ 07834 | $117,611.40 | C | 47 | $155,912.40 | X |
| 20 | Peter Bradley Construction Inc.<br>501 Cambria Avenue<br>Bensalem, PA 19020 | $1,809.00 | C | | | X |
| 21 | RW Professional Cleaning LLC<br>112 Curnard Street<br>Wilmington, DE 19804 | $37,414.75 | C | 74 | $58,754.75 | X |
| 22 | Schindler Elevator Corporation<br>P.O. Box 70433<br>Chicago, IL 60673 | $855.90 | | | | X |
| 23 | Superior Scaffold Services Inc.<br>600 Center Avenue<br>Bensalem, PA 19020 | $15,552.57 | C | 18 | $28,409.28 | X |
| 24 | TDR Systems Inc.<br>t/a CHUTES International<br>33 Industrial Park Drive<br>Waldorf, MD 20602 | $9,458.46 | C | | | X |

**SCUNGIO BORST ASSOCIATES LLC**
**CASE NO. 22-10609(AMC)**
**SCHEDULED SUBCONTRACTOR CLAIMS**

**KPG-MCG SETTLEMENT AGREEMENT AND RELEASE**

| No. | Creditor | Bankruptcy Schedule F Amount | C, U, D | POC# | POC Amount | Settlement Agreement Schedule 3 (Scheduled Subcontractor Claims) |
|-----|----------|------------------------------|---------|------|------------|-------------------------------------------------------------------|
| 25 | Town and Country Roofing & Siding<br>4775 Lerch Road<br>Bensalem, PA 19020 | $34,355.44 | C | 6 | $48,097.61 | X |

# EXHIBIT "1"

| | |
|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC , | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY |
| vs. | October Term 2018 |
| KPG-MCG CURTIS CENTER LLC, ET AL, | No. M0013 |
| Defendants. | |

## PRAECIPE TO MARK LIEN SATISFIED AND RELEASED

TO THE PROTHONOTARY:

Please mark the lien in the matter as Discharged, Satisfied and Released.

*BOCHETTO & LENTZ, P.C.*

BY:_____
*Gavin P. Lentz, Esquire*
*Albert M. Belmont, III, Esquire*

*Attorneys for Scungio Borst & Associates, LLC*

10815997.v1

# EXHIBIT "2"

| | |
|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC , | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY |
| vs. | October Term 2018 |
| KPG-MCG CURTIS CENTER LLC, ET AL, | No. M0013 |
| Defendants. | |

## **PRAECIPE TO MARK BOND NO. SU1174948 AS RELEASED AND DISCHARGED**

TO THE PROTHONOTARY:

Please mark Bond No. SU1174948 filed with the Court in this matter as Released and Discharged.

*BOCHETTO & LENTZ, P.C.*

*BY:*_____
*Gavin P. Lentz, Esquire*
*Albert M. Belmont, III, Esquire*

*Attorneys for Scungio Borst & Associates, LLC*

10815998.v1

# EXHIBIT "3"

| | |
|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC , | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY |
| vs. | October Term 2018 |
| KPG-MCG CURTIS CENTER LLC, ET AL, | No.  M0013 |
| Defendants. | |

## PRAECIPE TO SETTLE, DISCONTINUE AND END WITH PREJUDICE

TO THE PROTHONOTARY:

     Please mark this action settled, discontinued, and ended with prejudice.


*BOCHETTO & LENTZ, P.C.*

*BY:*_____
*Gavin P. Lentz, Esquire*
*Albert M. Belmont, III, Esquire*

*Attorneys for Scungio Borst &*
*Associates, LLC*

10815999.v1
10815999.v1

# EXHIBIT "4"

|  |  |
|---|---|
| KPG-MCG CURTIS TENANT, LLC, | COURT OF COMMON PLEAS |
|  | PHILADELPHIA COUNTY |
| Plaintiff, |  |
|  | CIVIL ACTION |
| v. | November Term 2018 |
| SCUNGIO BORST & ASSOCIATES, LLC, et al. | No. 01154 |
| Defendants. | Commerce Program |

### STIPULATION TO MARK ACTION SETTLED, DISCONTINUED AND ENDED

Plaintiff, KPG-MCG Curtis Tenant, LLC, Defendant, Scungio Borst & Associates, LLC, and Third-Party Defendant, DAS Architects, Inc., hereby stipulate and agree that this action, with all claims, counterclaims, and third-party claims, shall be marked settled, discontinued, and ended with prejudice.

