IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| SCUNGIO BORST & ASSOCIATES, LLC, | : | BANKRUPTCY NO. 22-10609(AMC) |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER (I) CONFIRMING MODIFIED JOINT PLAN OF LIQUIDATION
(WITH TECHNICAL MODIFICATIONS) PROPOSED BY SCUNGIO BORST &
ASSOCIATES, LLC AND THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE ESTATE OF THE DEBTOR
AND (II) GRANTING RELATED RELIEF**

Scungio Borst & Associates, LLC, the debtor and debtor in possession (the "Debtor") and

the Official Committee of Unsecured Creditors of the Estate of the Debtor (the "Committee")

having:

a. filed the Modified Joint Plan of Liquidation (with technical modifications) dated October 19, 2023 (including all exhibits and schedules thereto and as each may be further amended, modified, or supplemented from time to time in accordance with the terms hereof) (the "Plan")[1] [Doc No. 326]; and

b. filed the Amended Disclosure Statement dated October 19, 2023 with respect to the Plan (the "Disclosure Statement") [Doc. No. 327] and, as so revised and supplemented for solicitation purposes the "Solicitation Disclosure Statement" [D.I. 346] filed on November 1, 2023 (together, the "Disclosure Statement").

The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") having:

a. entered the Amended Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Form of Ballot, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief (the "Disclosure Statement Order" and at times, also referred to, as the "Solicitation Procedures Order") [D.I. 345] dated November 1, 2023; and

b. approved, pursuant to the Disclosure Statement Order, among other things, (i) the Disclosure Statement and (ii) the transmission to holders of Claims against the

---

[1] Each capitalized term used, but not otherwise defined herein, has the meaning ascribed thereto in the Plan.

Debtor's Estate of the Plan, the Disclosure Statement, the Solicitation Procedures, and related notices, forms, and Ballots in compliance with chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules of the Court (the "Local Rules").

The Debtor having:

a. timely and properly solicited the Plan and Disclosure Statement and provided due notice of the Confirmation Hearing, in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order, as evidenced by, among other things, the Certificate of Service [D.I. 363] filed on November 13, 2023, and the Certificate of Service [D.I. 364] filed on November 13, 2023 (together, the "Solicitation Certificates of Service");

b. caused notice of the hearing to consider Confirmation of the Plan (the "Confirmation Hearing Notice") and the Non-Voting Status Notice (the "Non-Voting Status Notice") to be served on November 6, 2023 as required by the Disclosure Statement Order [D.I. 363];

c. submitted the Report of Plan Voting prepared by Karalis PC ("KPC") regarding the solicitation of votes and tabulation of Ballots cast with respect to the Plan [D.I. 372] (the "Report of Plan Voting");

d. filed on January 5, 2024, the Debtor's (I) Memorandum of Law in Support of Confirmation of the Plan and (II) Reply to Plan Confirmation Objection filed by KPG-MCG Curtis Tenant, LLC [D.I. 375] (the "Confirmation Brief"); and

e. filed on January 5, 2024, the declaration of Scott P. Scungio in Support of Confirmation of the Plan [D.I. 376] (the "Confirmation Hearing Declaration").

The Court having:

a. found that the Confirmation Hearing Notice, and the opportunity for any party in interest to object to Confirmation of the Plan, have been adequate and appropriate under the circumstances and no further notice is required;

b. held a Confirmation Hearing on January 11, 2024; and

c. considered the entire record of the Confirmation Hearing, including, but not limited to,

    1. the Plan, the Disclosure Statement, and the Disclosure Statement Order;

    2. the Confirmation Hearing Notice and Non-Voting Status Notice;

2

3. the Solicitation Certificates of Service and Report of Plan Voting;

