IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| SCUNGIO BORST & ASSOCIATES, LLC, | BANKRUPTCY NO. 22-10609 (AMC) |
| Debtor. | |

**OBJECTION OF SCUNGIO BORST & ASSOCIATES, LLC
TO PROOF OF CLAIM NO. 19
FILED BY ANI & JOE ABATEMENT & DEMOLITION LLC**

Scungio Borst & Associates, LLC (the "Debtor"), by and through its counsel, Karalis PC, hereby objects (the "Objection") to Proof of Claim No. 19 (the "Proof of Claim") filed by Ani & Joe Abatement & Demolition LLC (the "Claimant") and in support thereof, respectfully avers as follows:

## JURISDICTION

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

3. The statutory basis for the relief requested herein is Fed. R. Bankr. P. 3007 and Local Rule of Bankruptcy Procedure 3007-1.

## BACKGROUND

A. **Procedural Background.**

4. On March 11, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

5. A description of the Debtor's business and the facts precipitating the filing of its Chapter 11 proceeding (the "Chapter 11 Case") is set forth in the Declaration of Scott P. Scungio, Sole Managing Member of Scungio & Company LLC, a Member of the Debtor in Support of

Chapter 11 Petition and Motion for Entry of an Order Authorizing the Rejection of Executory Contracts [D.I. 9] (the "Scungio Declaration"). Those facts, to the extent relevant, are incorporated herein by reference.

6.    On April 11, 2022, the Office of the United States Trustee, Region 3 (Philadelphia Office) appointed the Official Committee of Unsecured Creditors comprised of: (a) Portuguese Structural Steel, Inc.; (b) MARX Sheet Metal & Mechanical, Inc.; (c) Philadelphia Carpentry Systems, Inc.; (d) Jersey Construction, Inc.; and (e) 2M Electric (the "Committee").

7.    On April 18, 2022, the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") entered an order [D.I. 69] (the "Bar Date Order") establishing certain deadlines and procedures associated with the filing of Proofs of Claim in the Chapter 11 Case. Pursuant to the Bar Date Order, the Court established May 27, 2022 as the deadline by which General Proofs of Claim must be filed against the Debtor, and established September 8, 2022 as the Governmental Bar Date.

8.    On January 17, 2024, the Court entered an order [D.I. 387] (the "Confirmation Order")[1] confirming the Modified Joint Plan of Liquidation (with technical modifications) proposed by Scungio Borst & Associates, LLC, Debtor-in-Possession, and the Official Committee of Unsecured Creditors of the Estate of Debtor [D.I. 326] (the "Confirmed Plan").

**B.    The Proof of Claim filed by the Claimant.**

9.    On or about April 13, 2022, the Claimant filed the Proof of Claim in the Chapter 11 Case asserting a priority unsecured claim in the amount of $110,000.00 for alleged work completed at 418 Federal Street, Camden, NJ 08103. The Proof of Claim is attached hereto as Exhibit "A" and made a part hereof.

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings ascribed to such terms in the Confirmation Order or Confirmed Plan, as applicable.

2

10. As filed, the Proof of Claim asserts priority under the "Other" designation, but fails to specify or identify the applicable paragraph of 11 U.S.C. §507(a) as was required by Form B10 (Official Form 10) (04/13).[2]

## OBJECTION

11. The Debtor respectfully requests the entry of an Order sustaining the Objection, reclassifying the Proof of Claim from a priority unsecured claim to a general unsecured claim in the amount of $110,000.00, *subject to the reservation of rights set forth below* (the "*Reservation of Rights*").

12. The Debtor's Schedule F and books and records reflect Claimant as holding a general unsecured claim in the amount of only $11,255.00.

13. However, at this juncture, the Debtor objects only to the classification of the Proof of Claim as a priority unsecured claim and seeks to reclassify the Proof of Claim as a general unsecured claim, *subject to the Reservation of Rights.*

I. **Legal Standard on an Objection to a Proof of Claim.**

14. Pursuant to Fed. R. Bankr. P. 3001(f), "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See*, Fed. R. Bankr. P. 3001(f).

