# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **SCUNGIO BORST & ASSOCIATES, LLC,** | : | Case No. 22-10609 (AMC) |
| | : | |
| Debtor. | : | Hearing Date: November 20, 2024 |
| | : | Hearing Time: 12:30 p.m. |
| | : | Hearing Place: Courtroom #4 |

**FIRST OMNIBUS OBJECTIONS OF THE TRUST ADMINISTRATOR OF THE SBA PLAN TRUST TO PROOFS OF CLAIM, AND REQUESTS FOR: (I) EXPUNGEMENT OF SCHEDULED CLAIMS; (II) EXPUNGEMENT OF UNTIMELY FILED CLAIMS; (III) EXPUNGEMENT OF CLAIMS THAT HAVE BEEN SATISFIED OR RELEASED DURING THE BANKRUPTCY CASE; OR (IV) DISALLOWANCE OF CLAIMS THAT WERE PRESENTED IN A FORM THAT DOES NOT COMPLY WITH THE BANKRUPTCY RULES**

**IMPORTANT NOTICE:**

> CLAIMANTS RECEIVING THESE OBJECTIONS SHOULD LOCATE THEIR NAME AND THEIR CLAIM(S) IN THE OBJECTIONS AND/OR THE ATTACHED EXHIBITS

Stephen J. Scherf, the SBA Plan Trust Administrator ("Trust Administrator") of the SBA Plan Trust (the "Trust"), by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP ("Obermayer"), hereby files these First Omnibus Objections (the "Objections") to the claims scheduled by the Debtor ("Scheduled Claims" [1]) and Proofs of Claim filed by claimants ("Claimants") in the case (the "Proofs of Claim") and Requests for Expungement of Scheduled Claims ("Scheduled Claims", together with the Proofs of Claim, the "Disputed Claims"), seeking the expungement, reduction, or disallowance of the Disputed Claims, all of which Disputed Claims are listed on **Exhibit "A"**, **Exhibit "B"**, **Exhibit "C"**, **Exhibit "D"** and **Exhibit "E"**

---

[1] By these Objections, the Trust also seeks to expunge Claims scheduled by the Debtor at $0, or as contingent and/or unliquidated, and for which a Proof of Claim was not timely filed.

4867-8253-3077 v2

attached hereto and to the proposed Order submitted herewith (the "Proposed Order").[2] In support of the Objections, the Trust Administrator respectfully states as follows:

**I.      JURISDICTION**

1. This Court has jurisdiction over the matters implicated by these Objections pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested by these Objections involves a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), in that the relief requested concerns the allowance, disallowance or modification of claims against the bankruptcy estate of Scungio Borst & Associates, LLC (the "Debtor") and affects the administration of the Debtor's estate.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in these Objections are Sections 502, 503, 506 and 507 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), Rule 3007, 3012 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule ("L.B.R.") 3007-1, as well as applicable state law.

4. Each of the Claimants who have filed a Proof of Claim in the Debtor's bankruptcy have submitted to the jurisdiction of this Court by filing that Proof of Claim.

**II.     BACKGROUND**

5. On March 11, 2022 (the "Petition Date"), the Debtor commenced a case by filing a voluntary petition for relief in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code.

---

[2] A copy of each Proof of Claim to which an objection is made herein is listed alphabetically and attached hereto as Exhibit "E", and in the order referenced in Exhibits "A" through "D".

6. On April 18, 2022, the Bankruptcy Court entered an Order (the "Bar Date Order") [Docket No. 69] fixing May 27, 2022 as the general bar date for filing proofs of claims (the "Bar Date") and September 20, 2023 as the bar date for governmental entities to file proofs of claim (the "Governmental Bar Date").

7. On April 19, 2022, the Debtor served the Bar Date Order on all creditors of the Debtor [Docket No. 70].

8. On April 22, 2022, an Official Committee of Unsecured Creditors (the "Committee") was appointed in this case by the Office of the United States Trustee.

9. On September 20, 2023, the Debtor and the Committee filed a Joint Plan of Reorganization which called for the formation of the Trust, and for the transfer of all rights and claims to the Trust. The Plan was amended on October 20, 2023.

10. On or about January 17, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") [Docket No. 387] confirming the *Modified Joint Plan of Liquidation (With Technical Modifications) Proposed by Scungio Borst & Associates, LLC., Debtor-In-Possession, and the Official Committee of Unsecured Creditors of the Estate of Debtor* (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, and/or supplemented from time to time) (the "Plan") [Docket No. 326]. The Debtor emerged from its Chapter 11 proceeding under and pursuant to the Confirmed Plan (hereinafter the "Reorganized Debtor").

