**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Scungio Borst & Associates, LLC, | § § | Case No. 22-10609-AMC |
| Debtor. | § § | |

**SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND SBA PLAN TRUST ADMINISTRATOR**

This stipulation (the "Stipulation") is entered into by and between Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), and Stephen J. Scherf, the SBA Plan Trust Administrator ("Trust Administrator") of the SBA Plan Trust (the "Trust" and together with the U.S. Trustee, the "Parties") and is subject only to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").  The Parties hereby stipulate the following:

**RECITALS**

**WHEREAS**, on March 11, 2022, Scungio Borst & Associates, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"),

**WHEREAS**, on January 17, 2024, the Court entered the *Order Confirming Chapter 11 Plan* (Docket No. 387) (the "Confirmation Order");

**WHEREAS**, pursuant to the Confirmation Order, the Plan, and the SBA Plan Trust Agreement, the Trust was created and Stephen J. Scherf was appointed as the Trust  Administrator;

**WHEREAS**, Local Rule 3021-1(a) requires the Trust Administrator to timely and accurately file Post-Confirmation Distribution Reports ("PCRs");

**WHEREAS**, the Confirmation Order requires that the Trust Administrator file the PCRs;

**WHEREAS**, the Trust Administrator failed to file Post-confirmation Distribution Report for Q1 of 2026 (the "Missing PCR");

**WHEREAS,** the U.S. Trustee filed a *Motion to Dismiss or Convert Case to Chapter 7* (Docket No. 559) (the "Motion") due to the Trust Administrator's failure to file the Missing PCR;

**WHEREAS**, after the filing of the Motion, the Trust Administrator filed the Missing PCR;

**WHEREAS**, in light of the foregoing, the Parties engaged in good-faith, arm's-length discussions, and as a result thereof entered into this Stipulation, which resolves the Motion without need for further motion practice and an evidentiary hearing;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

*[remainder of page left blank intentionally]*

## STIPULATION

1. The Trust Administrator acknowledges the Missing PCR was delinquent.

2. The Trust Administrator shall file ongoing PCRs by the 20th of the month following the end of a calendar quarter (i) using the *Office of the United States Trustee – Region 3 Post-Confirmation Quarterly Summary Report* and (ii) providing the verifications required under Local Rule 3021-1(b) until the case is closed by the Court.

3. The Parties stipulate that the Motion will be deemed withdrawn upon the Court's approval of this Stipulation.

4. This Stipulation is subject to and conditioned upon the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Stipulation (the "Stipulation Order").

5. The Parties acknowledge and agree that the Court shall retain jurisdiction over all disputes concerning or related to the subject matter of this Stipulation.

6. This Stipulation may be executed in multiple counterparts and by facsimile or by PDF attached to an email, with each such facsimile or PDF counterpart being deemed an original and constituting one original document when combined.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused the

Stipulation to be duly executed as set forth below.


Dated: June 16, 2026


| United States Trustee | Trust Administrator |
|---|---|
| By:  /s/ *John Schanne*<br>John Schanne, Trial Attorney<br>United States Department of Justice<br>Office of the United States Trustee<br>Robert NC Nix, Sr. Federal Building<br>900 Market Street, Suite 320<br>Philadelphia, PA 19107<br>Phone: (202) 934-4154<br>Email: john.schanne@usdoj.gov<br><br>Counsel for United States Trustee | By:  /s/ *Michael D. Vagnoni*<br>Michael D. Vagnoni, Esq.<br>Obermayer Rebmann Maxwell & Hippel LLP<br>Centre Square West<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>(215) 665-3066<br>Fax : (215) 665-3165<br>Email: michael.vagnoni@obermayer.com<br><br>Counsel for Trust Administrator |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Scungio Borst & Associates, LLC, | § | Case No. 22-10609-AMC |
|  | § |  |
| Debtor. | § |  |

**ORDER APPROVING SETTLEMENT STIPULATION BY AND BETWEEN
UNITED STATES TRUSTEE AND SBA PLAN TRUST ADMINISTRATOR**

Upon consideration of the *Settlement Stipulation By and Between United States Trustee and SBA Plan Trust Administrator* (the "Stipulation"),[1] and the Court having considered the Stipulation, all related filings, and the record as a whole, and this Court possessing jurisdiction over this matter and venue being proper, and notice of the Stipulation having been sufficient under the circumstances and no further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefore; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1.　　　　The Stipulation is APPROVED in all respects.

2.　　　　The Trust Administrator must comply with the obligations set forth in the Stipulation.

3.　　　　The Court retains jurisdiction over any and all matters arising from or related to the Stipulation and the implementation or interpretation of this Order.

Dated: _____

　　　　　　　　　　　　　　　　　　　The Honorable Ashely M. Chan
　　　　　　　　　　　　　　　　　　　United States Chief Bankruptcy Judge

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.