**KLEHR HARRISON HARVEY
BRANZBURG LLP**

BY: _____

    William A. Harvey, Esquire
    Peter J. Norman, Esquire
    Gaetano P. Piccirilli, Esquire
    Stephanie D. Wolbransky, Esquire

*Attorneys for KPG-MCG Curtis Tenant, LLC*

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _____

    Gregory J. Kelley, Esquire
    *Attorneys for DAS Architects, Inc.*

**BOCHETTO & LENTZ, P.C.**

BY: _____

    Gavin P. Lentz, Esquire
    Albert M. Belmont, III, Esquire
    *Attorneys for Scungio Borst & Associates,
    LLC*

10816000.v1

# EXHIBIT "5"

| | | |
|---|---|---|
| SCUNGIO BORST & ASSOCIATES, LLC | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| | : | |
| v. | : | FEBRUARY TERM, 2019<br>NO. 0666 |
| KPG-MCG CURTIS TENANT, LLC, ET AL, | : | |
| Defendant. | : | Commerce Program |

### STIPULATION TO MARK ACTION SETTLED, DISCONTINUED AND ENDED

Plaintiff, Scungio Borst & Associates, LLC, and Defendants, KPG-MCG Curtis Tenant, LLC, and DAS Architects, Inc., hereby stipulate and agree that this action, with all claims, counterclaims, and third-party claims, shall be marked settled, discontinued, and ended with prejudice.

**KLEHR HARRISON HARVEY
BRANZBURG LLP**

BY: _____
   William A. Harvey, Esquire
   Peter J. Norman, Esquire
   Gaetano P. Piccirilli, Esquire
   Stephanie D. Wolbransky, Esquire

*Attorneys for KPG-MCG Curtis Tenant, LLC*

**MARSHALL, DENNEHEY, WARNER, COLEMAN &
GOGGIN**

BY: _____
   Gregory J. Kelley, Esquire
   *Attorneys for DAS Architects, Inc.*

**BOCHETTO & LENTZ, P.C.**

BY: _____
   Gavin P. Lentz, Esquire
   Albert M. Belmont, III, Esquire
   *Attorneys for Scungio Borst & Associates,
   LLC*

10816000.v1

# EXHIBIT "6"

| | | |
|---|---|---|
| COMPONENT ASSEMBLY SYSTEMS, INC. | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY, PA |
| vs. | : | |
| | : | |
| KPG-MCG CURTIS TENANT, LLC and | : | August Term, 2019 |
| SCUNGIO BORST & ASSOCIATES, LLC | : | |
| | : | |
| Defendants | : | NO. 190802079 |
| vs. | : | |
| | : | |
| DAS ARCHITECTS, INC. | : | |
| | : | |
| Additional Defendant | : | |
| | : | |
| | : | |

### STIPULATION TO MARK ACTION SETTLED, DISCONTINUED AND ENDED

Plaintiff, Component Assembly Systems, Inc., Defendants, KPG-MCG Curtis Tenant, LLC, and Scungio Borst & Associates, LLC, and Additional Defendant, DAS Architects, Inc., hereby stipulate and agree that this action, with all claims, counterclaims, and third-party claims, shall be marked settled, discontinued, and ended with prejudice.

**KLEHR HARRISON HARVEY
BRANZBURG LLP**

BY: _____
    William A. Harvey, Esquire
    Peter J. Norman, Esquire
    Gaetano P. Piccirilli, Esquire
    Stephanie D. Wolbransky, Esquire

*Attorneys for KPG-MCG Curtis Tenant, LLC and Component Assembly Systems, Inc.*

**MARSHALL, DENNEHEY, WARNER, COLEMAN &
GOGGIN**

BY: _____
    Gregory J. Kelley, Esquire
    *Attorneys for DAS Architects, Inc.*

**BOCHETTO & LENTZ, P.C.**

BY: _____
    Gavin P. Lentz, Esquire
    Albert M. Belmont, III, Esquire
    *Attorneys for Scungio Borst & Associates, LLC*

10816000.v1