4. the Court having been advised that the Debtor, KPG-MCG, the Committee, Scott P. Scungio, Philip L. Borst, H'Y2 Curtis LLC, Curtis Center TIC I, LLC, Curtis Center TIC II, LLC, and DAS Architects, Inc. have executed a settlement agreement and mutual release (the "Debtor-KPG-MCG-DAS Settlement Agreement") and Debtor's counsel having filed a 9019 Motion with this Court to consider approval of the Debtor-KPG-MCG-DAS Settlement Agreement [D.I. 381];

5. the objection to confirmation of the Plan filed by KPG-MCG [D.I. 371] (the "Objection") having been resolved by the provisions of this Confirmation Order, and KPG-MCG having consented to the entry of this Confirmation Order;

6. the Court also having been advised that the Committee, the Debtor, Scungio & Company, LLC, 418 Federal GSGZ, LLC, Millennial Partners, LLC, Phil Borst, Alessandra Tosolini-Borst, and Scott Scungio have executed a Settlement Agreement that compromises, settles and resolves all claims among these parties (the "Committee-418 Federal Settlement Agreement") and Debtor's counsel having filed a 9019 Motion with this Court to consider approval of the Committee-418 Federal Settlement Agreement [D.I. 384];

7. the Court having considered the Confirmation Hearing Declaration, and any other testimony submitted in support of Confirmation, and the Confirmation Brief, and

8. arguments of counsel and the evidence proffered, adduced, and/or presented in connection with the Confirmation Hearing; and

after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines as follows:[2]

A. **Jurisdiction and Venue.** This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Eastern District of Pennsylvania, dated as of November 8, 1990. The Court has exclusive jurisdiction to determine whether the Plan complies with the

---

[2] The findings of fact and conclusions of law set forth herein constitute findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52 made applicable in contested matters by Bankruptcy Rules 7052 and 9014(c). To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

3

applicable provisions of the Bankruptcy Code and should be approved and confirmed. Venue of this proceeding and the Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order hereon under Article III of the United States Constitution. The statutory predicates for Confirmation of the Plan are sections 105(a), 363, 365, 1123, 1124, 1129, and 1146(a) of title 11 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 6006 and 9019.

      B.      **Eligibility for Relief**. The Debtor was and is an entity eligible for relief under section 109 of the Bankruptcy Code.

      C.      **Adequate Notice.** All necessary service and notice with respect to Confirmation of the Plan, including the exculpations thereunder, on all known and unknown creditors and other parties in interest was adequate and sufficient under the circumstances of the Chapter 11 Case and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

      D.      **Solicitation**. As evidenced by the Solicitation Certificates of Service and the Report of Plan Voting, transmittal and service of the solicitation materials required by the Disclosure Statement Order was timely, adequate, appropriate, and sufficient under the circumstances. The solicitation of the Holders of Claims against and Interests in the Debtor was conducted in good faith and complied with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations. Accordingly, no further notice is required, and the Debtor and it officers, directors, advisors, professionals, and agents are entitled to the benefits and protections afforded by section 1125(e) of the Bankruptcy Code. The

period during which the Debtor solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for each Holder entitled to vote to make an informed decision to accept or reject the Plan.

  E. **Voting**.  As described in the Report of Plan Voting, (a) Holders of Claims in Class 2 (General Unsecured Claims), which are Impaired and entitled to vote on the Plan, have voted to accept the Plan in both the numbers and amounts required by section 1126 of the Bankruptcy Code; (b) Class 1 (Priority Claims), which is unimpaired, is deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code, and (c) Holders of Interests in Class 3 (Interests), which are impaired, were not entitled to vote and are deemed to have rejected the Plan.  All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations.

  F. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 3, the Plan is confirmable pursuant to section 1129(b) of the Bankruptcy Code with respect to Class 3 because value of the Interests as of the Effective Date is zero and therefore the cancellation of such Interests under the Plan is not violative of section 1129(b)(2)(C)(i).  In addition, the holders of Class 3 Interests support the confirmation of the Plan and have consented to the entry of this Order.

  G. A reasonable opportunity to object and be heard with respect to the Confirmation Hearing and the relief requested therein has been afforded to all interested persons and entities.