15. A proof of claim is deemed "allowed, unless a party in interest... objects." *See*, 11 U.S.C. § 502(a).

16. If a creditor's proof of claim "alleges facts sufficient to support a legal liability to the claimant then the proof of claim is *prima facie* valid." *See*, *In re Bennett*, 528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (*quoting In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992)).

---

[2] Claimant improperly utilized outdated and superseded Form Number B10; effective on December 1, 2015, Form B410 superseded and replaced Form B10 for use in all bankruptcy cases.

3

17. If a claim is *prima facie* valid, then the "objecting party has the burden of producing evidence to refute the claim . . . That evidence, if believed, must refute at least one of the allegations that is essential to the claim's legal sufficiency. . . If the objector meets that burden of production, the claimant must produce evidence to prove the validity of the claim. . . Because the ultimate burden of persuasion is always on the claimant." *See, In re Umstead*, 490 B.R. 186, 192 (Bankr. E.D. Pa. 2013) (internal citations and quotations omitted).

18. With regard to an objection, "an objector should be able to meet its burden of production and overcome the claimant's Rule 3001(f) *prima facie* case by either generating its own evidence directly rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue..." *See, In re Smith*, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original).

19. The Court of Appeals for the Third Circuit has summarized the parties' respective evidentiary burden in a contested matter involving an objection to a proof of claim:

> [A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim ... [T]he objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See, In re Allegheny Int'l, Inc.*, 954 F.2d at 173-74 (internal citations omitted). *See also, In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017) (if the objector satisfies the initial burden of production and overcomes the claimant's *prima facie* case, the ultimate burden of proof rests with the claimant); *In re Sacko*, 394 B.R. 90, 97 (Bankr. E.D. Pa. 2008) (quoting *Allegheny* and

collecting caselaw in accord therewith).

## II. The Objection must be Sustained.

20. In the Proof of Claim, the Claimant asserted a priority unsecured claim in the amount of $110,000.00, but failed to assert or identify the applicable paragraph of 11 U.S.C. §507(a) as is required. *See*, Exhibit "A".

21. Moreover, the Proof of Claim fails to attach any supporting document which establishes an entitlement to a priority unsecured claim pursuant to 11 U.S.C. §507(a) or any other section of the Bankruptcy Code. *See*, Exhibit "A".

22. As such, *subject to the Reservation of Rights*, the Proof of Claim should be reclassified from a priority unsecured claim to a general unsecured claim in the amount of $110,000.00.

23. The Declaration of the Debtor's counsel in Support of this Objection is attached hereto as Exhibit "B" and made a part hereof.

## RESERVATION OF RIGHTS

24. The Debtor (for itself, its estate and the SBA Plan Trust to be established pursuant to terms of the Confirmed Plan) expressly and fully reserves all rights to amend, modify or supplement this Objection with respect to the Proof of Claim (or any amended Proof of Claim filed hereinafter), including, but not limited to, the amount asserted in the Proof of Claim. Additionally, the Debtor (for itself, its estate and the SBA Plan Trust) expressly and fully reserves the right to respond to any allegation or defense that may be raised in a response filed by or on behalf of the Claimant and further object to any claim or amended Proof of Claim for which the Claimant provides (or attempts to provide) additional documentation or substitution. Should one or more of the grounds of objection stated in this Objection be overruled, the Debtor (for itself, its estate and the SBA Plan Trust) expressly and fully reserves the right to object to the Proof of Claim or any

amendment thereto on any other grounds that bankruptcy or non-bankruptcy law permit and object to other claims other than the Proof of Claim.

### NOTICE AND HEARING

25. The Objection and Notice of the Objection, Response Deadline and Hearing Date have been served upon (i) the Office of the United States Trustee, (ii) the Claimant, and (iii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Debtor submits that no further or other notice need be provided.

**WHEREFORE,** the Debtor respectfully requests that this Honorable Court (a) sustain the Objection and (b) grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ *Robert M. Greenbaum*
ROBERT M. GREENBAUM
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rgreenbaum@karalislaw.com

*Attorneys for the Debtor*

Dated: February 9, 2024