11. On February 20, 2024, the effective date of the plan occurred and, as a result, the Plan was substantially consummated [Docket No. 441].

12. Pursuant to the Confirmation Order, the Plan, and the SBA Plan Trust Agreement, the SBA Plan Trust was created and Stephen J. Scherf was appointed as the SBA Plan Trust Administrator.

13. The Plan Administrator was granted broad authority, including, *inter alia*, the requisite and exclusive standing and authority to investigate, commence, prosecute, compromise, settle, abandon, and/or dismiss any and all causes of action transferred to the SBA Plan Trust. Among the various duties of the Trust Administrator under the Plan and Plan Trust Agreement is the duty to review, file objections to, try, compromise, and settle objections to Claims.

### III. CLAIMS ANALYSIS AND OBJECTIONS

14. Prior to the commencement of and during its Chapter 11 case, the Debtor maintained, in the ordinary course of its business, books and records that reflected, among other things, the Debtor's stated liabilities and the amounts owed to its creditors.

15. After the Confirmation Order was entered, the Reorganized Debtor has continued to maintain the Debtor's books and records. The Plan Administrator and/or his advisors, with the aid of the Reorganized Debtor, have reviewed the Debtor's books and records.

16. The Trust Administrator has met with the reorganized Debtor, and its principal Philip Borst, and with the Debtor's assistance, has reviewed its books and records, and analyzed the Disputed Claims. Based upon such review and analysis, the Trust Administrator has determined that grounds exist to object to the allowance, classification, and/or amount of the Disputed Claims.

17. The Trust Administrator also determined that a number of the Disputed Claims related to the litigation the Debtor was involved in during its bankruptcy case involving the Curtis Center (the "Curtis Center Litigation"). As part of the Curtis Center Litigation, KPG-

MCG Curtis satisfied certain alleged mechanics lien claims, and in so doing took assignments of those claims (the "Subcontractor Assigned Claims"). As part of its ultimate resolution of the Curtis Center Litigation, KPG-MCG Curtis agreed to release the Subcontractor Assigned Claims. Other Claims related to the Curtis Center Litigation were either satisfied or released or require a reconciliation of amounts paid by the KPG-MCG Curtis. Accordingly, by these Objections, the Trust seeks to expunge or reduce these claims. Other claimants have also asserted mechanic's liens on other non-KPG-MCG Curtis projects. The Trust objects to these claims on the same basis, *i.e.*, that the claims were paid, settled, or released.

18. The Plan Administrator hereby objects to other of the Disputed Claims on the grounds that: (i) claims that were not timely filed are therefore barred, and not entitled to recovery from the Trust and/or Debtor's estate; (ii) claims that have been otherwise satisfied, or were waived or released, and/or are not enforceable against the Trust and/or Debtor's estate; (iii) claims were presented in a form that does not comply with the Bankruptcy Rules, are at variance with the Debtor's books and records, and are entitled to recover from the Trust and/or Debtor's estate only to the extent and in the amount scheduled by the Debtor based upon its books and records and not disputed (even if scheduled at $0); and (iv) claims lack supporting Proof of Claim filings or do not contain evidential or other support for the claims.

19. Claim Objections may be based on multiple bases for objection. Accordingly, a Proof of Claim or Claim may be reflected on any of the Exhibits "A", "B", "C", or "D". An alphabetical listing of all Claims objected to herein may be found on Exhibit "E".

A. **Late Filed Claims to be Expunged**

20. The Trust Administrator objects to each of the Disputed Claims identified on the attached **Exhibit "A"** (the "Late Filed Claims") pursuant to § 502(b)(9) of the Bankruptcy Code.

The Trust Administrator, with the assistance of counsel, has reviewed the official register of claims filed in the Debtor's case and each of the Late Filed Claims. The Late Filed Claims are Proofs of Claim filed after the applicable Bar Date.

21. Notwithstanding the fact that the Claimants received notice well in excess of the time required for filing proofs of claim in accordance with the Bar Date Order, the Claimants still failed to timely file these claims and are therefore barred from asserting the Late Filed Claims against the Debtor and/or the Trust.

22. For all of the foregoing reasons, each of the Late Filed Claims identified on **Exhibit "A"** should be disallowed in full and expunged.

   B. **Claims Satisfied, Waived, or Released**

23. As stated above, as part of the ultimate resolution of the Curtis Center Litigation, KPG-MCG Curtis paid vendors on the Curtis Center project and in exchange received the Assigned Subcontractor Claims.