  H. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as

otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

  I.  The Plan complies with the requirements of 11 U.S.C. §§ 1122 and 1123, and the requirements set forth in 11 U.S.C. § 1129(b) having been satisfied.

  J.  **Exculpation**. The exculpations set forth in Article XI. §11.13 of the Plan and incorporated into this Confirmation Order are essential to the Plan. The record in the Chapter 11 Case supports the exculpation provisions set forth in Article XI §11.13 of the Plan, which is appropriately tailored to protect the Exculpated Parties from unnecessary litigation and are consistent with established practice in this jurisdiction. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or distributions made pursuant to the Plan as and to the extent provided for in the Plan.

  K.  **SBA Plan Trust**. The SBA Plan Trust Agreement is attached as Exhibit 1.65 to the Plan. The SBA Plan Trust Agreement in such form complies with the terms of the Plan, its terms are reasonable, and the Debtor has provided adequate notice of the material terms thereof in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is or shall be required. Entry into the SBA Plan Trust Agreement is an essential element of the Plan and is in the best interests of the Debtor, the Estate, and Holders of Claims and Interests. The establishment of the SBA Plan Trust and the form of the SBA Plan Trust Agreement (as it may be modified or amended in accordance with the Plan) upon the terms set forth in the Plan are appropriate and in the best interests of the Debtor, the Estate, and Holders of

6

Claims and Interests. Upon its execution, pursuant to this Confirmation Order and the Plan, the SBA Plan Trust Agreement shall, upon the Effective Date, be valid, binding, and enforceable in accordance with its terms.

L.  **Objections.** All parties have had a full and fair opportunity to litigate all issues raised in the objections to Confirmation of the Plan, or which might have been raised, and the objections have been fully and fairly litigated or resolved or overruled.

M.  **Rejection of Executory Contracts and Unexpired Leases.** The Debtor's rejection of each executory contract and unexpired lease under the Plan satisfies the requirements of section 365(b) of the Bankruptcy Code and, therefore, the requirements of section 1123(b)(2) of the Bankruptcy Code.

N.  **Satisfaction of Confirmation Requirements.** Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code. The Debtor and Committee, as the proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(b) of the Bankruptcy Code by preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  **Objections Overruled.** All objections, if any, with regard to the relief sought in this Confirmation Order that have not been withdrawn, waived, settled, or otherwise resolved as expressly provided herein or on the record at the Confirmation Hearing are hereby OVERRULED and DENIED on the merits, with prejudice. All objections to the entry of this Confirmation Order or to the relief granted herein that were not timely filed are hereby forever barred.

2.  **Confirmation.** As set forth in this Confirmation Order, all requirements for the Confirmation of the Plan have been satisfied. Accordingly, the Plan, as modified by this

Confirmation Order, in its entirety, is **CONFIRMED** pursuant to section 1129(b) of the Bankruptcy Code. Any failure to specifically describe, include, or refer herein to any particular article, section, or provision of the Plan (or any Plan Document) in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan (including all Plan Documents) be approved and confirmed in its entirety. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. **Implementation of the Plan.** Pursuant to sections 364 and 1123(a)(5)(D) of the Bankruptcy Code, on or prior to the Effective Date, or as soon as thereafter as is reasonably practicable, the Debtor, or SBA Plan Trust Administrator, as applicable, and any applicable non-Debtor parties, may take all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan. All Persons are prohibited from taking any action to adversely affect or interfere with the Debtor, SBA Plan Trust Administrator, and any applicable non-Debtor parties to any transaction described in, approved by, contemplated by, or necessary to implement the provisions of the Plan.