24. At the conclusion of the Curtis Center Litigation, and as part of the global settlement between the Debtor and KPG-MCG Curtis, the Assigned Subcontractor Claims were to be satisfied by KPG-MCG Curtis.

25. The Trust Administrator objects to each of the Disputed Claims identified as Assigned Subcontractor Claims and set forth on the attached **Exhibit "B"** (the "Waived Claims") pursuant to the KPG-MCG Settlement Agreement and § 502(b)(1) of the Bankruptcy Code.

26. The Trust Administrator, with the assistance of counsel and after consultation with the Reorganized Debtor, has reviewed the Disputed Claims and has established that each Waived Claim is unenforceable against the Trust and/or the Debtor's bankruptcy estate in that

each of the Waived Claims have been reduced, paid in full, satisfied, or otherwise waived by the Claimants under the Plan as indicated on **Exhibit "B".**

27. It is fair and appropriate to eliminate, expunge, and/or disallow the Waived Claims as listed on the Debtor's claim register and/or schedules. The Waived Claims were either paid in whole, paid in part, or voluntarily waived in satisfaction of these Disputed Claims.

    C.    **Claims Not in Compliance with the Bankruptcy Rules**

28. The Trust Administrator objects to each of the Disputed Claims identified on the attached **Exhibit "C"** (the "Noncompliant Claims") pursuant to § 502(b)(1) of the Bankruptcy Code.

29. The Trust Administrator, with the assistance of counsel and after consultation with the Reorganized Debtor, has reviewed the Noncompliant Claims asserted against the Debtor's bankruptcy estate and has established that each Noncompliant Claim is unenforceable against the Trust and/or the Debtor's bankruptcy estate.

30. These Noncompliant Claims fail to contain any evidential support, fail to show any liability of the Debtor, relate to contingent unliquidated claims, or are at variance with the Debtor's prepetition books and records.

31. Since the Noncompliant Claims are in a form that does not comply with the Bankruptcy Rules, and because of the lack of evidential support or business records, or because the Noncompliant Claims are at variance with the Debtor's books and records without explanation, the Trust Administrator is unable to determine the validity of the Noncompliant Claims. The noncompliance is further indicated on **Exhibit "C"**.

32. It is fair and appropriate to eliminate, expunge, and/or disallow the Noncompliant Claims because they do not provide supporting documents sufficient to permit the Trust

Administrator to determine if the claims are valid and/or accurate according to the Debtor's books and records.

33. The Trust also objects to certain Claims that were scheduled by the Debtor as disputed, contingent, or unliquidated ("Scheduled Claims") and for which no Proof of Claim was timely filed as indicated in **Exhibit "D"**.

34. The lack of timely filed supporting Proofs of Claim similarly prevents the Trust Administrator from determining if the claims included in Exhibit "D" are valid and/or accurate.

35. Accordingly, the Noncompliant Claims and Scheduled Claims should be expunged.

## IV.  RESERVATION OF RIGHTS

36. The Trust Administrator reserves the right, without any limitation as to the grounds, to file: (i) additional objections to the Disputed Claims; and (ii) objections to any claims or interests filed against or scheduled by the Debtor but not objected to in this Objection. Separate notice and hearing will be provided and scheduled for any such objection.

## V.  CONCLUSION

WHEREFORE, the Trust respectfully requests that this Court enter an order in substantially the form annexed to this Objection: (a) disallowing and expunging in its entirety any Disputed Claims that were not timely filed as reflected in **Exhibit "A"**; (b); disallowing and expunging in their entirety Disputed Claims that have been satisfied, waived, and/or released during the case in accordance with the Bankruptcy Code as indicated on **Exhibit "B"** to this Objection; (c) disallowing and expunging in their entirety any Disputed Claims which were presented in a form that does not comply with the Bankruptcy Rules, or contain no evidential support, thereby rendering the Trust Administrator unable to determine the validity of such

claims as indicated in **Exhibit "C"** to this Objection; (d) disallowing or reducing Disputed Claims that are not entitled to recovery from the Trust and/or Debtor's estate or only entitled to recover from the Trust and/or Debtor's estate in the amount scheduled by the Debtor, and for which no claim was filed as indicated on **Exhibit "D"** to this Objection; and (e) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: October 18, 2024      By: */s/ Michael D. Vagnoni*
                            Michael D. Vagnoni, Esquire
                            Edmond M. George, Esquire
                            OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                            Centre Square West
                            1500 Market Street, Suite 3400
                            Philadelphia, PA 19102
                            Telephone: (215) 665-3066
                            Facsimile: (215) 665-3165
                            *Counsel to Stephen J. Scherf, Plan Administrator for the SBA Plan Trust*