4. **Professional Fee Claims.** As set forth in Article IV §4.2.1 of the Plan, all Professionals or other Persons requesting the final Allowance and payment of compensation and/or reimbursement of expenses pursuant to sections 328, 330, 331 and/or 503(b) for services rendered during the period from the Petition Date to and including the Effective Date shall file and serve final applications for Allowance and payment of Professional Fee Claims on counsel to the Debtor and the Committee no later than the first Business Day that is thirty (30) days after the Effective Date. Objections to any Professional Fee Claim must be filed and served on counsel for the Debtor, Committee and the applicable Professional within fourteen (14) calendar days after

the filing of the final fee application that relates to the Professional Fee Claim (unless otherwise agreed by the Debtor or Debtor, as applicable, and the Professional requesting Allowance and payment of a Professional Fee Claim).

5. **Administrative Expense Claims.**  Any holder of an Administrative Expense Claim for the period from the Petition Date to and including the Effective Date other than (i) a Professional Fee Claim, or (ii) an Administrative Claim already subject to an existing Order of the Court establishing a bar date or claim filing deadline, shall file with the Court and serve on counsel for the Debtor and the Committee, a motion or request for the payment of such Administrative Expense Claim within thirty (30) days after the Effective Date.  Failure to timely file and serve such motion shall result in the Administrative Expense Claim being forever barred.

6. **Effectuating Documents and Further Transactions.** The officers of the Debtor and the SBA Plan Trust Administrator are authorized to execute, deliver, file or record such contracts, instruments, releases, indentures, and other agreements or documents and take or direct such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan in the name of and on behalf of Debtor or SBA Plan Trust, as applicable, without the need for any approvals, authorizations, actions, or consents except for those expressly required pursuant to the Plan.

7. **Executory Contracts and Unexpired Leases.**  Except as otherwise set forth in the Plan, entry of this Confirmation Order shall constitute approval of the rejection of all Executory Contracts or Unexpired Leases pursuant to sections 365 and 1123 of the Bankruptcy Code and as set forth in the Plan.

8. **Rejection Damages Claims.**  Pursuant to Article VII §7.2 of the Plan, except as otherwise ordered by the Court, all Proofs of Claim for Rejection Damages Claims, if any, shall

9

be filed within thirty (30) days after the service of the earlier of: (1) notice of the date of entry of an order of the Court (including this Confirmation Order) approving such rejection; (2) notice of the effective date of the rejection of such Executory Contract or Unexpired Lease; or (3) notice of the Effective Date (as applicable, the "Rejection Damages Bar Date").

9. **Establishment of the SBA Plan Trust.** This Order authorizes the SBA Plan Trust to be established in accordance with the SBA Plan Trust Agreement (as supplemented by any other applicable Plan Documents). The SBA Plan Trust may be established prior to the Effective Date to the extent necessary, desirable, or appropriate to effectuate the Plan. The SBA Plan Trust shall be established as a "qualified settlement fund" within the meaning of the Treasury Regulations issued under Section 468B of the Internal Revenue Code. Subject to the occurrence of the Effective Date, the SBA Plan Trust shall be vested with all of the Debtor's respective Assets, Causes of Action and Avoidance Actions (other than the Professional Fee Reserve) comprising the Debtor's Estate free and clear of all Claims, Liens, charges, encumbrances, rights and Interests of Creditors and equity security holders.

10. **Appointment of SBA Plan Trust Administrator.** Stephen J. Scherf is hereby appointed as the SBA Plan Trust Administrator effective simultaneously with the establishment of the SBA Plan Trust as set forth in the Plan.

11. **U.S. Federal Income Tax Treatment of the SBA Plan Trust.** Pursuant to Article V §5.2.1 of the Plan, the SBA Plan Trust shall be a "qualified settlement fund" within the meaning of the Treasury Regulations issued under Section 468B of the Internal Revenue Code. Upon establishment of the SBA Plan Trust, the SBA Plan Trust Administrator shall apply for an employer identification number for the SBA Plan Trust in accordance with Treasury Regulation Section 1.468B-2(k)(4). The SBA Plan Trust shall file (or cause to be filed) statements, returns,

10

or disclosures relating to the SBA Plan Trust that are required by any Governmental Unit. The SBA Plan Trust Administrator shall be responsible for the payment of any taxes imposed on the SBA Plan Trust or the SBA Plan Trust Assets, including estimated and annual U.S. federal income taxes in accordance with the terms of the SBA Plan Trust Agreement. The SBA Plan Trust Administrator may request an expedited determination of taxes on the SBA Plan Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the SBA Plan Trust for all taxable periods through the dissolution of the SBA Plan Trust.

12. **Corporate Action.** As of the Effective Date, all actions contemplated by the Plan that require corporate action of the Debtor, and execution of all documentation incident to the Plan, shall be deemed to have been authorized, approved, and, to the extent taken prior to the Effective Date, ratified in all respects without any requirement of further action by the Court, members, officers, or directors of the Debtor, or any other Person.

13. **Cancellation of Liens.** Except as otherwise provided in the Plan, on the Effective Date, any Lien securing any Allowed Secured Claim shall be deemed released and the holder of such Allowed Secured Claim shall be authorized and directed to release any collateral or other property of the Debtor held by such holder and to take such actions as may be requested by the Debtor to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases as may be requested by the Debtor. A copy of this Confirmation Order may be filed with the appropriate clerk and/or recorded in order to cancel any Liens, although such recordation shall not be required in order to effectuate the provisions of the Plan.

14. **Approval of Exculpations.** The exculpations set forth in the Plan, including those set forth in Article XI §11.13 thereof, (i) are appropriate and consistent with the Bankruptcy Code and applicable law, (ii) are hereby approved and authorized in all respects, and (iii) shall be

immediately effective and binding on all Persons and Entities on and after the Effective Date, to the extent provided in the Plan, without further order or action of this Court or any other party.

16. **Effective Date.**  The definition of "Effective Date" in Article I.B §1.44 is amended and restated to read as follows:

> 1.44 **"Effective Date"** means the later of: (1) first Business Day after the date the Confirmation Order becomes a Final Order, or (2) the first Business Day after the Debtor-KPG-MCG-DAS Settlement Agreement has been approved by this Court.  However, at the option of the Plan Proponents, a Confirmation Order subject to a pending appeal or certiorari proceeding may be considered a Final Order, provided no order has been entered by any court of competent jurisdiction staying the effect of the Confirmation Order.  Within two (2) Business Days of the Effective Date, the Debtor shall file a notice of occurrence of the Effective Date, identifying the Effective Date and that it has occurred.

17. **Notice of Confirmation Date and Effective Date.**  The Debtor shall serve notice of the entry of this Confirmation Order on (a) all known creditors and interest holders, and (b) those other parties on whom the Plan, Disclosure Statement, and related documents were served, in the same or similar manner as service of solicitation.  Such service constitutes adequate and sufficient notice pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c). This notice, in the Debtor's discretion, may be combined with the Notice of Effective Date (as defined below).  On the Effective Date, or as soon thereafter as is reasonably practicable, the Debtor shall file with the Court a "Notice of Effective Date" (the "Notice of Effective Date") and shall mail or cause to be mailed by first-class mail to holders of Claims a copy of the Notice of Effective Date.

18. **Headings.** The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

19. **Final Order.** Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order is a final, appealable order and the period in which an appeal must be filed shall commence upon the entry hereof.

20. **Conflicts with this Order; Controlling Document.** In the event of any conflict between the terms and provisions in the Plan, on the one hand, and the terms and provisions in the Disclosure Statement, any other instrument or document created or executed pursuant to the Plan (including the SBA Plan Trust Agreement), or any order (other than this Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), on the other hand, the Plan shall govern and control; *provided, however,* that in the event of a conflict between this Confirmation Order, on the one hand, and the Plan or any of the other Plan Documents, on the other hand, this Confirmation Order shall govern and control in all respects.

21. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

22. The Debtor shall file all of its required post-petition Pennsylvania tax returns and pay all taxes, if any, on such returns when due.

BY THE COURT:

Dated: January 17, 2024

_____
ASHELY M. CHAN,
UNITED STATES BANKRUPTCY JUDGE